UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                                Chapter 11 (Subchapter V)

Metered Appliances Inc.,                                             Case No. 25-73481-ast

                                    Debtor.
------------------------------------------------------------x

### SUBCHAPTER V OF CHAPTER 11 AMENDED ORDER SETTING: (A) INITIAL CASE MANAGEMENT CONFERENCE; (B) CLAIMS BAR DATE; (C) 11 U.S.C. § 1188 CONFERENCE; (D) DEADLINE FOR ELECTION UNDER 11 U.S.C. § 1111(b)(2); AND (E) OTHER DEADLINES

Metered Appliances Inc. ("Debtor") having filed a petition for reorganization under subchapter V of chapter 11 of the Bankruptcy Code on September 9, 2025, and the Court having determined that (i) an Initial Case Management Conference will aid in the efficient conduct and proper administration of the case and (i) an Order setting forth the date on which the 11 U.S.C. §1188 Conference shall be held and setting other deadlines required to be met under subchapter V of chapter 11 should be entered, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. §§ 105(d) and 1188, to further the expeditious and economical resolution of this case, an Adjourned Initial Case Management Conference and the § 1188 Status Conference (the "Conference") will be held by the undersigned Bankruptcy Judge at United States Bankruptcy Court via the Court's virtual platform on **January 7, 2026, at 11:30 a.m.** Instructions for participating in virtual hearings is located on the Court's website at www.nyeb.uscourts.gov. All attorneys and unrepresented parties are required to register for hearings at least two (2) business days in advance of scheduled hearings by using the Court's eCourt Appearances platform: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. Debtor, Debtor's counsel and the subchapter V case trustee (the "SubV Trustee") shall appear; and it is further

**ORDERED**, that Debtor shall be prepared to address each of the following matters at the Conference:

1. Debtor's eligibility to be a debtor under subchapter V of Chapter 11;
2. the nature of Debtor's commercial or business activity and the reason for the subchapter V Chapter 11 filing;
3. compliance with 11 U.S.C. §§ 1116(2),(3),(4),(5),(6) and (7);

4. compliance with 11 U.S.C. §308;
5. Debtor's financial condition, including post-petition operations and revenue;
6. debtor-in-possession financing;
7. the use of cash collateral;
8. any significant motions which Debtor anticipates bringing before the Court including, but not limited to, sale motions;
9. matters relating to the retention of professionals (including any brokers or appraisers);
10. the status of any litigation involving Debtor;
11. the status of Debtor's insurance;
12. the status of opening debtor-in-possession bank account(s) and closing pre-petition bank account(s);
13. deadlines for the filing of a plan;
14. the use of alternative dispute resolution, if appropriate;
15. the scheduling of additional Case Management Conferences; and
16. any other case administrative matters, and it is further

**ORDERED**, that the SubV Trustee may attend the Conference and any adjourned Conference by phone; and it is further

**ORDERED**, that Debtor shall file with the Court, and serve upon the Office of the United States Trustee, and the SubV Trustee, monthly operating reports during the pendency of this case; that the operating reports shall be in the form prescribed by the Office of the United States Trustee's Operating Guidelines and Reporting Requirements for Debtors-in-Possession and Trustees for cases pending in this District; and that the operating reports shall be served and filed on or before the twenty-first (21st) day of the month following the reporting period, and in the case of the initial operating report if the order for relief is within the first fifteen (15) days of a calendar month, the report shall be filed for the portion of the month that follows the order for relief, and if the order for relief is after the fifteenth (15th) day of a calendar month, the period for the remainder of the month shall be included in the report for the next calendar month; and it is further

**ORDERED**, that within seven (7) days following entry of the order for relief, Debtor shall serve notice of the commencement of this case to any entity known to be holding money or property subject to withdrawal or order of Debtor, (Fed. R. Bankr. P. 2015(a)(4); and it is further

**ORDERED,** that pursuant to 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B), Debtor shall file and serve the following documents with the petition for relief:

a. Debtor's most recent balance sheet;

      b.      Debtor's most recent statement of operations;
      c.      Debtor's cash-flow statement; and
      d.      Debtor's most recent federal income tax return; and

Debtor shall file and serve any such documents not filed with the petition within seven (7) days following entry of the order for relief; and if Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, Debtor shall within seven (7) days following entry of the order for relief file a declaration attesting to that fact under penalty of perjury; and it is further

      **ORDERED**, that if this case was commenced with the filing of an involuntary petition, then Debtor shall:

      a.      comply with Fed. R. Bankr. P. 1007(d) within two (2) days following entry of the order for relief;

      b.      comply with Fed. R. Bankr. P. 1007(a)(2) within seven (7) days following entry of the order for relief;

      c.      comply with 11 U.S.C. §§ 1187(a), 1116(1)(A), and 1116(1)(B) within seven (7) days following entry of the order for relief by filing the following documents:

          i.      Debtor's most recent balance sheet;
          ii.     Debtor's statement of operations;
          iii.    Debtor's cash-flow statement; and
          iv.    Debtor's most recent federal income tax return, and

if Debtor has not prepared one or more of the foregoing documents or, in the case of a federal income tax return, has not filed such a return, then in lieu of such document(s) and/or return, Debtor shall file and serve within seven (7) days following entry of the order for relief a declaration attesting to that fact under penalty of perjury; and

      d.      comply with Fed. R. Bankr. P. 1020(a) and 1007(c) within fourteen (14) days following entry of the order for relief; and it is further

      **ORDERED**, except as provided in Fed. R. Bankr. P. 3002(c), creditors other than governmental units shall file proof of their claim or interest not later than seventy (70) days following entry of the order for relief, which in this case is **December 31, 2025,** and 11 U.S.C. § 502(b)(9) and Fed. R. Bankr. P. 3002(c)(1) shall govern the timing of the filing of proof of claims by governmental units; and it is further

**ORDERED**, that at least fourteen (14) days prior to the date of the foregoing § 1188 Conference, or on or before **December 24, 2025**, Debtor shall file the report required by 11 U.S.C. § 1188(c) which "details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization," and Debtor shall serve said report on the subchapter V case trustee, the United States Trustee, and all parties in interest; and it is further

**ORDERED**, that not later than ninety (90) days following entry of the order for relief, or on or before **December 8, 2025**, Debtor shall file and serve a plan, (11 U.S.C. § 1189(b)) and such plan shall conform to the requirements of 11 U.S.C. §§ 1190 and 1191, along with the applicable provisions of 11 U.S.C. §§ 1123 and 1129 and, unless otherwise ordered, Debtor shall use Official Form 425; and it is further

**ORDERED**, that any secured creditor that wishes to make an election under 11 U.S.C. § 1111(b)(2), shall do so no later than ten (10) days following the filing of the plan; and it is further

**ORDERED,** that failure to comply with this Order may result in the imposition of sanctions against Debtor or Debtor's counsel, and in the Court's discretion, these sanctions might include, but are not limited to, conversion or dismissal of this case, and/or monetary sanctions and, in addition, any unexcused failure to attend any Conferences or to otherwise comply with this Order may constitute cause for conversion of this case to Chapter 7 or dismissal of this case pursuant to 11 U.S.C. § 1112; and it is further

**ORDERED**, that the Clerk of Court give notice of this Order to Debtor, its counsel, the United States Trustee, the SubV Trustee and all creditors and parties in interest.



Dated: November 17, 2025
Central Islip, New York

_____
Alan S. Trust
Chief United States Bankruptcy Judge