UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                             Chapter 11

      Metered Appliances Inc.                     Case No.25-73481 (ast)

                             Debtor.
-----------------------------------------------------------x

## APPLICATION TO EMPLOY LAW OFFICES OF CHARLES WERTMAN P.C. AS COUNSEL FOR THE DEBTOR

Norman Orner, an officer of Metered Appliances Inc., the above-captioned Chapter 11 Debtor and Debtor-in-Possession ("Debtor"), hereby submits this application for entry of an order, pursuant to section 327(a) of Title 11 of the United States Code ("Bankruptcy Code") and Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), authorizing the employment of Law Offices of Charles Wertman ("LOCW") as general counsel to the Debtor and respectfully shows and alleges:

### BACKGROUND

1. On September 9, 2025 ("Filing Date"), the Debtor filed a voluntary petition ("Petition") for relief pursuant to Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the Eastern District of New York.

2. The Debtor remains in possession of its property and continues to operate and manage its properties and affairs as Chapter 11 Debtor pursuant to Bankruptcy Code sections 1107 and 1108.

3. No trustee or examiner has been appointed and, upon information and belief, no official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the Eastern District of New York.

4. The Debtor leases designated spaces within residential buildings for use as laundry facilities, installs washers and dryers that it owns and derives its revenue from the payments generated by their operation.

## RELIEF REQUESTED AND BASIS FOR RELIEF

5. By this Application, pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rules 2014 and 2016, the Debtor requests entry of the proposed Order, substantially in the form annexed, authorizing the employment of LOCW as counsel for the Debtor in connection with this Chapter 11 case, effective September 9, 2025.

6. The Debtor respectfully requests that the Court approve such retention nunc pro tunc to September 9, 2025, because LOCW began providing necessary legal services to the Debtor immediately upon the filing of the petition.

7. The Debtor selected LOCW because it has considerable experience in matters of this nature. The Debtor believes that LOCW is well qualified to act as its attorney and to represent it as Chapter 11 Debtor and Debtor-in-Possession in this case. The Debtor was informed that I am duly admitted to practice in this Court, as well as the Courts of the State of New York.

8. Prior to the Filing Date, and on behalf of the Debtor, LOCW was paid a total sum of $22,000.00, of which the sum of $1,738.00 is the filing fee required by the Court. These sums were paid to LOCW, as a retainer to act as counsel to the Debtor and to represent it as a Chapter 11 Debtor and Debtor-in-Possession in this Chapter 11 case.

9. The retainer was paid by me, in my capacity as an officer of the Debtor. The payment was made voluntarily to fund the Debtor's Chapter 11 representation. No agreement exists giving me any control over LOCW's representation or the Debtor's decisions in this case, and LOCW

represents only the Debtor and not me personally or anyone else in this Chapter 11 proceeding.

10. The professional services that LOCW is to render to the Debtor may be summarized as follows:

> (i) providing legal advice with respect to the Debtor's powers and duties as debtor-in-possession in accordance with the provisions of the Bankruptcy Code;
>
> (ii) preparing, on behalf of the Debtor, all necessary schedules, applications, motions, answers, orders, reports, adversary proceedings and other legal documents required by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure;
>
> (iii) assisting the Debtor in the development and implementation of a plan of reorganization; and
>
> (iv) performing all other legal services for the Debtor that may be necessary in connection with this Chapter 11 case and the Debtor's attempts to reorganize its affairs under the Bankruptcy Code.

(11) To the best of the Debtor's knowledge, LOCW represents no interest adverse to the Debtor, the estates, or any other interested person in the matter in which LOCW is being retained by the Debtor. Annexed hereto is a declaration ("Declaration") of Charles Wertman, Esq.

12. The Debtor submits that the retention of LOCW is necessary and is in the best interests of the estate.

13. LOCW is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14) in that LOCW:

> (i) is not a creditor, an equity security holder, or an insider of the Debtor;
>
> (ii) is not and was not, within 2 years before the date of the filing of the petition, a

director, officer, or employee of the Debtor; and

(iii)    does not have an interest materially adverse to the interest of the Debtor's estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

14. As a result of the foregoing, the Debtor respectfully requests that the retention and employment of LOCW as counsel to the Debtor is approved.

15. No prior request for the relief sought herein has previously been made.

WHEREFORE, the Debtor respectfully requests the entry of an Order authorizing the employment of LOCW, substantially in the form annexed, and for such other and further relief as is just and proper.

Dated:    November 17, 2025
Rockville Centre, New York

Metered Appliances, Inc.

By: _____
Norman Orner