| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | Hearing date: February 25, 2026 at 10:30am |
| EASTERN DISTRICT OF NEW YORK | Objections by: February 18, 2026 |

---------------------------------------------------------X

In re:                                                                   Chapter 11

      METERED APPLIANCES INC.,                  Case No. 25-73481-ast

      Debtor.
--------------------------------------------------------x        **NOTICE**

To the Debtor and Other Parties In Interest:

**PLEASE TAKE NOTICE THAT:**

      1.  Upon the application of the United States Trustee for the Eastern District of New York, a hearing will be held before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, of the United States Bankruptcy Court, Alfonse M. D'Amato United States Courthouse, Courtroom 960, 290 Federal Plaza, Central Islip, New York, on**, February 25, 2026 at 10:30 am,** or as soon thereafter as counsel may be heard, seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case, and such other and further relief as may be deemed just and proper.

      2.  The original application is on file with the Clerk of the Bankruptcy Court and with the United States Trustee and may be reviewed at either office during regular business hours.

      3.  Responsive papers, if any, shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, PO Box 9013, Central Islip, New York 11722, shall be in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and filed in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts. the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (with a hard-copy delivered directly to Chambers) and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than five (5) days prior to the hearing date set forth above.   The hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated:  Central Islip, New York
       January 2, 2026                          WILLIAM K. HARRINGTON
                                                UNITED STATES TRUSTEE
                                                FOR REGION 2
                                                560 Federal Plaza
                                                Central Islip, New York 11722
                                                (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing date: February 25, 2026 at 10:30am<br>Objections by: February 18, 2026 |

------------------------------------------------------X

In re:                                                                                    Chapter 11

       METERED APPLIANCES INC.,                          Case No. 25-73481-ast

                     Debtor.

-----------------------------------------------------x

### NOTICE OF MOTION SEEKING ENTRY OF AN ORDER UNDER 11 USC 1112(b) DISMISSING THE WITHIN CHAPTER 11 CASE OR CONVERTING THE CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE

**PLEASE TAKE NOTICE** that, upon the annexed application, the United States Trustee- Region 2 will move this Court before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, Central Islip, New York, on **February 25, 2026 at 10:30 a.m**. (the "Hearing"), or as soon thereafter as counsel may be heard, seeking entry an order under 11 U.S.C. §1112(b) converting the above-referenced Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code or, in the alternative, dismissing this Chapter 11 case and such other and further relief as may seem just and proper.

        **PLEASE TAKE FURTHER NOTICE**, that the Hearing will be conducted live, in person, unless otherwise ordered, before the Honorable Alan S. Trust, Chief United States Bankruptcy Judge of the United States Bankruptcy Court at the Alfonse D'Amato United States Courthouse, 290 Federal Plaza, Central Islip, New York, Room 960, Central Islip, New York. Those who intend to appear should register their appearance using the instructions on the Bankruptcy Court's website, which can be found at: https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. appearances. If for some reason you are not able to use the eCourt

Appearances platform you must email the Courtroom Deputy at: ast_hearings@nyeb.uscourts.gov at least two (2) business days prior to the Hearing and state that a reasonable effort to use the platform has been made. You must include your name, the case number(s), who you represent if you are an attorney, and the date of the hearing. **Your email must include in the Re: line "I am not able to register using eCourt Appearances."** You will then be provided with the dial in/log in information. If you do not have internet access you may call the courtroom deputy with this information. For more information on eCourt Appearances, please refer to Chief Judge Trust's Home Page for additional instructions.

**PLEASE TAKE FURTHER NOTICE**, that responsive papers shall be filed with the Clerk of the Bankruptcy Court, 290 Federal Plaza, Central Islip, New York 11722 in conformity with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court in accordance with General Order No. 559 (which can be found at www.nyeb.uscourts.gov, the official website for the Bankruptcy Court) by registered users of the Bankruptcy Court's electronic case filing system and, by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format, and personally served upon the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722-4456, Attn: William J. Birmingham, Esq., no later than seven (7) days prior to the hearing date set forth above.  Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and indicate the entity submitting the response, the nature of the response and the basis of the response.

**PLEASE TAKE FURTHER NOTICE**, that the Hearing scheduled herein may be adjourned from time to time by announcement made in open court without further written notice.

Dated: Central Islip, New York
      January 2, 2026    WILLIAM K. HARRINGTON
              UNITED STATES TRUSTEE-REGION 2

            By: */s/ William J. Birmingham*
              William J. Birmingham, Esq
              Trial Attorney
              Office of the United States Trustee
              560 Federal Plaza
              Central Islip, New York 11722-4456
              Tel. No. (631) 715-7800

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | Hearing date: February 25, 2026 at 10:30am<br>Objections by: February 18, 2026 |

-------------------------------------------------------X
In re:                                                                                    Chapter 11

        METERED APPLIANCES INC.,                      Case No. 25-73481-ast

                    Debtor.
-------------------------------------------------------x

**APPLICATION IN SUPPORT OF A MOTION SEEKING ENTRY OF AN ORDER DISMISSING THIS CASE, OR IN THE ALTERNATIVE, CONVERTING THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**TO:    THE HONORABLE ALAN S. TRUST:**
          **CHIEF UNITED STATES BANKRUPTCY JUDGE:**

        William K. Harrington, the United States Trustee for Region 2 ("United States Trustee") in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and (5) in support of his application seeking entry of an order under 11 U.S.C. §1112(b) dismissing this case, or in the alternative, converting this chapter 11 case to one under chapter 7 of the Bankruptcy Code, represents and alleges as follows:

**PRELIMINARY STATEMENT**

        On September 9, 2025, (the "Filing Date") Metered Appliances Inc. (the "Debtor") elected to proceed under Sub-Chapter V of Chapter 11. While the Debtor filed a timely plan within the 90-day deadline set by §1189(b) of the Bankruptcy Code, it is materially incomplete and insufficient as it fails to conform to the requirements of §1190(1). Consequently, the Plan fails to satisfy §1189(b)'s requirement to file a plan within 90 days of the Filing Date and establishes cause to dismiss or convert this case. Additionally, the Debtor has failed to file all appropriate monthly operating reports that have come due in this case. Without the monthly operating reports, it is impossible for the Office of the United States Trustee, or the Debtor's

1

creditors, to evaluate if the Debtor is meeting its current monthly expenses or even operating as an on-going concern. Consequently, there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Lastly, despite numerous requests, the Debtor has failed to timely provide information reasonably requested by the United States Trustee. Accordingly, cause has been established to dismiss this case, or, alternatively, convert this case to one under chapter 7.

## RELEVANT FACTUAL BACKGROUND

1. On September 9, 2025, (the "Filing Date") the Debtor commenced this proceeding by filing a voluntary Subchapter V petition under Chapter 11 of the Bankruptcy Code (the "Petition"). (ECF Docket No. 1). While Schedules A/B, D, E/F, G and H ("Schedules") and the statement of financial affairs ("SoFA") were filed in conjunction with the Petition, they were largely blank and conveyed very little information about the Debtor's assets and liabilities.

2. The Debtor remains in possession of its assets as a debtor in possession.

3. On September 11, 2025, Salvatore LaMonica Esq. was appointed Sub-chapter V Trustee. (ECF Docket No. 5).

4. The initial 341-meeting was scheduled for October 9, 2025.

5. On September 11, 2025, the Law Office of Charles Wertman P.C. by Charles Werman, Esq. ("Debtor's Counsel") indicated that the initial 341-meeting was scheduled during a religious holiday and requested an adjournment. The Office of the United States Trustee (the "UST") accommodated the request and indicated that the Schedules needed to be amended as they were nearly blank. The initial 341-meeting was adjourned to October 21, 2025.

6. On October 21, 2025, the Debtor appeared at the first adjourned 341-meeting via its principals Lenny Orner and Norman Orner (the "Principals") along with Debtor's

Counsel. The meeting could not proceed as the Schedules and SoFA remained unamended and did not contain any information about the Debtor's income, assets or liabilities. The matter was adjourned to November 6, 2025.

7. On November 5, 2026, this Court held the initial case management conference ("ICMC"). This Court directed Debtor's Counsel to amend the Schedules and the SoFA and have them filed by November 12, 2025. The ICMC was adjourned to January 7, 2026.

8. On November 6, 2025, the Debtor appeared at the second adjourned 341-meeting via the Principals along with Debtor's Counsel. Again, the meeting could not proceed as the Schedules and SoFA remained mostly blank and did not contain any information about the Debtor income, assets or liabilities. The matter was adjourned to November 20, 2025.

9. On November 14, 2025, past this Court's deadline issued at the ICMC, the Debtor filed the amended schedules A/B, D, E/F, G and H ("Amended Schedules") and amended statement of financial affairs ("Amended SoFA"). (ECF Docket No. 14).

10. On November 20, 2025, the Debtor appeared at the third adjourned 341-meeting via the Principals along with Debtor's Counsel. The Principals testified that the Debtor's business was to operate washer and dyer machines in leased spaces within apartment buildings throughout New York City and Long Island. They indicated that the impetus to filing bankruptcy was that the Debtor fell behind on multiple leases and was facing numerous eviction lawsuits. The UST requested the Debtor provide federal and state income tax returns for 2024, proof of the DIP account's opening and file the appropriate monthly operating reports. The matter was adjourned to December 8, 2025.

11. On December 8, 2025, Debtor's Counsel appeared at the fourth adjourned

341-meeting. Neither the Principals nor a representative of the Debtor appeared. Additionally, the Debtor failed to provide its federal and state income tax returns for 2024 and failed to file any of the appropriate monthly operating reports. The matter was adjourned to January 23, 2026.

12. On December 8, 2025, the Debtor filed a Subchapter V Chapter 11 Plan (the "Plan").[1] Notably absent from the Plan is a liquidation analysis required by §1190(1)(B) and projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization required under §1190(1)(C).

13. The 90-day deadline imposed on the Debtor by §1189(b) of the Bankruptcy Code to file a plan that complies with §1190(1) expired on December 8, 2025. The Docket does not reflect that a motion seeking an order extending the Debtor's time to file a plan has been filed.

14. Monthly operating reports for the time periods of September 2025, October 2025 and November 2025 have come due. These reports have yet to be filed

## APPLICABLE LEGAL AUTHORITY TO CONVERT OR DISMISS

15. 28 U.S.C. §586(a)(8) states that "in any case in which the United States Trustee finds material grounds for relief under §1112 of Title 11, the United States Trustee shall apply promptly after making that finding to the court for relief." Under 11 U.S.C. §307, the United States Trustee has standing to be heard on any issue, in any bankruptcy case or proceeding. Pursuant to 28 U.S.C. §586(a)(3), the United States Trustee is charged with the duty of supervising the administration of cases in chapter 11. This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §157.

---

[1] It should be noted that on December 9, 2025, the Debtor refiled the Plan with the only change appearing to be the signatures of the Principals. (ECF Docket No. 20).

16. Conversion of chapter 11 cases is governed by 11 U.S.C. §1112(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), which states in relevant part as follows:

> (1) Except as provided in paragraph (2) of this subsection . . . on request of a party in interest . . . absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.
>
> (2) the relief provided in paragraph (1) shall not be granted absent unusual circumstances specifically identified by the court that establish that such relief is not in the best interests of creditors and the estate, if the debtor or another party in interest objects and establishes that –
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in §§ 1121(e) and 1129(e) of this title . . . .; and
> >
> > (B) the grounds for granting such relief include an act or omission of the debtor other than under paragraph (4)(A) --
> >
> > > (i) for which there exists a reasonable justification for the act or omission; and
> > > (ii) that will be cured within a reasonable period of time fixed by the court . . .
>
> (4) for purposes of this subsection, the terms 'cause' includes –
>
> > (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and
> > (F) unexcused failure to satisfy timely any filing reporting requirement established by this title or by any rule applicable to a case under this chapter; and
> > (J) failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by other of the court; and
> > (H) failure timely to provide information or attend meetings reasonably requested by the United States Trustee.

17. Stated differently, with limited exceptions, §1112(b) mandates that the court dismiss or convert a chapter 11 case where any of the acts or omissions identified in

5

§1112(b)(4) exist. The mandatory language of §1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the court's discretion. "Congress has purposefully limited the role of this Court in deciding issues of conversion or dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown under 11 U.S.C. §1112(b)(4)." *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). There are only two exceptions to mandatory conversion or dismissal. The first is found in §1112(b)(1), and it restores the court's discretion over dismissal or conversion in cases involving "unusual circumstances specifically identified by the court." The second exception is found in §1112(b)(2), and it operates to enable a debtor to avoid dismissal or conversion where "reasonable justification" exists for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. However, this second exception is inapplicable if cause exists under §1112(b)(4)(a) (substantial or continuing loss to the estate).

18.     Whether cause exists to convert or dismiss a case is a determination that rests within the sound discretion of the court. *In re Levinsky*, 23 B.R. 210, 217 (E.D.N.Y. 1982). In fact, the Bankruptcy Court has broad discretion to determine whether conversion or dismissal of a chapter 11 case, so long as its decision is made based upon the best interest of creditors. *See In re Gonic Realty Trust,* 909 F. 2d 624, 626-27 (1st Cir 1990). While the burden of showing cause rests with the moving party, *In re Pensignorkay, Inc.*, 204 B.R. 676, 680 (Bankr. E.D. Pa. 1997); *In re Earth Services, Inc.*, 27 B.R. 698, 700 (D. Vt. 1983), that burden can be met either by demonstrating the existence of one or more of the statutory grounds enumerated in section 1112(b) or by showing other cause. *Levinsky*, 23 B.R. at 217; *see also In re Santiago Vel*a, 87

B.R. 229, 231 (D. P.R. 1988); *In re 3868-70 White Plains Road, Inc.*, 28 B.R. 515, 519 (S.D.N.Y. 1983).

19. Nevertheless, the list set forth at 11 U.S.C. §1112(b)(4) is illustrative and not exhaustive; a court may find that "cause" for conversion exists based on circumstances which are not among those enumerated in 11 U.S.C. §1112(b)(4). *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2nd Cir. 1997). Although BAPCPA significantly altered 11 U.S.C. §1112(b), the revised statute did not impact the nonexclusive nature of 11 U.S.C. §1112(b)(4). *See In re Springs Hospitality, Inc.,* 2006 WL 2458679, *3 n.6 (Bankr. D. Idaho 2006) (concluding that the list set forth at 11 U.S.C. §1112(b)(4) is non-exhaustive, like its pre-BAPCPA corollary at 11 U.S.C. §1112(B)(1*)); In re 3 RAM, Inc.*, 343 B.R. 113, 117 (Bankr. E.D. Pa. 2006) ("[w]hile the enumerated examples of 'cause' to convert or dismiss a chapter 11 case now listed in §1112(b)(4) have changed under BAPCPA, the fact that they are illustrative, not exhaustive has not").

20. The time restriction of §1189(b) mandates that the "debtor shall file a plan not later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable."

21. Section 1190 of the Bankruptcy Code, entitled "Contents of plan," requires that a "plan filed under this subchapter (1) shall include (A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan or reorganization."

# ARGUMENT

## CAUSE EXISTS TO CONVERT THIS CHAPTER 11 TO ONE UNDER CHAPTER 7 OR DISMISS THIS CASE

22. Under Bankruptcy Code section 1112(b)(4)(A), cause to dismiss or convert a chapter 11 is established when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." The Debtor has failed to provide any proof that it is meeting its monthly expenses or even operating. The Principals indicated, and the Amended SoFA confirms, that the Debtor is facing multiple eviction actions for failure to pay rent. The prepetition eviction lawsuits and the lack of proof of financial health represents a substantial or continuing loss to or diminution of the estate, as the Debtor has not proven an ability to generate income. Furthermore, due to the Debtor's failure to propose a plan that conforms to §1190(1) or move for an extension of time within the timeframe required by §1189(b), the Debtor is prohibited from proposing a plan. As such, cause has been established under §1112(b)(4)(A).

23. The Debtor's failure to file a plan that comports to the requirements of §1190(1) within the statutorily proscribed time period constitutes cause to convert the case to one under chapter 7 or dismiss this case under §1112(b)(4)(J).

24. The Debtor's failure to file the required monthly operating reports constitutes cause under §1112(b)(4)(F).

25. The Debtor's failure to timely comply with multiple reasonable requests for documents from the UST constitutes cause under §1112(b)(4)(H).

**A.    The Debtor's lack of proof that it has sufficient income to cover its monthly obligations constitutes cause to dismiss this case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(A)**

26. Under section 1112(b)(4)(A), cause for conversion or dismissal is

established if there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). It is not enough just to show continuing loss to the estate; the moving party must also show the absence of a reasonable likelihood of rehabilitation. *In re 1031 Tax Group, LLC.,* 374 B.R. 78, 93 (Bankr.S.D.N.Y.2007) (citing *In re Photo Promotion Assocs. Inc.,* 47 B.R. 454, 458 (S.D.N.Y.1985) (stating that a party moving under section 1112(b)(1) must establish both the "continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation")).

27.	The Debtor has not put forth any evidence that it is earning enough income to cover its monthly expenses. This lack of evidence, combined with the multiple prepetition eviction lawsuits indicates that the Debtor is suffering from a continuing loss or diminution in the value of the estate.

28.	Moreover, the Debtor's failure to propose a plan that conforms to §1190(1) or move for an extension of time within the timeframe required by §1189(b) statutorily prevents the Debtor from proposing a plan. As such, the Debtor has no reasonable likelihood of reorganization. Accordingly, cause is established under Bankruptcy Code section 1112(b)(4)(A) warranting the conversion or the dismissal of the Debtor's chapter 11 case with prejudice.

B.	**The Debtor's failure to timely file a plan constitutes cause to convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(J)**

29.	When a debtor elects to proceed under Subchapter V of chapter 11, the debtor "shall file a plan no later than 90 days after the order for relief under this chapter, except that the court may extend the period if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b).

30.	"A plan that fails to include a liquidation analysis and projections fails to

satisfy section 1189(b)'s requirement to file a plan within 90 days of the petition date." *In re Lashley*, 664 B.R. 408, 416 (Bankr. W.D. KY 2024) (citing *In re United Safety & Alarms, Inc.*, 2024 Bankr. LEXIS 540, *3, 2024 WL 973674, *1 (Bankr. S.D. Fla. 2024)). "Furthermore, Courts have explained that causes exists under § 1112(b)(4)(J) where the debtor's plan is materially incomplete or otherwise insufficient." *Id. See, e.g., See In re Babayoff*, 445 B.R. 64, 78 (Bankr. E.D.N.Y. 2011).

31. The Debtor filed this case on September 9, 2025. Under Bankruptcy Code §1189(b), unless extended by the Court, the Debtor was required to file that complied with the requirements of §1190(1) its plan no later than December 8, 2025. The Plan that the Debtor has proposed fails to conform to § 1190(1) as it does not contain both a liquidation analysis required by §1190(1)(B) and projections with respect to the ability of the Debtor to make payments under the proposed plan of reorganization required under §1190(1)(C). Consequently, the Plan is materially incomplete and insufficient. Accordingly, the Debtor's failure to file a plan that complied with the requirements of § 1190(1) within the statutorily set time frame of §1189(b) is cause under 11 U.S.C. § 1112(b)(4)(J) to convert this case to one under chapter 7 or dismiss this case.

C. **The Debtor's failure to prepare and file the required monthly operating reports and the statement of financial affairs constitutes cause to dismiss this case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(F)**

32. The Bankruptcy Code at §1106(a)(1) requires a debtor in possession to comply with the filing requirements of §521(a)(1). Local Bankruptcy Rule 1007(b)(1) states, *inter alia*, that a chapter 11 Debtor in possession "must file … (A) schedules of assets and liabilities, (B) a schedule of current income and expenditures, (C) a schedule of executory contracts and unexpired leases, (D) a statement of financial affairs."

33. Cause to dismiss exists, as defined under §1112(b)(4)(F), for the "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." The Bankruptcy Code at §1106(a)(1) requires a debtor in possession to file operating reports. Local Bankruptcy Rule 2015-1 states that a chapter 11 Debtor in possession "shall file and serve upon the United States trustee … a verified monthly operating report no later than the 20th day of each month, which shall be completed in the manner prescribed by the Operating Guidelines and Reporting Requirements of the United States Trustee … [f]ailure to file required reports may constitute cause for dismissal or conversion of the case." The Operating Guidelines and Reporting Requirements of the United States Trustee states that "Subchapter V debtors must use … Form 425C (Small Business Monthly Operating Report) for the periodic financial report[s]."

34. The Debtor owes a fiduciary duty to his creditors. *In re Halal 4 U LLC, 2010 WL 3810860* (Bankr.S.D.N.Y. 2010) *(Citing In re G–I Holdings, Inc.,* 385 F.3d 313, 319 (3d Cir.2004)). This duty encompasses a responsibility to keep the Court and other parties in interest apprised of the Debtor's business operations. *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 565 (Bankr.M.D.Pa.2007) (citing *Petit v. New England Mortg. Servs., Inc.,* 182 B.R. 64, 69 (D.Me.1995)). Monthly operating reports are designed to allow the U.S. Trustee and creditors to monitor business operations during Chapter 11 and to avoid continued business operations that generate losses and administrative insolvency. *In re Javier Estrada, Inc.,* 2010 WL 817406, *2 (Bankr.S.D.Tex.2010).

35. "Monthly reports and the financial disclosures contained within them "are the lifeblood of the Chapter 11 process" and are more than "mere busy work." *In re Whetten,* 473 B.R. 380, 383-84 (Bankr.D.Colo. 2012) (internal citation omitted). "The reporting

requirements provide the primary means for monitoring the debtor's compliance with the Code's requirements and they serve as a litmus test for a debtor's ability to reorganize." *In re Hoyle*, 2013 WL 210254, * 11 (Bankr.D.Idaho 2013). "Even if Debtor did not deliberately file misleading reports, Debtor [has] a responsibility to file complete and accurate reports." *Id.*

36.  The Debtor has failed to submit the monthly operating reports that have come due in this case. *See In re Gel LLC* 495 B.R. 240 (Bankr. E.D.N.Y. 2011) (finding cause exists to dismiss or convert a Debtor's chapter 11 case for failure to file monthly operating reports). Specifically, the Debtor has failed to file the required monthly operating reports for the time periods of September 2025, October 2025 and November 2025. Without the required reports, it is impossible for either the United States Trustee or the Debtor's creditors to evaluate the financial health and current management of the Debtor, as well as evaluate any offered plan of reorganization. As such, the Debtor has amply demonstrated cause for dismissal or conversion to chapter 7.

**D.    The Debtor's unexcused failure to timely provide information reasonable requested by the United States Trustee constitutes cause to dismiss this case or convert this case to one under chapter 7 under Bankruptcy Code §1112(b)(4)(H)**

37.  The Bankruptcy Code at section 11 U.S.C. §1112(b)(4)(H) indicates that "cause" for dismissal includes a debtor's "failure timely to provide information or attend meetings reasonable requested by the United States Trustee (or the bankruptcy administrator, if any)."

38.  At both the third and fourth adjourned 341-meeting, the UST specially requested the Debtor to turn over its 2024 state and federal tax returns. Moreover, the Debtor has not filed a single required monthly operating report that has come due in this case. It has been nearly two months since the UST made the reasonable request of the Debtor that he turn

over its 2024 state and federal tax returns. The Debtor failure to comply with this reasonable request of the UST in a timely manner demonstrates cause to dismiss this chapter 11 or convert it to one under chapter 7. S*ee In re H&S Truck Stop Travel Plaza LLC,* 610 B.R. 431, 433 (Bankr. W.D.N.Y. 2019) (finding debtor's failure, *inter alia*, to produce tax returns requested by the UST as cause to dismiss pursuant to11 U.S.C. §1112(b)(4)(H)).

E.  **The Debtor will be unable to satisfy it burden of proof concerning unusual circumstances**

39. Under 11 U.S.C. §1112(b)(2), the court may not convert or dismiss if the court identifies unusual circumstances establishing that conversion or dismissal may not be in the best interests of creditors and the debtor establishes that (i) there is a reasonable likelihood that a plan will be confirmed within certain timeframes, and (ii) the grounds for converting or dismissing include an act or omission for which there exists a reasonable justification and the act or omission will be cured within a reasonable period of time. However, paragraph (b)(2) does not apply if cause is established under paragraph (4) (A) of Bankruptcy Code section 1112(b), that is, if there are continuing losses or a diminution of the estate. Upon a finding of cause and determination that the limited exceptions do not apply ". . .dismissal or conversion is mandatory – the Court must dismiss or convert the chapter 11 case." *In re Adamo*, 2016 WL 859349 *10 (Bankr. E.D.N.Y. Mar. 4, 2016).

40. Nevertheless, the Debtor will be unable to identify unusual circumstances that establish converting or dismissing this case is not in the best interests of creditors and the estate. The Debtor failed to file a plan complied with the requirements of § 1190(1) or move this Court for an extension of time within the statutory confines of § 1189(b). Furthermore, the Debtor has been in complete control of its records, including its DIP account, that are required to prepare and file the monthly operating reports. Nevertheless, the Debtor has failed to timely and

properly file the required monthly operating report.  It is submitted that the Debtor has willfully disregarded its obligations under the Bankruptcy Code is cause to convert or dismiss this case.

## CONCLUSION

41.    The Debtor has failed to file a plan that complies with the requirements of §1190(1) or move this Court for an extension of time within the statutory deadline imposed by §1189(b).  Consequently, cause has been established under § 1112(b)(4)(J).  Additionally, the Debtor's prepetition eviction lawsuits and its failure to provide proof of an ability to meet its monthly expenses, combined with its failure to comply with §1189(b) and §1190(1) establishes cause under § 1112(b)(4)(A) as there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  Furthermore, the Debtor has failed to file timely monthly operating reports, establishing cause under 11 U.S.C. § 112(b)(4)(F).  Lastly, the Debtor has ignored reasonable document requests of the Office of the United States Trustee, establishing cause under 11 U.S.C. § 112(b)(4)(H).  Upon the establishment of cause under 11 U.S.C. §1112(b), the Debtor's chapter 11 case should either be converted to a case under chapter 7 of the Bankruptcy Code or dismissal of the Debtor's case, whichever is in the best interest of creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A.    Dismissing this case, or in the alternative, converting this case to one under chapter 7;

B.    Requiring the filing of all monthly operating reports through the date of entry of the order converting or dismissing the case; and

B.    Granting such other and further relief as may seem just and proper.

Dated: Central Islip, New York                    WILLIAM K. HARRINGTON
            January 2, 2026                                    UNITED STATES TRUSTEE FOR
                                                                             REGION 2

                    The Alfonse D'Amato Federal Courthouse
                    560 Federal Plaza
                    Central Islip, New York
                    (631) 715-7789

                    By: /s/ William J. Birmingham
                        William J. Birmingham
                        Trial Attorney
                        Office of the United States Trustee