|  |  |
|---|---|
|  | Return Date: March 11, 2026 |
|  | Time: 12:00 p.m. |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:                                                                              Chapter 11

Metered Appliances Inc.,                                              Case No. 1-25-73481-ast

              Debtor.
-------------------------------------------------------------X

Response of 50 Brompton Owners, Inc. to the "Application of the United States Trustee for the Eastern District of New York Seeking Entry of an Order under 11 U.S.C. §1112(b) Converting this Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or in the alternative, Dismissing this Case, and Such Other and Further Relief as May be Deemed Just and Proper"

TO:    HONORABLE ALAN S. TRUST
         CHIEF UNITED STATES BANKRUPTCY JUDGE

        50 Brompton Owners, Inc. ("50 Brompton"), by and through its counsel, Schneider Buchel LLP, hereby submits this Response to the "Application of the United States Trustee for the Eastern District of New York seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case, and such other and further relief as may be deemed just and proper" ("UST Conversion/Dismissal Motion") as follows:

      1.    50 Brompton is the fee owner of the several buildings known as 35, 50 and 75 Knightsbridge Road, Great Neck, New York 11021 (the "Premises"). 50 Brompton is managed by its volunteer members of its Board with the assistance of a property management firm.

      2.    Debtor operates four (4) laundry rooms within the Premises under a license agreement dated May 3, 2021 ("License Agreement").

      3.    The 4 laundry rooms are defined as follows:

          a.    35 Knightsbridge Road, Laundry Room;
          b.    50 Knightsbridge Road, Laundry Room 1;
          c.    50 Knightsbridge Road, Laundry Room 2; and
          d.    75 Knightsbridge Road, Laundry Room.

4.  In or about June, 2024, 50 Brompton commenced four (4) eviction proceedings against Debtor for failing to pay all the fees due under the License Agreement.

5.  50 Brompton commenced 4 separate eviction proceedings based on the different laundry rooms being operated by Debtor within the Premises. However, the License Agreement covered all 4 Laundry Rooms.

6.  On or about May 23, 2025, 50 Brompton and Debtor resolved the eviction proceedings by a stipulation of settlement. The stipulation of settlement identified each of the four (4) index numbers corresponding the respective eviction proceedings.

7.  Thereafter, Debtor made one (1) payment in the sum of $2,500.00 called for under the Stipulation of Settlement.

8.  Subsequently, the Clerk of the Landlord-Tenant Court requested that the parties submit four (4) stipulations of settlement with only one (1) index number so that each one could be filed in the separate eviction proceeding case file. The parties have not yet completed this ministerial act.

9.  On September 9, 2025, Debtor filed its voluntary petition under Subchapter V of Chapter 11 of the Bankruptcy Code.

10. Since the filing, the undersigned has been advised that Debtor remitted, via credit card in various small amounts throughout each given month, the following post-petition payments:

| Payment Period | Payment Amount |
|---|---|
| October, 2025 | $425.00 |
| November, 2025 | $750.00 |
| December, 2025 | $1,000.00 |
| January, 2026 | $945.00 |
| February, 2026 | $830.00 |
| Total Paid | $3,950.00 |

11.     The License Agreement calls for monthly payments of $1,500.00, or $9,000.00 for post-petition period of October 2025 through March 2026. Based on the foregoing, Debtor is behind on its post-petition obligations in the sum of $5,050.00. Even if Debtor contends that the March 2026 payment is not yet due, it would still be behind in its post-petition obligations in the sum of $3,550.00.

12.     On January 2, 2026, the UST filed the UST Conversion/Dismissal Motion.

13.     On January 7, 2026, presumably in response to the UST Conversion/Dismissal Motion Debtor filed the three (3) operating reports that had not been filed promptly.

14.     A review of the report for the month of November 2025 reveals that Debtor has not provided the Court, creditors and interested parties with a significant amount of information. However, the report raises several questions and concerns.

15.     For instance, at the top of the page 2 of 40, Debtor responds "yes" to questions 17 and 18, which ask "Have you paid any bills you owed before you filed bankruptcy?" and "Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?" Debtor should provide detailed answers identifying the post-petition payments and checks that cleared its bank account.

16.     In addition, in the middle of page 2 of 40, Debtor states that it had net cash flow of $6,072.00.

17.     50 Brompton is supposed to be paid $1,500.00 per month under the license agreement. However, since October 1, 2025, Debtor has remitted the sum of $3,950.00. Reporting net cash flow while Debtor is not remitting payment in full for its post-petition obligations is not helpful.

18. In Section 3 titled "Unpaid Bills," Debtor identifies $39,000.00 in total payables. The provision also directs Debtor to "[a]ttach a list of debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it Exhibit E. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from Exhibit E." I could not locate an Exhibit E attached to the operating report.

19. The Unpaid Bills section, without conceding that the amount is accurate, underscores the lack of value in reporting positive net cash flow.

20. At the top of page 3 of 40, Debtor is directed to "[a]ttach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it Exhibit F. Identify who owes you money, how much is owed, and when payment is due. Report the total from Exhibit F here." I could not locate Exhibit F attached to the operating report despite reporting receivables of $35,550.00.

21. The Statement of Financial Affairs filed on February 3, 2026 also raises concerns.

22. For example, Part 3, Section 7, which asks for a list of legal actions, Debtor lists eleven (11) proceedings, two (2) of which relate to the proceedings with 50 Brompton. This begs the questions: why were the other 2 proceedings omitted? Has Debor omitted other proceedings?

23. Further, some of the proceedings were noted as "settled per stip" under the "Nature of case" description. Since 50 Brompton and Debtor entered into the Stipulation of Settlement, the nature of case description should likewise state "settled per stip."

24. Debtor's Schedule G identifies 107 executory contracts. For most of the executory contracts, Debtor states either "Contract to be ASSUMED" or "Contract to be REJECTED."

However, it appears that for each of the 107 executory contracts that "the term remaining" is "0 months." If Debtor's statements are accurate, if the term of an executory contract has expired, it does not appear that Debtor has much to assume or reject.

25. Assuming that the state "0 months" is incorrect, it appears that this is another example of Debtor failing to dutifully complete and review the documents.

26. Given Debtor's conduct in this proceeding, including the failure to remit timely post-petition payments, and the unreliability of Debtor's filings, 50 Brompton acknowledges that the relief sought by the UST is warranted. Here, 50 Brompton favors dismissal of the bankruptcy case over conversion so that it may recover possession of the 4 laundry rooms and install a new provider who will address the needs of the residents of the Premises.

Dated: Woodbury, New York
       March 4, 2026

                                         Schneider Buchel LLP
                                         *Attorneys for 50 Brompton Owners Corp.*

                      By:   *Seth M. Choset*
                                         Seth M. Choset
                                         60 Crossways Park Drive West, Suite 340
                                         Woodbury, New York 11797
                                         Telephone No.: (516) 393-5555
                                         Email: Schoset@schneiderbuchel.com