Presentment Date:   March 26, 2026 at 10:00 AM EST

Objection Deadline: March 19, 2026 at 4:00 PM EST

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------x

In re:                                                                                    Chapter 11

      METERED APPLIANCES INC.,                             Case No. 25-73481 (AST)

         Debtor.

--------------------------------------------------------x

### NOTICE OF PRESENTMENT OF MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

**PLEASE TAKE NOTICE**, that upon the annexed Motion of the Debtor, Metered Appliances Inc., for entry of an Order approving the Settlement Agreement dated January 16, 2026 between the Debtor and Linden Towers Cooperative No. 4, Inc., pursuant to Federal Rule of Bankruptcy Procedure 9019, the undersigned will present the proposed Order to the Honorable Alan S. Trust, Chief United States Bankruptcy Judge, for signature on March 26, 2026 at 10:00 a.m.

**PLEASE TAKE FURTHER NOTICE,** that any responses or objections to the relief requested in the Motion must be filed with the Court and served upon the undersigned so as to be received no later than 4:00 p.m. on March 19, 2026.

**PLEASE TAKE FURTHER NOTICE,** that if no objections are timely filed, the Court may enter the proposed Order without a hearing.

**PLEASE TAKE FURTHER NOTICE,** that if objections are timely filed, the Court may

schedule a hearing to consider the Motion, in which case objecting parties will be notified by the

Court of the hearing date and time.

Dated: Rockville Centre, New York
March 4, 2026

                                      Respectfully submitted,
                                      Law Offices of Charles Wertman, P.C.
                                      Attorneys for the Debtor
                                      *By:*  */s/Charles Wertman*_____
                                              *Charles Wertman*
                                      100 Merrick Road, Suite 304W
                                      Rockville Centre, New York 11570

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                                    Chapter 11
        METERED APPLIANCES INC.,                    Case No. 25-73481 (AST)
            Debtor.
--------------------------------------------------------x

**DECLARATION OF CHARLES WERTMAN IN SUPPORT
OF MOTION FOR ORDER APPROVING SETTLEMENT
PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Charles Wertman, an attorney duly admitted to practice before this Court, affirm the following under penalty of perjury:

1.     I am a member of the firm Law Offices of Charles Wertman, P.C., attorneys for the Debtor and Debtor-in-Possession, Metered Appliances Inc. (the "Debtor"), in the above captioned Chapter 11 case.

2.     I submit this affirmation in support of the Debtor's Motion for entry of an order approving a Settlement Agreement dated January 16, 2026 between the Debtor and Linden Towers Cooperative No. 4, Inc. (the "Co-op") pursuant to Federal Rule of Bankruptcy Procedure 9019.

3.     Except as otherwise indicated, the statements contained herein are based upon my personal knowledge, information provided to me by the Debtor, and my review of the documents and pleadings filed in this case.

**THE BANKRUPTCY CASE**

4.     On September 9, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

5.     The Debtor continues to operate its business and manage its affairs as debtor-in-

possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

**THE LAUNDRY LEASE**

6.       Prior to the commencement of this case, the Debtor and the Co-op were parties to a

Laundry Room Lease Agreement dated January 20, 2015, as extended by an Extension

Agreement dated May 1, 2023 (collectively, the "Laundry Lease").

7.       Pursuant to the Laundry Lease, the Debtor installed and operated laundry equipment at

the Co-op's premises.

8.       Disputes arose between the parties relating to alleged unpaid rent and the Debtor's

continued presence at the premises.

9.       The parties also disputed the Debtor's rights under the Laundry Lease and whether the

Co-op could install another laundry vendor.

**THE SETTLEMENT**

10.      In order to resolve these disputes and avoid the cost and uncertainty of litigation, the

Debtor and the Co-op negotiated the Settlement Agreement dated January 16, 2026.

11.      A copy of the Settlement Agreement is annexed to the Motion as Exhibit A.

12.      The material terms of the settlement include:

    a.   The Co-op agrees to waive any claims against the Debtor for past-due rent,

         use and occupancy, or other monetary obligations allegedly owed under the

         Laundry Lease.

    b.   The Debtor agrees to remove all laundry equipment from the Co-op's

         premises at its sole cost and expense within thirty (30) days after entry of an

order approving the settlement.

    c.   The Debtor agrees that it will not interfere with the Co-op's installation of a new laundry vendor and will not assert any exclusivity rights under the Laundry Lease.

    d.   The parties will exchange mutual releases relating to the Laundry Lease and the disputes between them.

13.    Rule 9019(a) of the Federal Rules of Bankruptcy Procedure authorizes the Court to approve settlements.

14.    In determining whether a settlement should be approved, courts in the Second Circuit consider whether the settlement is fair, equitable, and in the best interests of the estate.

15.    The proposed settlement satisfies these standards.

16.    The settlement eliminates the need for potentially costly litigation regarding the Laundry Lease and alleged rent arrears.

17.    The settlement was negotiated in good faith and at arm's length between the parties.

18.    The Debtor believes that the settlement represents a reasonable and appropriate exercise of its business judgment and is in the best interests of the estate and its creditors.

Notice

19.    Notice of this Motion will be served upon: 1) the Office of the United States Trustee; 2) the Debtor's twenty largest unsecured creditors; 3)Linden Towers Cooperative No. 4, Inc.; and all parties requesting notice in this case.

20.    No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests entry of an Order approving the Settlement Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019, together with such other and further relief as the Court deems just and proper.

Dated: Rockville Centre, New York
         March 4, 2026

                                         Respectfully submitted,
                                          _/s/Charles Wertman_____
                                         Charles Wertman
                                         Law Offices of Charles Wertman, P.C.
                                         Attorneys for the Debtor
                                         100 Merrick Road, Suite 304W
                                         Rockville Centre, New York 11570

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                                          Chapter 11

      METERED APPLIANCES INC.,                  Case No. 25-73481 (AST)
          Debtor.
-------------------------------------------------------x

### ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT
### TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019

Upon the Motion (the "**Motion**") of Metered Appliances Inc. (the "**Debtor**"), debtor and debtor-in-possession in the above-captioned Chapter 11 case, for entry of an order approving that certain Settlement Agreement dated January 16, 2026 between the Debtor and Linden Towers Cooperative No. 4, Inc. (the "Co-op"), pursuant to Federal Rule of Bankruptcy Procedure 9019; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor's estate and its creditors; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Motion is **GRANTED**; and it is further

**ORDERED**, that the Settlement Agreement dated January 16, 2026 between the Debtor and Linden Towers Cooperative No. 4, Inc., annexed to the Motion as Exhibit A, is hereby approved pursuant to Federal Rule of Bankruptcy Procedure 9019; and it is further

**ORDERED**, that the Debtor is authorized and directed to take all actions necessary to

implement and perform its obligations under the Settlement Agreement, including but not limited to the removal of laundry equipment from the premises as provided therein; and it is further

**ORDERED**, that the Debtor and Linden Towers Cooperative No. 4, Inc. are authorized to consummate the Settlement Agreement and perform all obligations set forth therein; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and enforcement of this Order and the Settlement Agreement.