Charles Wertman                                        Hearing Date: April 22, 2026
Law Offices of Charles Wertman, P.C.                   Hearing Time: 10:30 a.m.
Attorney for the Debtor and Debtor in Possession       Objection Due: April 15, 2026
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                                 Chapter 11
     METERED APPLIANCES INC.,                         Case No. 25-73481 (AST)
          Debtor.
-------------------------------------------------------x

### NOTICE OF MOTION FOR ENTRY OF AN ORDER AUTHORIZING (A) REJECTION OF CERTAIN EXECUTORY CONTRACTS AND LOCATION AGREEMENTS AND (B) ABANDONMENT OF DE MINIMIS PROPERTY

**PLEASE TAKE NOTICE** that on April 22, 2026 at 10:30 a.m., or as soon thereafter as counsel may be heard, a hearing ("Hearing") will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato U.S. Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on the motion (the "Motion") of Metered Appliances Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, seeking entry of an Order pursuant to sections 365(a), 554(a), and 1107 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure, authorizing the Debtor to (i) reject certain executory contracts and location agreements identified on Exhibit A to the Motion (the "Rejected Agreements"), and (ii) abandon certain de minimis property associated therewith, and granting such other and further relief as the Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that all attorneys and unrepresented parties are required to register at least two (2) business days in advance of the Hearing using the Court's

eCourt Appearances platform available at: https://ecf.nyeb.uscourts.gov/cgi-bin/ nyebAppearances.pl. Further information on eCourt Appearances is available at: https:// www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion must (a) be in writing, (b) comply with the Federal Rules of Bankruptcy Procedure, (c) set forth the factual and legal basis for the objection, (d) be filed with the Court through the Court's electronic filing system, which may be accessed through the internet at www.nyeb.uscourts.gov, and (e) be served so as to be received on or before April 15, 2026 at 5:00 p.m. by (i) Law Offices of Charles Wertman, P.C., counsel to the Debtor, 100 Merrick Road, Suite 304W, Rockville Centre, New York 11570, Attn: Charles Wertman, Esq., and (ii) Office of the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served, the Court may enter the requested relief without further notice or hearing.

Dated: Rockville Centre, New York
        March 4, 2026

> Law Offices of Charles Wertman, P.C
> Attorneys for the Debtor
> By: ___*/s/ Charles Wertman*___
> Charles Wertman, Esq.
> 100 Merrick Road, Suite 304W
> Rockville Centre, New York 11570
> Tel: (516) 359-1334

Charles Wertman                                      Hearing Date: April 22, 2026
Law Offices of Charles Wertman, P.C.                 Hearing Time: 10:30 a.m.
Attorney for the Debtor and Debtor in Possession     Objection Due: April 15, 2026.
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re:                                               Chapter 11
      METERED APPLIANCES INC.,                 Case No. 25-73481 (AST)
         Debtor.
-------------------------------------------------------x

**MOTION OF THE DEBTOR FOR AN ORDER AUTHORIZING**
**(A) REJECTION OF CERTAIN EXECUTORY CONTRACTS  AND LOCATION**
**AGREEMENTS AND (B) ABANDONMENT OF DE MINIMIS PROPERTY**

**TO THE HON.JUDGE ALAN S. TRUST**
**CHIEF JUDGE UNITED STATES BANKRUPTCY JUDGE**

      Metered Appliances Inc., the debtor and debtor-in-possession (the "Debtor") in the

above-captioned Chapter 11, Subchapter V case, by and through its undersigned counsel, and

pursuant to sections 365(a), 554(a), and 1107 of title 11 of the United States Code (the

"Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure,

respectfully moves this Court for entry of an order authorizing the Debtor to reject certain

executory contracts and location agreements identified on Exhibit A attached hereto (the

"Rejected Agreements").

      In connection therewith, the Debtor also seeks authority to abandon any personal

property, equipment, or other assets located at or associated with the locations subject to the

Rejected Agreements, to the extent such property is of inconsequential value to the estate or the

cost of retrieval, transportation, or storage exceeds its value.

      To the extent any laundry equipment, machines, or other personal property owned by the

Debtor remains temporarily located at any premises subject to a Rejected Agreement, such presence shall not be deemed continued possession, occupancy, or use of real property by the Debtor. The Debtor's rejection of the Rejected Agreements shall terminate any contractual rights to operate at such locations, and any temporary presence of equipment pending removal or abandonment shall not give rise to any claim for administrative rent, use and occupancy, or other post-petition charges against the estate. The Debtor will coordinate in good faith with the applicable property owners or managing agents to remove equipment where economically feasible.

In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.      On September 9, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court.

6.      The Debtor continues to operate its business and manage its affairs as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7.      No trustee, examiner, creditors' committee, or other official committee has been appointed in the Debtors' Chapter 11 Cases.

8.      The Debtor operates a laundry services business that installs, maintains, and operates commercial laundry equipment within residential buildings and collects revenue generated from the use of such equipment. The Debtor's revenue is derived from machine use at building locations, and its costs include, among other things, maintenance and servicing expenses, equipment-related costs, and payments or revenue share/commissions owed to building owners or their managing agents under various location agreements.

9.      The Debtor has historically conducted business at numerous building locations pursuant to various agreements with building owners, cooperative corporations, condominium associations, and property management companies (collectively, "Location Agreements"). In many instances, these Location Agreements are structured as operating agreements or licenses under which the Debtor is permitted to place and operate equipment in designated laundry areas and share revenue and/or pay commissions to the building owners or their managing agents.

10.     During the course of this chapter 11 case, the Debtor undertook a review of its location-by-location performance and financial records, including revenues generated at each location and the associated obligations and costs of continued performance.

11.     Based on that review, the Debtor determined that the agreements listed on Exhibit A to the Motion (the "Rejected Agreements") relate to locations that are chronically unprofitable and otherwise burdensome to the Debtor and the bankruptcy estate, including because the revenues generated at those locations are insufficient relative to the Debtor's obligations and costs of continued performance.

12.     Many of the Rejected Agreements constitute location licenses, laundry room operating

agreements, and/or revenue-sharing arrangements rather than traditional real property leases. These agreements generally do not provide the Debtor with exclusive possession of real property; instead, they permit the Debtor to place and operate laundry equipment within designated areas of residential buildings owned by third parties, usually in exchange for the payment of commissions or a share of revenues generated from the operation of such equipment.

13.    The Debtor has determined, however, in the exercise of its sound business judgment, that certain equipment or related items located at some of the affected locations may be exceedingly difficult or uneconomical to remove, transport, or store (the "Remaining Property"). The Debtor believes that such Remaining Property is of de minimis value and that the costs associated with removal, transportation, or storage would likely exceed any realizable value to the estate. Accordingly, the Debtor seeks authority to abandon the Remaining Property pursuant to section 554 of the Bankruptcy Code to the extent removal is not economically feasible.

14.    In addition, in the ordinary course of its business, the Debtor has placed and maintained certain laundry equipment, machines, and related fixtures and components at various locations subject to the Rejected Agreements, including washers, dryers, coin or payment systems, and related equipment. To the extent reasonable and economically feasible, the Debtor intends to coordinate with the applicable building owners or managing agents to remove such equipment from the affected locations and transport the equipment to other operational locations or to a storage facility selected by the Debtor.

15.    The Debtor will use commercially reasonable efforts to coordinate with the applicable building owners or managing agents regarding the removal of equipment where economically feasible and will cooperate in good faith to facilitate access for such removal.

16.     The Debtor seeks authority to reject the Rejected Agreements pursuant to 11 U.S.C. § 365(a). The Debtor understands that rejection constitutes a breach of the applicable agreement as of the effective date of rejection, and that any damages arising from such rejection will be treated as prepetition general unsecured claims, to the extent provided under applicable law.

17.     The Debtor requests that rejection of the Rejected Agreements be effective as of the date of filing of this Motion. In the Debtor's business judgment, making rejection effective as of the Motion filing date is appropriate because the locations identified on **Exhibit A** are unprofitable and continuing to perform under the Rejected Agreements after the Motion date would impose unnecessary and continuing financial burdens on the estate.

18.     The Debtor further requests that the Court establish a deadline for rejection damage claims. Specifically, any entity asserting a claim arising from rejection of a Rejected Agreement must file such claim within thirty (30) days after entry of the Order approving this Motion, and any claim not timely filed shall be forever barred. Establishing such deadline will promote orderly administration of the case and permit the Debtor to evaluate and address any asserted claims promptly.

19.     The Debtor has acted in good faith and in the exercise of its sound business judgment in determining to reject the Rejected Agreements. The relief requested in this Motion is intended to further the Debtor's restructuring efforts by reducing expenses, eliminating loss-generating operations, and allowing the Debtor to focus its resources on profitable locations, thereby facilitating the Debtor's ability to reorganize and maximize value for its estate and creditors.

20.     Absent the rejection of the Rejected Agreements, the Debtor would continue to incur unnecessary expenses that would impair the Debtor's ability to successfully reorganize under Chapter 11.

## RELIEF REQUESTED

21.     By this Motion, the Debtor requests, pursuant to sections 365(a) and 554(a) of the

Bankruptcy Code and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure, entry

of an Order authorizing the Debtor to reject the Rejected Agreements identified on Exhibit A,

with each such rejection to be effective as of the date of filing of this Motion (the "Rejection

Date"), and to abandon any Remaining Property located at or associated with the locations

subject to the Rejected Agreements to the extent the Debtor determines that the cost of removal,

transportation, or storage exceeds the value of such property to the estate.

## BASIS FOR RELIEF

### REJECTION OF THE REJECTED AGREEMENTS IS A VALID EXERCISE OF THE DEBTOR'S BUSINESS JUDGMENT AND SHOULD BE APPROVED BY THE COURT

22.     Section 365(a) of the Bankruptcy Code provides that a debtor, "subject to the court's

approval, may assume or reject an executory contract or unexpired lease." **11 U.S.C. § 365(a).** A

debtor's determination to reject an executory contract is governed by the "business judgment"

standard. See *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4

F.3d 1095, 1098–99 (2d Cir. 1993) (holding that a debtor's decision to reject an executory

contract is governed by the business judgment standard and may only be overturned if the

decision is the product of bad faith, whim, or caprice).

23.     Once the debtor articulates a valid business justification, "[t]he business judgment rule 'is

a presumption that in making a business decision the directors of a corporation acted on an

informed basis, in good faith and in the honest belief that the action taken was in the best

interests of the company.'" *Official Comm. of Subordinated Bondholders v. Integrated Res., Inc.*,

147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del.

1985)); see also *Nostas Assocs. v. Costich (In re Klein Sleep Prods., Inc.)*, 78 F.3d 18, 25 (2d Cir. 1996) (recognizing the business judgment standard used to authorize rejection of executory contracts); *In re Minges*, 602 F.2d 38, 42–43 (2d Cir. 1979) (holding that the business judgment test is appropriate for determining when an executory contract may be rejected); *In re Kong*, 162 B.R. 86, 94–95 (Bankr. E.D.N.Y. 1993) (explaining that the business judgment standard requires only a demonstration that rejection will benefit the estate).

24.     Upon finding that a debtor has exercised sound business judgment in determining that rejection of an executory contract or lease is in the best interests of the debtor, its creditors, and other parties in interest, the Court should approve the rejection under section 365(a) of the Bankruptcy Code. See, e.g., *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996); *Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that, absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

25.     Rejection of the Rejected Agreements is well within the Debtor's sound business judgment and will serve the best interests of the Debtor, its estate, and creditors. As described above, the agreements listed on **Exhibit A** relate to locations that have proven to be chronically unprofitable. The revenues generated from these locations are insufficient to cover the costs associated with maintaining and performing under the applicable agreements, including commissions payable to building owners or managing agents, equipment servicing and maintenance expenses, and other operational costs. Accordingly, continued performance under these agreements would impose unnecessary financial burdens on the Debtor's estate. The Debtor has therefore determined that rejection of the Rejected Agreements will eliminate

ongoing losses, improve cash flow, and allow the Debtor to focus its resources on profitable locations. For these reasons, rejection of the Rejected Agreements represents a sound exercise of the Debtor's business judgment.

**ABANDONMENT OF ANY REMAINING PROPERTY IS AUTHORIZED BY SECTION 554(A) OF THE BANKRUPTCY CODE**

26.     Section 554(a) of the Bankruptcy Code provides that a debtor, after notice and a hearing, may abandon property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). The right to abandon property is broad and generally unfettered unless (a) abandonment would contravene laws designed to protect public health and safety or (b) the property poses an imminent threat to the public's welfare. See *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 501 (1986). Neither limitation applies under the facts of this case.

27.     As described above, certain equipment or related items located at the affected locations may be exceedingly difficult or uneconomical to remove, transport, or store. Any such Remaining Property is of inconsequential value to the Debtor's estate, and the costs associated with removal, transportation, or storage would likely exceed any realistic economic benefit that could be realized by retaining such property. Accordingly, the Debtor has determined, in the exercise of its sound business judgment, that abandoning the Remaining Property is in the best interests of the Debtor and its estate.

## RESERVATION OF RIGHTS

28.     Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors;

(iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, or adoption of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

## **NOTICE**

29.    Notice of this Motion shall be provided to: (a) the Office of the United States Trustee for the Eastern District of New York; (b) the Office of the United States Attorney for the Eastern District of New York; (c) the twenty (20) largest unsecured creditors of the Debtor, (d) the Internal Revenue Service; (e) the New York State Department of Taxation and Finance; (f) any known secured creditors of the Debtor; (g) the counterparties to the Rejected Agreements listed on Exhibit A; and (h) any party that has filed a notice of appearance in this Chapter 11 case.

30.    The Debtor submits that the foregoing notice is appropriate under the circumstances and that no other or further notice is required.

## **NO PRIOR REQUEST**

31.    No prior motion for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and appropriate.[Name]

Dated: Rockville Centre, New York
            March 5, 2026

                                            Respectfully submitted,

                                            /s/ *Charles Wertman*
                                            Charles Wertman
                                            Law Offices of Charles Wertman, P.C.
                                            Attorneys for the Debtor and Debtor in Possession
                                            100 Merrick Road, Suite 304W
                                            Rockville Centre, New York 11570

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                        Chapter 11
      METERED APPLIANCES INC.,                    Case No. 25-73481 (AST)
                  Debtor.
-------------------------------------------------------x

### ORDER AUTHORIZING THE DEBTOR TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND LOCATION AGREEMENTS AND (B) ABANDON DE MINIMIS PROPERTY IN CONNECTION THEREWITH

Upon the motion (the "Motion") of Metered Appliances Inc. (the "Debtor"), debtor and debtor-in-possession, seeking entry of an order authorizing the Debtor to (i) reject certain executory contracts and location agreements identified on Exhibit A attached hereto (the "Rejected Agreements") and (ii) abandon any Remaining Property located at or associated with the locations subject to the Rejected Agreements; and the Court having jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and the Court having reviewed the Motion and the record in this case; and good and sufficient cause appearing therefor, it is hereby

ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      The Rejected Agreements identified on Exhibit A are hereby rejected pursuant to 11 U.S.C. § 365(a), and such rejection shall be effective as of the date of filing of the Motion (the "Rejection Date").

3.      Any claim arising from the rejection of a Rejected Agreement shall be treated as a general unsecured claim, and any party asserting a claim arising from such rejection must file such claim within thirty (30) days after entry of this Order, or such claim shall be forever barred.

4.      The Debtor is authorized to abandon any Remaining Property located at or associated with the locations subject to the Rejected Agreements pursuant to 11 U.S.C. § 554(a) to the extent the Debtor determines that the cost of removal, transportation, or storage exceeds the value of such property to the estate.

5.      Nothing herein shall prejudice the rights of the Debtor to assert that any Rejected Agreement was terminated prior to the Petition Date, or that any rejection damage claim is limited by applicable law or contractual provisions.

6.      Nothing in the Motion or this Order shall be deemed or construed as approval of the assumption of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code.

7.      Notice of the Motion as described therein shall be deemed good and sufficient notice of the Motion and the relief granted herein.

8.      The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.