UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re                                                          Chapter 11

    METERED APPLIANCES INC,                Case No.25-73581 (ast)
        Debtor.

-------------------------------------------------------x

## SETTLEMENT AGREEMENT

This Settlement Agreement (the **"Agreement"**) is made as of January __16__ , 2026, by and between Metered Appliances Inc., the debtor and debtor-in-possession (the "Debtor"), and Linden Towers Cooperative No. 4, Inc. (the "Coop").

## RECITALS

**WHEREAS**, the Debtor and the Coop are parties to that certain Laundry Room Lease Agreement dated January 20, 2015, as extended by Extension Agreement dated May 1, 2023 (collectively, the **"Laundry Lease"**), pursuant to which the Debtor installed and operated laundry equipment at the Coop's premises;

**WHEREAS**, disputes have arisen between the parties concerning alleged unpaid rent, the continued presence of the Debtor's equipment, and the Debtor's prior assertions of exclusivity and enforcement rights under the Laundry Lease;

**WHEREAS**, on September 9, 2025 (the **"Petition Date"**), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code and is operating as a debtor-in-possession in Case No. 25-73481, pending before the United States Bankruptcy Court for the Eastern District of New York;

**WHEREAS**, the Debtor desires to resolve these disputes in a manner consistent with its fiduciary duties and in the best interests of the bankruptcy estate, subject to approval pursuant to Federal Rule of Bankruptcy Procedure 9019; and

**WHEREAS**, the parties have negotiated this Agreement at arm's length and wish to avoid the cost, delay, and uncertainty of litigation.

**NOW, THEREFORE**, in consideration of the mutual covenants contained herein, and subject to Bankruptcy Court approval, the parties agree as follows:

1.      Upon entry of a final, non-appealable order approving this Agreement, the Co-op waives any and all claims against the Debtor for past-due rent, use and occupancy, or any other monetary amounts allegedly due or owing under the Laundry Lease through the date the Debtor's equipment is removed from the premises.

2.      The Debtor shall, at its sole cost and expense, remove all washing machines, dryers, card or payment systems, platforms, and all related equipment from the Co-op's premises within thirty (30) days after entry of the Bankruptcy Court order approving this Agreement.

3.      The Debtor agrees that it shall not interfere, directly or indirectly, with the Coop's right to contract with any third party for laundry equipment or services, and shall not: (i) threaten litigation; (ii) assert any exclusivity rights; (iii) contact or intimidate any replacement vendor; or (iv) claim any continuing rights under the Laundry Lease following removal of the equipment.

4.      The Debtor expressly disclaims any and all continuing possessory, contractual, or enforcement rights under the Laundry Lease after such removal.Effective upon entry of a final, non-appealable order approving this Agreement.

5.      The Co-op releases and forever discharges the Debtor, the bankruptcy estate, and their respective officers, agents, and representatives from any and all claims arising out of or relating to the Laundry Lease.

6.      The Debtor releases and forever discharges the Co-op and its agents and representatives from any and all claims arising out of or relating to the Laundry Lease.

7.      This Agreement is a compromise of disputed claims and shall not constitute an admission of liability or wrong doing by any party.

8.      This Agreement is expressly conditioned upon approval by the United States Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event such approval is not obtained, this Agreement shall be null and void and of no further force or effect.

9.      The Bankruptcy Court shall retain exclusive jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Agreement.

10.      This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, agreements, or understandings, whether written or oral.

11.      This Agreement may be executed in counterparts and by electronic or PDF signature, each of which shall be deemed an original.

**AGREED AND ACCEPTED:**

**Metered Appliances Inc.**
Debtor-in-Possession

By: _____
Name:
Date:

**Linden Towers Cooperative No. 4, Inc.**
Debtor-in-Possession

By: _Arlene Fleishman_
Name:
Date:

**Law Offices of Charles Wertman  P.C.**

By: _____
Name:
Date:

**Linden Towers Cooperative No. 4, Inc.**

By: _Arlene Fleishman_
Name:
Date:

7.      This Agreement is a compromise of disputed claims and shall not constitute an admission of liability or wrong doing by any party.

8.      This Agreement is expressly conditioned upon approval by the United States Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9019. In the event such approval is not obtained, this Agreement shall be null and void and of no further force or effect.

9.      The Bankruptcy Court shall retain exclusive jurisdiction to interpret, enforce, and resolve any disputes arising under or related to this Agreement.

10.     This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes all prior negotiations, agreements, or understandings, whether written or oral.

11.     This Agreement may be executed in counterparts and by electronic or PDF signature, each of which shall be deemed an original.

**AGREED AND ACCEPTED:**

**Metered Appliances Inc.**
Debtor-in-Possession

By: _____
Name:
Date:

**Linden Towers Cooperative No. 4, Inc.**
Debtor-in-Possession

By: _____
Name:
Date:

**Law Offices of Charles Wertman  P.C.**

By: _____
Name:
Date:

**Linden Towers Cooperative No. 4, Inc.**

By: _____
Name:
Date:

Kestenbaum & Spinner PLLC
Attorneys for Debtor in Possession
_____
By: Alan Kestenbaum, Esq.
1/16/26