| In re:<br><br>**METERED APPLIANCES INC.,**<br><br>Debtor. | Chapter 11<br>Case No. 8-25-73481-AST<br>(Subchapter V — 11 U.S.C. §§ 1181–1195)<br>Judge: Hon. Alan S. Trust<br>United States Bankruptcy Judge |
| --- | --- |

**DEBTOR'S FIRST AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**

Dated: April 16, 2026

*Submitted by:*
**Law Offices of Charles Wertman, P.C.**
Charles Wertman, Esq.
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570
*Counsel for Debtor and Debtor in Possession*

## PRELIMINARY STATEMENT

Metered Appliances Inc. (the "Debtor") submits this First Amended Subchapter V Plan of Reorganization (the "Plan") pursuant to 11 U.S.C. §§ 1181 through 1195. The Debtor is a New York corporation that has operated commercial laundry equipment installations in residential cooperative and condominium buildings throughout the New York metropolitan area since its formation. The Debtor operates as a debtor in possession pursuant to 11 U.S.C. §§ 1183 and 1184.

This Plan supersedes in its entirety the original Plan of Reorganization filed on December 9, 2025 (Docket No. 20). The Debtor filed for relief under Chapter 11, Subchapter V of the Bankruptcy Code on September 9, 2025. Salvatore LaMonica, Esq. serves as the Subchapter V Trustee pursuant to 11 U.S.C. § 1183.

Since the Petition Date, the Debtor has: (i) continued operating its business as a debtor in possession; (ii) rejected unprofitable laundry room service contracts at twenty (20) locations pursuant to the Court-approved rejection motion (Docket No. 40), effective March 6, 2026; (iii) reviewed and analyzed all proofs of claim filed in this case; and (iv) developed this Plan, which the Debtor submits is feasible and in the best interests of all creditors.

This Plan provides for: (i) payment of all Allowed Secured Claims through a sixty-month cramdown payment schedule at the uniform Cramdown Rate of 6.75% per annum; (ii) payment of all Allowed Priority Claims in full on the Effective Date; and (iii) pro-rata distributions to holders of Allowed General Unsecured Claims from the Debtor's Projected Disposable Income over the five-year Commitment Period. The Debtor's valuation of Equipment Collateral is based upon an installed-value methodology applying a 75% reduction from scheduled book value, reflecting the limited resale market for in-place commercial laundry equipment, significant removal costs, and the depreciated condition of the equipment. The Debtor reserves the right to supplement this valuation with professional appraisal testimony prior to the Confirmation Hearing.

# ARTICLE I

## DEFINITIONS

As used in this Plan, the following terms have the meanings set forth below. Capitalized terms not defined herein shall have the meanings ascribed in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

1.1  "Administrative Expense Claim" means any Claim for costs and expenses of administration of this case under 11 U.S.C. § 503(b), including professional fees approved by the Court and fees of the Subchapter V Trustee.

1.2  "Allowed Claim" means any Claim (a) as to which no objection has been interposed within the time fixed by the Court, or (b) that has been allowed by a Final Order. Disputed Claims shall not be Allowed Claims until resolved.

1.3  "Bankruptcy Code" means Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., as amended.

1.4  "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the Eastern District of New York.

1.5  "Claim" has the meaning set forth in 11 U.S.C. § 101(5).

1.6  "Commitment Period" means the five (5) year period commencing on the Effective Date, as required under 11 U.S.C. § 1191(c)(2).

1.7  "Confirmation Date" means the date on which the Confirmation Order is entered by the Court.

1.8  "Confirmation Order" means the order of the Court confirming this Plan pursuant to 11 U.S.C. § 1191.

1.9  "Cramdown Rate" means 6.75% per annum, equal to the prime rate of interest as published in The Wall Street Journal as of the date of filing of this Plan (effective December 11, 2025). The Debtor submits this rate is appropriate under Till v. SCS Credit Corp., 541 U.S. 465 (2004), based on the nature of the Equipment Collateral, the degree of security, and the risk profile of this case.

1.10  "Debtor" means Metered Appliances Inc., the debtor and debtor in possession in this case.

1.11  "Deficiency Claim" means the portion of any Claim that exceeds the value of the collateral securing such Claim, as determined pursuant to 11 U.S.C. § 506(a), to be treated as a Class 3 General Unsecured Claim.

1.12  "Effective Date" means the date that is thirty (30) calendar days after entry of the Confirmation Order, provided all conditions to effectiveness set forth in Article IX have been satisfied or waived.

1.13  "Equipment Collateral" means the commercial laundry washing machines, dryers, and related equipment owned by the Debtor and installed at the locations identified herein and in Exhibit A.

1.14  "Equipment Valuation" means the value of Equipment Collateral as determined pursuant to 11 U.S.C. § 506(a), using an installed-value methodology that applies a 75% reduction from the scheduled book value of the equipment at each location, as set forth in the valuation schedule prepared by the Debtor. The Debtor reserves the right to amend Equipment Valuations based upon professional appraisal testimony prior to or at the Confirmation Hearing.

1.15  "General Unsecured Claim" means any Claim that is not a Secured Claim, Administrative Claim, or Priority Claim, including without limitation any Deficiency Claim arising from bifurcation of an undersecured Claim pursuant to 11 U.S.C. § 506(a).

1.16  "Petition Date" means September 9, 2025, the date on which the Debtor filed its voluntary petition for relief.

1.17  "Plan" means this First Amended Subchapter V Plan of Reorganization, including all Exhibits hereto, as may be amended or modified from time to time in accordance with 11 U.S.C. § 1193.

1.18  "Projected Disposable Income" has the meaning set forth in 11 U.S.C. § 1191(d) and means the income of the Debtor that is not reasonably necessary for the maintenance or support of the Debtor's business operations or the payment of expenditures necessary for the continuation, preservation, and operation of the Debtor's business.

1.19  "Rejected Locations" means the twenty (20) laundry room service contract locations rejected by order of the Court pursuant to the Motion to Reject Executory Contracts (Docket No. 40), effective March 6, 2026, as more fully set forth in Exhibit D hereto.

1.20  "Reorganized Debtor" means Metered Appliances Inc. on and after the Effective Date.

1.21  "Subchapter V Trustee" means Salvatore LaMonica, Esq., appointed pursuant to 11 U.S.C. § 1183.

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

### 2.1  Administrative Expense Claims

Each holder of an Allowed Administrative Expense Claim shall receive Cash equal to the unpaid Allowed amount of such Claim on the Effective Date, or as soon thereafter as practicable, unless the holder agrees to different treatment. Administrative Claims include post-petition professional fees of Debtor's counsel (subject to Court approval), fees and expenses of the Subchapter V Trustee (subject to Court approval), United States Trustee quarterly fees (if any), and ordinary course post-petition operating expenses.

### 2.2  Priority Tax Claims

The following priority claims shall be paid in full in Cash on the Effective Date:

      (a)  New York State Department of Labor (Claim No. 1): $107.26.

      (b)  New York State Department of Taxation and Finance (Claim No. 2): $101.78.

      (c)  Internal Revenue Service — Priority Portion (Claim No. 9): $307.90.

Total Priority Claims payable on the Effective Date: $516.94. The secured portion of the IRS Claim No. 9 ($104,179.13) is separately classified and treated in Class 1-A of this Plan.

# ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

Pursuant to 11 U.S.C. §§ 1122 and 1123(a)(1), all Claims and Interests are classified as follows. A Claim or Interest is placed in a particular Class only to the extent the Claim or Interest qualifies within the description of that Class.

| Class | Description | Impairment / Voting |
|---|---|---|
| Class 1 | **Allowed Secured Claims of Eastern Funding LLC, Clean Laundry Funding d/b/a Laundry Lux Clean, and Alliance Laundry Systems LLC (equipment purchase-money security interests in Equipment Collateral)** | **Impaired — entitled to vote** |
| Class 1-A | **Allowed Secured Claim of the Internal Revenue Service arising from federal tax lien (Proof of Claim No. 9)** | **Impaired — entitled to vote** |
| Class 2 | **Allowed Priority Unsecured Claims (paid in full under Article II above — see Section 2.2)** | **Unimpaired — deemed to accept** |
| Class 3 | **Allowed General Unsecured Claims, including all Deficiency Claims arising from bifurcation of undersecured equipment loans pursuant to 11 U.S.C. § 506(a)** | **Impaired — entitled to vote** |
| Class 4 | **Equity Interests of the Debtor's shareholder(s)** | **Unimpaired — retained** |

## ARTICLE IV

## TREATMENT OF CLASSIFIED CLAIMS AND INTERESTS

### 4.1  Class 1 — Secured Equipment Lenders

(a)  Valuation Methodology. Pursuant to 11 U.S.C. § 506(a) and Associates Commercial Corp. v. Rash, 520 U.S. 953 (1997), the value of each piece of Equipment Collateral has been determined using an installed-value methodology. The Debtor applied a 75% reduction from the scheduled book value of the equipment at each location. This methodology reflects: (i) the limited secondary market for in-place commercial laundry equipment; (ii) significant removal and reinstallation costs that would be incurred by any buyer or lender seeking to realize on the collateral; (iii) the depreciated condition of equipment that has been in service for multiple years; and (iv) the location-specific nature of the Debtor's equipment installations, which reduce value to third parties. The Debtor reserves the right to supplement these valuations with professional appraisal testimony prior to or at the Confirmation Hearing.

(b)  Bifurcation. To the extent the Equipment Valuation of any Equipment Collateral is less than the total Allowed Claim of the applicable secured creditor with respect to that collateral, such Claim is bifurcated pursuant to 11 U.S.C. § 506(a) into: (i) an Allowed Secured Claim equal to the Equipment Valuation; and (ii) a Deficiency Claim treated as a Class 3 General Unsecured Claim.

(c)  Cramdown Terms. Each holder of an Allowed Class 1 Secured Claim shall receive equal monthly payments of principal and interest over sixty (60) months commencing on the Effective Date, calculated at the Cramdown Rate of 6.75% per annum. Monthly payments shall be made on the first business day of each calendar month. The Reorganized Debtor shall have the right to prepay any Class 1 Secured Claim in whole or in part at any time without premium or penalty.

(d)  Lien Retention. Each Class 1 creditor shall retain its lien on the applicable Equipment Collateral until its Allowed Secured Claim is paid in full, whereupon such creditor shall promptly execute and deliver to the Reorganized Debtor such instruments as may be necessary to evidence the release and satisfaction of the lien.

(e)  Section 1111(b) Election. Any undersecured Class 1 creditor may elect treatment pursuant to 11 U.S.C. § 1111(b)(2) to have its entire Claim treated as fully secured. Any such election must be made in accordance with Fed. R. Bankr. P. 3014 and shall be filed no later than the deadline established by the Court for such elections. The Debtor notes that the Eastern Funding claim secured by equipment at 221-22 Manor Road, Bellerose, New York presents the most significant potential for a §1111(b) election given the relationship between the claim amount ($109,267.06) and the Equipment Valuation ($31,000.00).

**Eastern Funding LLC**

Eastern Funding LLC filed Proof of Claim No. 18 on February 7, 2026 asserting a single omnibus secured claim of $500,000.00. The Debtor disputes Claim No. 18 as an improperly consolidated claim and intends to file an objection. For all purposes under this Plan, the operative secured claim amounts for each individual piece of Equipment Collateral are the amounts set forth on Schedule D of the Debtor's bankruptcy schedules (Claims 2.5 through 2.20). The cramdown payment schedule for Eastern Funding loans is set forth in Exhibit A and summarized in the table below.

| Location | Status | Sched. Claim | 75% Equip. Val. | Secured Claim | Deficiency Cl.3 | Mo. Payment | 60-Mo. Total |
|---|---|---|---|---|---|---|---|
| 160A Lowndes Ave., Huntington Station, NY | RETAINED | $8,349.06 | $8,349.06 | $8,349.06 | — | $164.34 | $9,860 |
| 140 Cadman Plaza West, Brooklyn, NY | RETAINED | $30,791.23 | $18,500.00 | $18,500.00 | $12,291 | $364.14 | $21,849 |
| 203 E. 72nd Street, New York, NY | RETAINED | $31,339.74 | $10,437.50 | $10,437.50 | $20,902 | $205.45 | $12,327 |
| 53 Hampton Place, Freeport, NY | RETAINED | $17,083.58 | $8,396.25 | $8,396.25 | $8,687 | $165.27 | $9,916 |
| 560 W. Broadway, Long Beach, NY | RETAINED | $18,453.99 | $5,366.25 | $5,366.25 | $13,088 | $105.63 | $6,338 |
| 150 Duncan Elder Drive, Greenlawn, NY | RETAINED | $14,677.74 | $4,488.25 | $4,488.25 | $10,189 | $88.34 | $5,301 |
| 221-22 Manor Road, Bellerose, NY | RETAINED | $109,267.06 | $31,000.00 | $31,000.00 | $78,267 | $610.19 | $36,611 |
| 300 East 85th Street, New York, NY | RETAINED | $77,735.10 | $31,400.00 | $31,400.00 | $46,335 | $618.06 | $37,084 |
| 2909 137th Street, Queens, NY | RETAINED | $11,153.74 | $18,750.00 | $11,153.74 | — | $219.54 | $13,173 |
| 50 Brompton Road, | RET | $16,842 | $7,665. | $7,665. | $9,177 | $150.87 | $9,052 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Great Neck, NY** | AINE D | .38 | 00 | 00 | | | |
| **Unknown collateral (Claim 2.20)** | RET AINE D | $6,953. 03 | $6,953. 03 | $6,953. 03 | — | $136.86 | $8,212 |
| **1760 Third Avenue, New York, NY** | REJE CTE D | $14,552 .78 | $15,824 .25 | $14,552 .78 | — | $286.45 | $17,187 |
| **25-11 Union Street, Flushing, NY** | REJE CTE D | $12,197 .34 | $10,479 .50 | $10,479 .50 | $1,718 | $206.27 | $12,376 |
| **345 Baldwin Avenue, Jersey City, NJ** | REJE CTE D | $19,934 .95 | $2,487. 50 | $2,487. 50 | $17,447 | $48.96 | $2,938 |
| **TOTALS** | | | | $171,22 9 | $218,10 3 | $3,370. 38 | |

*Note: Deficiency Claims of $218,103 arising from undersecured Eastern Funding loans are treated as Class 3 General Unsecured Claims.*

**Clean Laundry Funding d/b/a Laundry Lux Clean**

Clean Laundry Funding d/b/a Laundry Lux Clean filed three proofs of claim (Claim Nos. 10, 11, and 12) totaling $163,323.43 secured, which exceeds the $33,609.67 shown on the Debtor's Schedule D. The Debtor intends to file an objection to the Clean Laundry claims to the extent they exceed amounts supported by the underlying loan documents. For purposes of this Plan, the total secured claim is treated as $163,323.43 (the filed POC amount), subject to the Equipment Valuation cap described below.

The Clean Laundry equipment collateral consists of equipment at the following six (6) locations: 222 Seventh Street, Garden City, NY; 251-38 71st Road, Bellerose, NY; 475 Armstrong Avenue, Staten Island, NY; 53 Hampton Place, Freeport, NY; 666 Shore Road, Long Beach, NY; and 730/750 West Broadway, Long Beach, NY (the "Sandcastle"). The aggregate Equipment Valuation of these six locations at 75% reduction is $61,873.75. The Allowed Secured Claim for Clean Laundry is therefore $61,873.75. The Deficiency Claim of $101,449.68 is treated as a Class 3 General Unsecured Claim.

Monthly payment at 6.75% over 60 months: $1,217.89. Total payments over 60 months: $73,073.

**Alliance Laundry Systems LLC**

Alliance Laundry Systems LLC holds three scheduled secured claims (Schedule D Claims 2.1, 2.2, and 2.3). Based upon the Debtor's review of its loan records, Alliance Laundry Systems LLC holds security interests in equipment at the following locations: (i) 30 Stoner Avenue, Great Neck, NY (Loan No. 1053, claim $9,812.34); (ii) 301 East 79th Street, New York, NY (Loan No. 1053, combined claims $48,212.08 — this location is among the Rejected Locations); and (iii) 215 West 91st Street, New York, NY (Loan No. 1054, claim $10,627.46). A fourth Alliance claim (Claim 2.3, $7,242.79) identifies no specific collateral and is treated conservatively as fully secured at its face amount pending identification of collateral.

| Location | Status | AL Claim | 75% Equip. Val. | Secured Claim | Deficiency Cl.3 | Mo. Payment | 60-Mo. Total |
|---|---|---|---|---|---|---|---|
| **30 Stoner Ave., Great Neck, NY** | **RETAINED** | **$9,812.34** | **$3,296.25** | **$3,296.25** | **$6,516** | **$64.88** | **$3,893** |
| **215 W. 91st Street, New York, NY** | **RETAINED** | **$10,627.46** | **$5,471.25** | **$5,471.25** | **$5,156** | **$107.69** | **$6,462** |
| **301 E. 79th Street, New York, NY** | **REJECTED** | **$48,212.08** | **$30,063.50** | **$30,063.50** | **$18,149** | **$591.75** | **$35,505** |
| **Unknown collateral (Claim 2.3)** | **RETAINED** | **$7,242.79** | **$7,242.79** | **$7,242.79** | **—** | **$142.56** | **$8,554** |
| **TOTALS** | | | | **$46,074** | **$29,821** | **$906.89** | |

**Western Equipment Finance Inc.**

Western Equipment Finance Inc. is listed on Schedule D (Claim 2.21) as holding a claim in an unknown amount secured by equipment at 2620 East 13th Street, Brooklyn, New York (scheduled value $67,000.00). As of the date of this Plan, Western Equipment Finance Inc. has not filed a Proof of Claim. The deadline for non-governmental creditors to file proofs of claim was December 31, 2025. To the extent Western Equipment Finance Inc.'s claim is disallowed for failure to file a timely proof of claim pursuant to 11 U.S.C. § 502(b)(9), no distribution shall be made on account of such claim and the Debtor shall retain the equipment free and clear of any lien. The Debtor reserves all rights with respect to this claim and this equipment.

**4.2  Class 1-A — Internal Revenue Service (Federal Tax Lien)**

The Internal Revenue Service filed Proof of Claim No. 9 on December 17, 2025 asserting: (i) a secured claim of $104,179.13 arising from a federal tax lien under 26 U.S.C. § 6321 attaching to all property and rights to property of the Debtor; and (ii) a priority unsecured claim of $307.90, paid in full on the Effective Date pursuant to Article II. Interest accrues on the IRS secured claim pursuant to IRC §§ 6621 and 6622.

The holder of the Class 1-A Claim shall receive equal monthly payments of principal and interest over sixty (60) months at the Cramdown Rate of 6.75% per annum. Monthly payment: $2,050.61. Total payments over 60 months: $123,036.

### 4.3  Summary — Total Class 1 and Class 1-A Monthly Obligations

| Creditor | Secured Claim | Monthly Payment | 60-Month Total |
|---|---|---|---|
| **Eastern Funding LLC (all loans)** | $171,229 | $3,370.38 | $202,223 |
| **Clean Laundry Funding d/b/a Laundry Lux Clean** | $61,874 | $1,217.89 | $73,073 |
| **Alliance Laundry Systems LLC** | $46,074 | $906.89 | $54,413 |
| **Internal Revenue Service (Class 1-A)** | $104,179 | $2,050.61 | $123,036 |
| **Western Equipment Finance Inc.** | **Reserved\*** | **Reserved\*** | **Reserved\*** |
| **TOTAL CLASS 1 AND CLASS 1-A** | $383,356 | $7,545.76 | $452,746 |

*Western Equipment Finance Inc. has not filed a Proof of Claim. No distribution reserved pending determination of claim status.*

### 4.4  Class 3 — General Unsecured Claims

(a)  Pro-Rata Distribution. Holders of Allowed Class 3 General Unsecured Claims shall receive their pro-rata share of the Debtor's Projected Disposable Income remaining after payment of all Class 1, Class 1-A, and Class 2 Claims during the Commitment Period.

(b)  Estimated Recovery. Based on the Debtor's six-month MOR average monthly net income of $13,760.00, less a Professional Fee Reserve of $1,500.00/month and a Capital Equipment Reserve of $1,500.00/month, and less total monthly Class 1 and Class 1-A obligations of $7,545.76, the estimated monthly amount available for Class 3 distributions is $3,214.24. Over the sixty-month

Commitment Period, the Debtor projects an aggregate Class 3 distribution pool of approximately $192,854, subject to the resolution of disputed claims.

(c)  Annual Distributions. Distributions to holders of Allowed Class 3 Claims shall be made annually during the Commitment Period, commencing on the first anniversary of the Effective Date. The Reorganized Debtor shall maintain a segregated Plan Distribution Account for the accumulation of funds for Class 3 distributions.

(d)  Deficiency Claims. The following Deficiency Claims arising from bifurcation of undersecured equipment loans shall be treated as Class 3 General Unsecured Claims:

| Source of Deficiency Claim | Creditor | Deficiency Amount |
|---|---|---|
| **Eastern Funding LLC — undersecured locations (aggregate)** | **Eastern Funding LLC** | **$218,103** |
| **Clean Laundry Funding — POC excess over collateral value** | **Clean Laundry Funding** | **$101,450** |
| **Alliance Laundry Systems — undersecured locations** | **Alliance Laundry** | **$29,821** |
| **Total Equipment Deficiency Claims** | | **$349,373** |

(e)  Disputed Class 3 Claims. The following Class 3 claims are disputed by the Debtor and subject to objection. No distribution shall be made on account of any Disputed Claim until it becomes an Allowed Claim pursuant to a Final Order. Funds otherwise distributable to holders of Disputed Claims shall be held in a segregated reserve pending resolution. The Debtor reserves all rights to object to any Claim on any grounds available under the Bankruptcy Code or applicable law.

(i)  Arverne Limited-Profit Housing Corp. (Claim No. 6): $181,800.00. The Debtor disputes this claim as grossly excessive. This claim arises from the rejection of a laundry room service contract. Rejection damage claims are subject to the cap of 11 U.S.C. § 502(b)(6). The Debtor's maximum exposure on this contract at $2,500 per month for the remaining contract term does not approach $181,800. The attorneys' fees component is separately disputed as unrecoverable absent a specific contractual fee-shifting provision. The Debtor estimates the maximum Allowed Claim, if any, at approximately $30,000, and intends to file a claim objection promptly following confirmation.

(ii)  Aces Laundry Service II LLC (Claim No. 16): $100,000.00 (unliquidated). The Debtor disputes this claim in its entirety. Aces Laundry Service II LLC is a defendant — not a creditor — in a pending action captioned Metered Appliances, Inc. v. Verrazano Owners, Inc. and Aces Laundry Service II LLC, Index No. 706009/2021, Supreme Court of the State of New York, County of Queens, asserting breach of contract, unlawful eviction, and treble

damages pursuant to RPAPL § 853. The Debtor will seek disallowance of Claim No. 16 in full pursuant to 11 U.S.C. § 502(b) and reserves all rights to assert setoff and recoupment pursuant to 11 U.S.C. § 553.

(iii) Foster Garvey, P.C. (Claim No. 15): $90,546.35. Prior bankruptcy counsel fee claim. The Debtor intends to negotiate a consensual resolution at a reduced amount. This claim shall be treated as a Class 3 General Unsecured Claim to the extent ultimately allowed. Distributions reserved pending resolution.

(iv)  Whitman Village Housing Development Fund Corp. (Claim No. 5): $10,236.96. The Debtor disputes this claim in its entirety. A prepetition settlement agreement resolved all claims between the parties. The Debtor will seek disallowance pursuant to 11 U.S.C. § 502(b) on the ground that the claim is barred by the prepetition settlement. To the extent any allowed amount survives, it shall be treated on the same basis as all other Class 3 claims.

(v)  8300 Talbot Street Owners Corp. (Claim No. 14): $40,100.00. The Debtor disputes this claim as excessive and unsupported by the facts. The claim arises from a laundry room service contract dispute. The Debtor's records do not support the amount claimed. A claim objection will be filed promptly following confirmation.

(vi)  84 Drive Homes Inc. (Claim No. 17): $24,765.84. The Debtor disputes this claim as excessive and unsupported by the facts. The claim arises from a laundry room service contract dispute. The Debtor's records do not support the amount claimed. A claim objection will be filed promptly following confirmation.

(vii) Barbizon Owners, Inc. (Claim No. 13): $48,000.00. The Debtor disputes this claim. The claim arises from a defaulted stipulation of settlement. The Debtor disputes both the underlying claim amount and the enforceability of the stipulation as stated. A claim objection will be filed promptly following confirmation.

(viii) Scheduled E/F Creditors — Building Owner and Managing Agent Claims ($189,560.83 aggregate per Schedule E/F, Part 2). These scheduled claims consist primarily of building owners and managing agents asserting claims for contract cancellation fees or unpaid service fees arising from laundry room service contracts. The Debtor disputes the amounts and validity of substantially all of these claims and reserves the right to object following confirmation. Allowed claims shall receive pro-rata Class 3 distributions.

(ix)  Eastern Funding LLC (Claim No. 18): $500,000.00. The Debtor objects to this claim as an improperly consolidated omnibus claim. The operative secured claim amounts are the

individual loan balances set forth on Schedule D (Claims 2.5 through 2.20) as reflected in the cramdown schedule in Exhibit A.

(x)    Clean Laundry Funding (Claim Nos. 10-12): $163,323.43 aggregate. The Debtor reserves the right to object to the extent these claims exceed amounts supported by the underlying loan documents.

(f)  Potentially Allowed Class 3 Claims. The following claims are not currently subject to dispute and are expected to be treated as Allowed Class 3 Claims:

| Claim | Creditor | Amount | Notes |
|---|---|---|---|
| 3 | **American Express National Bank** | **$30,115.98** | **Business credit card** |
| 4 | **Cellco Partnership d/b/a Verizon Wireless** | **$4,117.21** | **Business services** |
| 7/8 | **WEX Bank** | **$584.32** | **Fuel card** |
| 19 | **67-30 Dartmouth Street Owners Corp.** | **$70,008.93** | **Subject to review\*** |
| — | **Equipment Deficiency Claims (bifurcated per § 506(a))** | **$349,373** | **Estimated** |

*\* Claim No. 19 (67-30 Dartmouth Street Owners Corp., $70,008.93) arises from a defaulted stipulation of settlement. The Debtor is reviewing this claim and reserves the right to object.*

### 4.5  Class 4 — Equity Interests

The existing equity interests of the Debtor's shareholder(s) shall be retained. No distributions shall be made to equity interest holders during the Commitment Period unless and until all Allowed Claims in Classes 1, 1-A, 2, and 3 have been paid in full in accordance with this Plan.

## ARTICLE V

## MEANS FOR IMPLEMENTATION OF THE PLAN

### 5.1  Continuation of Business Operations

The Reorganized Debtor shall continue to operate its commercial laundry equipment business at all Retained Locations following the Effective Date. The Debtor's principal shall continue to manage operations. The Reorganized Debtor shall maintain a separate Plan Distribution Account for the segregation and accumulation of funds available for distribution to creditors under this Plan.

### 5.2  Rejection of Executory Contracts

The laundry room service contracts at the twenty (20) Rejected Locations have been rejected by order of the Court pursuant to the Motion to Reject Executory Contracts (Docket No. 40), effective March 6, 2026. The Rejected Locations are set forth in Exhibit D. All remaining executory contracts and unexpired leases not listed on Exhibit D are deemed assumed as of the Effective Date pursuant to 11 U.S.C. § 365.

Rejection Damage Claims, if any, must be filed within thirty (30) days after the later of: (i) the applicable rejection effective date; or (ii) entry of the Confirmation Order. Allowed Rejection Damage Claims shall be treated as Class 3 General Unsecured Claims.

### 5.3  Assumption of Executory Contracts — Cure Amounts

Any cure amounts required in connection with the assumption of executory contracts shall be paid by the Reorganized Debtor within thirty (30) days after the Effective Date, or on such other terms as may be agreed between the Reorganized Debtor and the applicable counterparty. Any party asserting a cure amount must file notice of such asserted cure amount within twenty-one (21) days after the Confirmation Date.

### 5.4  Vesting of Assets

On the Effective Date, all property of the bankruptcy estate shall vest in the Reorganized Debtor free and clear of all Claims, liens, charges, and encumbrances, except as expressly provided in this Plan or the Confirmation Order. Class 1 and Class 1-A lien holders shall retain their liens only to the extent set forth in Article IV.

### 5.5  Pending Litigation — Estate Asset

The Debtor is plaintiff in a pending action captioned Metered Appliances, Inc. v. Verrazano Owners, Inc. and Aces Laundry Service II LLC, Index No. 706009/2021, Supreme Court of the

State of New York, County of Queens. The action arises from the wrongful termination of a laundry room service lease on or about March 12, 2021 and asserts claims for breach of contract, unlawful eviction, and treble damages pursuant to RPAPL § 853. The Reorganized Debtor shall retain and prosecute this litigation for the benefit of the estate. Any net recovery shall constitute additional Projected Disposable Income and shall be distributed to holders of Allowed Class 3 Claims pro rata, after payment of litigation costs and attorneys' fees.

### 5.6  Source of Plan Payments

All payments under this Plan shall be funded from the Reorganized Debtor's ongoing business revenues. The Debtor's Monthly Operating Reports for the period September 2025 through February 2026 reflect total receipts of $672,361.00 and total disbursements of $621,569.00, yielding net cash of $60,561.00 over six months. Excluding the anomalous September 2025 legal fee disbursements, the Debtor's average monthly net income is approximately $13,760.00 per month. After deducting a monthly Professional Fee Reserve of $1,500.00 and a Capital Equipment Reserve of $1,500.00, the Debtor's Projected Disposable Income available for plan payments is approximately $10,760.00 per month, or approximately $645,600.00 over the sixty-month Commitment Period.

## ARTICLE VI

## FEASIBILITY AND PROJECTED DISPOSABLE INCOME

### 6.1  Five-Year Cash Flow Projection

The following table sets forth the Debtor's projected cash flows for the five-year Commitment Period, based on historical operating results as reflected in the Monthly Operating Reports, adjusted for the rejection of twenty (20) laundry room service contracts and applying a conservative 3% annual revenue and expense growth assumption.

|  | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 |
|---|---|---|---|---|---|
| **Gross Revenues** | $1,620,000 | $1,669,000 | $1,719,000 | $1,771,000 | $1,824,000 |
| **Operating Expenses** | ($1,454,880) | ($1,498,526) | ($1,543,482) | ($1,589,786) | ($1,637,480) |
| **Net Operating Income** | $165,120 | $170,474 | $175,518 | $181,214 | $186,520 |
| **Professional Fee Reserve ($1,500/mo)** | ($18,000) | ($18,000) | ($18,000) | ($18,000) | ($18,000) |
| **Capital Equipment Reserve ($1,500/mo)** | ($18,000) | ($18,000) | ($18,000) | ($18,000) | ($18,000) |
| **Class 1 & 1-A Plan Payments** | ($90,549) | ($90,549) | ($90,549) | ($90,549) | ($90,549) |
| **Available for Class 3 Distributions** | $38,571 | $43,925 | $48,969 | $54,665 | $59,971 |

*Revenue projections are based on the Debtor's six-month MOR average net income of $13,760/month, applying a conservative 3% annual growth assumption. Operating expenses include all costs reflected in the Monthly Operating Reports, including equipment repairs and health insurance. The Professional Fee Reserve ($1,500/month) covers ongoing plan administration, claim objection proceedings, and confirmation-related legal work. The Capital Equipment Reserve ($1,500/month) provides for replacement of equipment as individual machines reach end of useful life. These reserves reduce monthly Projected Disposable Income available for Class 3 distributions. Total projected Class 3 distribution pool over five years: approximately $192,854. Actual results may vary.*

# ARTICLE VII

## BEST INTERESTS OF CREDITORS — LIQUIDATION ANALYSIS

Pursuant to 11 U.S.C. § 1129(a)(7) (as incorporated by § 1191), each holder of an impaired Claim must receive at least as much under this Plan as it would receive in a hypothetical Chapter 7 liquidation. The following analysis demonstrates that this Plan satisfies the best interests of creditors test.

### 7.1  Estimated Liquidation Value of Assets

| Asset | Scheduled Value | Est. Liq. Value |
|---|---|---|
| Cash and bank accounts | $6,785.73 | $6,785.73 |
| Vehicles (4 vehicles) | $26,800.00 | $20,000.00 |
| Equipment — retained locations (30% of 75% val.) | $2,582,418.06 | $56,000.00 |
| Equipment — rejected locations (scrap/in-place only) | Incl. above | $8,000.00 |
| Office furniture and other assets | $3,500.00 | $500.00 |
| GROSS LIQUIDATION PROCEEDS | | $91,285.73 |

### 7.2  Deductions — Liquidation Costs

| Deduction | Amount |
|---|---|
| Chapter 7 trustee commission (approx. 3% of gross proceeds) | ($2,739) |
| Chapter 7 trustee's professional fees (estimated) | ($25,000) |
| Equipment removal, storage, and disposal costs | ($30,000) |
| Wind-down costs and administrative expenses | ($15,000) |
| TOTAL LIQUIDATION COSTS | ($72,739) |
| NET LIQUIDATION PROCEEDS | $18,546.73 |

### 7.3  Hypothetical Chapter 7 Distribution Waterfall

| Distribution Priority | Amount Owed | Est. Recovery |
|---|---|---|
| **Secured Claims (Classes 1 and 1-A) — to extent of liq. value of collateral** | **$383,356** | **$18,546.73** |
| **Priority Claims (Class 2)** | **$516.94** | **$0 (exhausted)** |
| **General Unsecured Claims (Class 3)** | **$500,000+** | **$0 (exhausted)** |
| **Class 3 recovery — Chapter 7 liquidation** | | **0 cents / $1.00** |
| **Class 3 recovery — This Plan (estimated)** | | **Est. 40-60 cents / $1.00** |

The liquidation analysis confirms that this Plan satisfies 11 U.S.C. § 1129(a)(7). General unsecured creditors would receive nothing in a Chapter 7 liquidation. Under this Plan, they will receive substantial distributions from Projected Disposable Income over the Commitment Period, estimated at approximately $192,854 in the aggregate.

# ARTICLE VIII

## DISPUTED CLAIMS PROCEDURES

8.1   The Debtor reserves the right to object to any Claim at any time prior to the deadline established by the Court. The filing of this Plan does not waive any right to object to any Claim.

8.2   No distribution shall be made on account of a Disputed Claim until it becomes an Allowed Claim. Funds otherwise distributable to holders of Disputed Claims shall be held in a segregated reserve pending resolution.

8.3   The Debtor intends to file objections to the following claims promptly following confirmation: (i) Eastern Funding Claim No. 18; (ii) Clean Laundry Funding Claim Nos. 10, 11, and 12; (iii) Arverne Limited-Profit Housing Corp. Claim No. 6; (iv) Aces Laundry Service II LLC Claim No. 16 — Aces is a defendant in pending litigation brought by the Debtor in Queens County Supreme Court (Index No. 706009/2021) and its proof of claim is subject to disallowance in full and setoff against the Debtor's affirmative claims. With respect to Western Equipment Finance Inc., the Debtor will seek an order disallowing any claim pursuant to 11 U.S.C. § 502(b)(9) for failure to file a timely proof of claim.

**ARTICLE IX**

**CONDITIONS TO EFFECTIVENESS**

The Effective Date shall not occur unless and until each of the following conditions has been satisfied or waived by the Debtor:

1.  The Confirmation Order shall have been entered by the Court and shall not be subject to a stay pending appeal;
2.  No request for revocation of the Confirmation Order shall be pending before the Court;
3.  All Professional Fee Claims due and payable as of the Effective Date shall have been paid or satisfactory arrangements for payment shall have been made; and
4.  The Debtor shall have sufficient Cash on hand to make all payments required on the Effective Date under Article II.

## ARTICLE X

## EFFECT OF CONFIRMATION

### 10.1  Discharge

Upon completion of all payments due under this Plan, the Reorganized Debtor shall receive a discharge of all debts provided for under the Plan pursuant to 11 U.S.C. § 1192. If this Plan is confirmed on a nonconsensual basis under 11 U.S.C. § 1191(b), the Reorganized Debtor shall receive a discharge upon completion of all payments due under the Plan.

### 10.2  Injunction

As of the Effective Date, all holders of Claims and Interests shall be permanently enjoined from commencing or continuing any action or proceeding against the Reorganized Debtor or its property on account of any Claim or Interest treated under this Plan.

### 10.3  Binding Effect

The provisions of this Plan shall be binding upon the Debtor, the Reorganized Debtor, all holders of Claims and Interests, and any entity acquiring property under this Plan, whether or not such entity has accepted the Plan.

# ARTICLE XI

# RETENTION OF JURISDICTION

The Court shall retain jurisdiction over this case and all matters arising under or related to this Plan to the fullest extent permitted by law, including without limitation jurisdiction to:

- Hear and determine all Claim objections, estimation proceedings, and motions to allow or disallow Claims;
- Hear and determine any dispute regarding the interpretation, implementation, or enforcement of this Plan or the Confirmation Order;
- Hear and determine all applications for professional compensation and reimbursement of expenses;
- Hear and determine any motion to modify this Plan pursuant to 11 U.S.C. § 1193;
- Determine the dischargeability of any Claim;
- Enter a final decree closing this case upon substantial consummation of the Plan; and
- Hear and determine any other matter not inconsistent with the Bankruptcy Code.

## ARTICLE XII

## MISCELLANEOUS PROVISIONS

### 12.1  Modification of Plan

The Debtor reserves the right to alter, amend, or modify this Plan pursuant to 11 U.S.C. § 1193 before or after the Confirmation Date. Any material modification shall be subject to Court approval.

### 12.2  Revocation of Plan

The Debtor reserves the right to revoke or withdraw this Plan at any time prior to the Confirmation Date. If revoked, the Plan shall be null and void.

### 12.3  Severability

If any provision of this Plan is determined to be unenforceable, such determination shall not limit or affect the enforceability or applicability of any other provision.

### 12.4  Governing Law

Except to the extent that federal bankruptcy law governs, the rights and obligations arising under this Plan shall be governed by the laws of the State of New York, without giving effect to the principles of conflicts of law thereof.

### 12.5  Notices

All notices in connection with this Plan shall be in writing and delivered to: (a) the Debtor, c/o Charles Wertman, Esq., 100 Merrick Road, Suite 304W, Rockville Centre, New York 11570; (b) the Subchapter V Trustee, Salvatore LaMonica, Esq.; and (c) the Office of the United States Trustee for the Eastern District of New York.

Respectfully submitted,

**METERED APPLIANCES INC.**
Debtor and Debtor in Possession

By: /s/ Leonard Orner
Leonard Orner, President
Metered Appliances Inc.

Dated: April 16, 2026

---

By: /s/ Charles Wertman
**CHARLES WERTMAN, ESQ.**
Law Offices of Charles Wertman, P.C.
*Counsel for the Debtor and Debtor in Possession*
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570
Tel: (516) 284-0900
charles@cwertmanlaw.com

Dated: April 16, 2026

## EXHIBIT A
## CRAMDOWN PAYMENT SCHEDULE — ALL CLASS 1 AND CLASS 1-A CREDITORS

*Interest Rate: 6.75% per annum  |  Term: 60 months  |  Effective Date: 30 days post-confirmation*
*Monthly payment formula: $M = P \times [r(1+r)^{60} / ((1+r)^{60} - 1)]$  where r = 0.5625% monthly*

## EASTERN FUNDING LLC — INDIVIDUAL LOAN CRAMDOWN SCHEDULE

| Location | Status | Sched. Claim | Equip. Val. (75%) | Secured Claim | Deficiency (Cl. 3) | Monthly Pmt. | 60-Mo. Total |
|---|---|---|---|---|---|---|---|
| 160A Lowndes Ave., Huntington Station, NY | RETAINED | $8,349.06 | $8,349.06 | $8,349.06 | — | $164.34 | $9,860 |
| 140 Cadman Plaza West, Brooklyn, NY | RETAINED | $30,791.23 | $18,500.00 | $18,500.00 | $12,291.23 | $364.14 | $21,849 |
| 203 E. 72nd Street, New York, NY | RETAINED | $31,339.74 | $10,437.50 | $10,437.50 | $20,902.24 | $205.45 | $12,327 |
| 53 Hampton Place, Freeport, NY | RETAINED | $17,083.58 | $8,396.25 | $8,396.25 | $8,687.33 | $165.27 | $9,916 |
| 560 W. Broadway, Long Beach, NY | RETAINED | $18,453.99 | $5,366.25 | $5,366.25 | $13,087.74 | $105.63 | $6,338 |
| 150 Duncan Elder Drive, Greenlawn, NY | RETAINED | $14,677.74 | $4,488.25 | $4,488.25 | $10,189.49 | $88.34 | $5,301 |
| 221-22 Manor Road, Bellerose, NY | RETAINED | $109,267.06 | $31,000.00 | $31,000.00 | $78,267.06 | $610.19 | $36,611 |
| 300 East 85th Street, New York, NY | RETAINED | $77,735.10 | $31,400.00 | $31,400.00 | $46,335.10 | $618.06 | $37,084 |
| 2909 137th Street, Queens, NY | RETAINED | $11,153.74 | $18,750.00 | $11,153.74 | — | $219.54 | $13,173 |
| 50 Brompton Road, Great Neck, NY | RETAIN | $16,842.38 | $7,665.00 | $7,665.00 | $9,177.38 | $150.87 | $9,052 |

|  | | | | | | |
|---|---|---|---|---|---|---|
| | ED | | | | | | |
| **Unknown collateral (Claim 2.20)** | RET AIN ED | $6,953. 03 | $6,953. 03 | $6,953. 03 | — | $136.86 | $8,212 |
| **1760 Third Avenue, New York, NY** | REJ ECT ED | $14,552 .78 | $15,824 .25 | $14,552 .78 | — | $286.45 | $17,187 |
| **25-11 Union Street, Flushing, NY** | REJ ECT ED | $12,197 .34 | $10,479 .50 | $10,479 .50 | $1,717. 84 | $206.27 | $12,376 |
| **345 Baldwin Avenue, Jersey City, NJ** | REJ ECT ED | $19,934 .95 | $2,487. 50 | $2,487. 50 | $17,447 .45 | $48.96 | $2,938 |
| **EASTERN FUNDING TOTALS** | | | | $171,22 8.86 | $218,10 2.86 | $3,370.3 8 | $202,223 |

## CLEAN LAUNDRY FUNDING d/b/a LAUNDRY LUX CLEAN

| Collateral Locations (6 sites) | Total POC Claim | Secured Claim (75% val.) | Deficiency (Cl. 3) | Monthly Pmt. | 60-Mo. Total |
|---|---|---|---|---|---|
| **222 Seventh St., Garden City; 251-38 71st Rd., Bellerose; 475 Armstrong Ave., Staten Island; 53 Hampton Place, Freeport; 666 Shore Rd., Long Beach; 730/750 W. Broadway, Long Beach (Sandcastle)** | $163,323.43 | $61,873.75 | $101,449.6 8 | $1,217.89 | $73,073 |

## ALLIANCE LAUNDRY SYSTEMS LLC

| Location | Statu s | AL Claim | Equip. Val. (75%) | Secured Claim | Deficien cy (Cl. 3) | Monthly Pmt. | 60-Mo. Total |
|---|---|---|---|---|---|---|---|
| **30 Stoner Ave., Great Neck, NY** | RET AIN ED | $9,812. 34 | $3,296. 25 | $3,296. 25 | $6,516. 09 | $64.88 | $3,893 |
| **215 W. 91st Street, New York, NY** | RET AIN | $10,627 .46 | $5,471. 25 | $5,471. 25 | $5,156. 21 | $107.69 | $6,462 |

| | | | | | | |
|---|---|---|---|---|---|---|
| | ED | | | | | | |
| **301 E. 79th Street, New York, NY** | **REJ ECT ED** | **$48,212 .08** | **$30,063 .50** | **$30,063 .50** | **$18,148 .58** | **$591.75** | **$35,505** |
| **Unknown collateral (Claim 2.3)** | **RET AIN ED** | **$7,242. 79** | **$7,242. 79** | **$7,242. 79** | **—** | **$142.56** | **$8,554** |
| **ALLIANCE TOTALS** | | | | **$46,073 .79** | **$29,820 .88** | **$906.89** | **$54,413** |

## INTERNAL REVENUE SERVICE — CLASS 1-A

| Creditor / Basis | Secured Claim | Monthly Pmt. | 60-Mo. Total |
|---|---|---|---|
| **Internal Revenue Service — federal tax lien (26 U.S.C. § 6321) — Claim No. 9** | **$104,179.13** | **$2,050.61** | **$123,036** |

## GRAND TOTAL — ALL CLASS 1 AND CLASS 1-A MONTHLY OBLIGATIONS

| | Monthly Payment | 60-Month Total |
|---|---|---|
| **Total Class 1 + Class 1-A obligations** | **$7,545.76** | **$452,746** |
| **Average monthly net income (6-month MOR average)** | **$13,760.00** | |
| **Less: Professional Fee Reserve** | **($1,500.00)** | **($90,000)** |
| **Less: Capital Equipment Reserve** | **($1,500.00)** | **($90,000)** |
| **Monthly available for Class 3 distributions** | **$3,214.24** | **$192,854** |

# EXHIBIT D
## ASSUMED AND REJECTED EXECUTORY CONTRACTS

The following laundry room service contracts are REJECTED, effective March 6, 2026, pursuant to the Order on Motion to Reject Executory Contracts (Docket No. 40):

| Sched. G | Location / Property Owner | Managing Agent / Counterparty | Rej. Effective Date |
|---|---|---|---|
| 2.19 | Continental Towers Condo — 301 E. 79th Street, New York, NY | Allied Partners | March 6, 2026 |
| 2.31 | Selfhelp (KVII) Associates, LLC — 137-49 45th Ave., Flushing, NY | Douglas Elliman Prop. Mgmt. | March 6, 2026 |
| 2.35 | Hampton House Tenants Corp. — 120 Morris Ave., Rockville Centre, NY | Einsidler Management Inc. | March 6, 2026 |
| 2.47 | North & South Lewis Place Owners Corp. — 465 Merrick Rd., Rockville Centre, NY | Herman Slepoy Corporation | March 6, 2026 |
| 2.58 | 2020 Owners Corp. — 2020 E. 41st Street, Brooklyn, NY | Macon Property Mgmt. LLC | March 6, 2026 |
| 2.65 | 270 West 11th Street Owners Corp. — 270 W. 11th Street, New York, NY | Midboro Management Inc. | March 6, 2026 |
| 2.72 | 100-26 67th Road Owners — 100-26 67th Road, Flushing, NY | Queens Quality Management | March 6, 2026 |
| 2.73 | Linden Hill 1 Cooperative Corp. — 25-11 Union Street, Flushing, NY | Queens Quality Management | March 6, 2026 |
| 2.89 | Summit & Sip LLC — 425 Summit Avenue, Jersey City, NJ | Summit & Sip LLC | March 6, 2026 |
| 2.91 | 345 Baldwin Avenue LLC — 345 Baldwin Avenue, Jersey City, NJ | The Spitzer Group | March 6, 2026 |
| 2.92 | 316 Bergen Owner LLC — 316 Bergen Street, Brooklyn, NY | The Dermot Company | March 6, 2026 |
| 2.93 | 333 East Broadway Owners Corp. — 333 E. Broadway, Long Beach, NY | TRC Property Management | March 6, 2026 |
| 2.103 | WHGA Harriet Tubman Apts. LP — 142 W. 143rd Street, New York, NY | West Harlem Group Assistance | March 6, 2026 |
| 2.4 | 1760 Third Avenue Property Owner LLC — 1760 Third Ave., New York, NY | 60G Mgmt LLC | March 6, 2026 |

| Vari ous | Additional locations per Docket No. 40 (6 additional locations) | Various | March 6, 2026 |
|---|---|---|---|

All executory contracts and unexpired leases not listed above as rejected are ASSUMED as of the Effective Date. A complete list of assumed contracts is set forth on Schedule G of the Debtor's bankruptcy schedules.

---

**— END OF FIRST AMENDED PLAN OF REORGANIZATION —**