UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re

       Metered Appliances Inc.,

                        Debtor.

Chapter 11 (Subchapter V)

Case No. 25-73481-ast

-----------------------------------------------------------x

## ORDER AUTHORIZING EMPLOYMENT OF
## LAW OFFICES OF CHARLES WERTMAN P.C., AS COUNSEL FOR DEBTOR

Upon the application dated November 17, 2025 ("Application") of Metered Appliances, Inc., the above-captioned Chapter 11 Debtor and Debtor-in-Possession ("Debtor"), for entry of an order, pursuant to 11 U.S.C. § 327(a) and Bankruptcy Rules 2014 and 2016(b), authorizing the employment of Law Offices of Charles Wertman P.C.("LOCW") as counsel to the Debtor; and upon the Declaration of Charles Wertman Esq., which is annexed to the Application ("Declaration"); and there being no filed objections to the relief requested in the Application; and the proposed Order having been presented to the Court for consideration on December 2, 2025; and adequate notice of the Application having been given and no further notice being required; and it appearing that LOCW is a "disinterested person" within the meaning of Bankruptcy Code sections 101(14) and 327, and does not hold or represent any interest adverse to the Debtor's estate; and this Court having determined that employment of LOCW as counsel to the Debtor is in the best interests of the Debtor, the estate and its creditors; and after due deliberation and sufficient cause appearing therefor; it is hereby;

**ORDERED**, that pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, the Debtor is authorized and approved to retain LOCW, as its counsel, under a retainer, effective as of September 9, 2025. Such retention is approved nunc pro tunc to September 9, 2025, and it is further;

**ORDERED,** that pursuant to 11 U.S.C. §327(a), LOCW shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a

hearing, pursuant to 11 U.S.C. §§ 330 and 331, Bankruptcy Rule 2014, and E.D.N.Y. Local Bankruptcy Rule 2014-1 and the Guidelines of the Office of the United States Trustee, and in accordance with the limitations imposed under the existing Cash Collateral Orders; and it is further;

**ORDERED**, that LOCW shall apply LOCW shall apply any unused portion of the prepetition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order of the Court; and it is further;

**ORDERED**, that prior to any increases in LOCW rates, LOCW shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee and any official committee, which supplemental affidavit shall explain the basis for the requested rate increases in accordance with Bankruptcy Code section 330(a)(3)(F) and state whether the Debtor has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Bankruptcy Code section 330, and all rates and rate increases are subject to review by the Court; and it is further;

**ORDERED**, that, notwithstanding any provision to the contrary in the Application or the Declaration, the Court may retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.



Dated: June 1, 2026
   Central Islip, New York

               Alan S. Trust
           United States Bankruptcy Judge