U UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:

METERED APPLIANCES INC,

                                          Debtor.

--------------------------------------------------------x

Chapter 11 (SubChapter V)
Case No.25-73481 (ast)

### ORDER AUTHORIZING EMPLOYMENT OF
### MICHAEL P. BRONSTEIN, CPA, AS ACCOUNTANT FOR
### THE CHAPTER 11 DEBTOR AND DEBTOR-IN-POSSESSION

Upon the application dated January 14, 2026 ("Application") of Metered Appliances ("Metered"), the above-captioned Chapter 11 Debtor and Debtor-in-Possession ("Debtor"), for entry of an order, pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, authorizing the employment of Michael P. Bronstein, CPA ("Bronstein") as accountant to the Debtor; and upon the Declaration of Michael P. Bronstein annexed to the Application (the "Declaration"); and no objections having been filed to the relief requested in the Application; and the proposed Order having been presented to the Court for consideration on January 29, 2026 and adequate notice of the Application having been given and no further notice being required; and it appearing that Bronstein is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code and does not hold or represent any interest adverse to the Debtor or the estate; and the Court having determined that the employment of Bronstein as accountant is in the best interests of the Debtor, the estate, and creditors; and after due deliberation and sufficient cause appearing therefo; it is hereby

**ORDERED**, that pursuant to Bankruptcy Code section 327(a) and Bankruptcy Rule 2014, the Debtor is authorized and approved to retain Michael P. Bronstein, CPA, as accountant,, under a retainer, effective as of September 9, 2025; and it is further

**ORDERED**, that LOCW shall seek compensation for its services and reimbursement of its expenses upon application to the Court, and upon notice and a hearing, pursuant to Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016, E.D.N.Y. L.B.R. 2016 and the Guidelines of the Office of the United States Trustee; and it is further

**ORDERED**, that LOCW shall apply the remaining amount of any pre-petition retainer as a credit towards post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to order of the Court; and it is further

**ORDERED**, that pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, the Debtor is authorized and approved to retain Michael P. Bronstein, CPA, as accountant, effective as of [effective date]; and it is further

**ORDERED**, that prior to any increase in Bronstein's hourly rates, Bronstein shall file a supplemental declaration with the Court and provide no less than ten (10) business days' notice to the Debtor, the United States Trustee, and any official committee, which supplemental declaration shall explain the basis for the requested rate increase in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to such rate increase. The United States Trustee retains all rights to object to any rate increase on any grounds, including, without limitation, the reasonableness standard set forth in section 330 of the Bankruptcy Code, and all rates and rate increases shall remain subject to review and approval by the Court; and it is further

**ORDERED**, that Bronstein shall seek compensation for services rendered and reimbursement of expenses incurred only upon application to the Court, and upon notice and a hearing, in accordance with sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule

2016, E.D.N.Y. Local Bankruptcy Rule 2016-1, and the applicable Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York; and it is further

**ORDERED**, that any retainer paid to Bronstein shall be held and applied only in accordance with further order of this Court approving post-petition fees and expenses; and it is further

**ORDERED**, that notwithstanding any provision to the contrary in the Application or the Declaration, this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.



Dated: June 1, 2026
      Central Islip, New York

_____
Alan S. Trust
United States Bankruptcy Judge