UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

**Hearing Date and Time:**
**July 29, 2026 at 10 a.m.**

------------------------------------------------------------x

In re

**METERED APPLIANCES INC.,**

Chapter 11

Case No. 25-73481-jpm

Debtor.

------------------------------------------------------------x

**UNITED STATES TRUSTEE'S SUPPLEMENTAL PLEADING IN SUPPORT
OF THE MOTION UNDER BANKRUTPCY CODE SECTION 1112(b) SEEKING
ENTRY OF AN ORDER DISMISSING THE WITHIN CHAPTER 11 CASE,
OR IN THE ALTERNATIVE CONVERTING THE CASE TO ONE
UNDER CHAPTER 7 OF THE BANKRUTPCY CODE**

TO:        **THE HONORABLE JOHN P. MASTANDO, III;
UNITED STATES BANKRUPTCY JUDGE:**

WILLIAM K. HARRINGTON, the United States Trustee for Region 2 (the

"United States Trustee"), by his counsel, files this Supplemental Pleading in furtherance of the

United States Trustee's Motion Under Bankruptcy Code section 1112(b) (the "Motion) [ECF

Docket No. 23] Seeking Entry of an Order Dismissing the chapter 11 case of Metered Appliances

Inc., (the "Debtor") or alternatively, converting the Debtor's chapter 11 case to one under

chapter 7 of the Bankruptcy Code, represents and alleges as follows:

**PRELIMINARY STATEMENT**

On January 2, 2026, the United States Trustee moved seeking entry of an order

dismissing the Debtor's case or converting the Debtor's case premised upon three statutorily

enumerated grounds: failure to timely file a plan; failure to timely file monthly operating reports

1

("MORs"); and continuing losses and lack of a likelihood of rehabilitation.  In response, the

Debtor filed no opposition but did file an amended plan on April 17, 2026 [ECF Docket No. 53],

and its MORs for the period of February 2026 through May 2026.  During oral argument on the

Motion, the United States Trustee contended that the MORs were untimely but more critically

the MORs demonstrated that the Debtor's unpaid post-petition expenses were increasing on a

monthly basis and the Debtor lacked the cash flow to pay those post-petition expenses.

Consequently, the Debtor was suffering substantial and continuing losses or a diminution in the

value of the estate, and there was an absence of a reasonable likelihood of rehabilitation.  The

Court requested that the United States Trustee supplement its Motion in light of the filed MORs.

## THE FACTS

1.      Oral argument on the Motion was heard on July 8, 2026.  The Debtor

appeared but had not filed a formal objection to the relief sought in the Motion.  Instead, the

Debtor had filed an amended SubChapter V Plan of Reorganization, and on June 25, 2026

2026, the Debtor filed its MORs for the months of February 2026 [ECF Docket No. 65][1]; March

2026, [ECF Docket No. 66]; April 2026 [ECF Docket No. 67], and on June 26, 2026, filed its

May 2026 MOR [ECF Docket No. 68].

2.      The United States Trustee argued that MORs show a continuous

diminution in the Debtor's cash position, as reflected by an increase in the amount of unpaid

post-petition expenses.

---

[1] On March 8, 2026 [ECF Docket No. 48] the Debtor filed its February 2026 MORs, which based upon a review of
the first four pages is the same report filed on June 25, 2026.

3.      According to February 2026 MOR [ECF Docket No. 65] the Debtor reported net cash flow of $3,647[2], post-petition payables of $29,905, accounts receivable of $7,311 and cash on hand of $26,901.

4.      In March, according to the Debtor's March 2026 MOR, the Debtor reported negative cash flow of $4,760, post-petition payables of $29,537, accounts receivable of $10,666, and cash on hand of $21,871.

5.      The April 2026 MOR shows cash flow of $18,076; post-petition payables of $55,934, and accounts receivable of $10,666 and cash on hand of $39,947 [ECF Docket No. 67].

6.      The May 2026 MOR shows cash flow of $6,921; post-petition payables of $85,844, accounts receivable of $10,666, and cash on hand of $33,027.

7.      In short, in the months between February 2026 and May 2026, the Debtor reported that its cash flow varied from a negative $4,749 to a positive $18,076 and its accounts receivable remained consistent at approximately $10,000 a month.  However, the Debtor's post-petition payables reported to be $26,905 in February 2026, and $29,537 in March 2026 had increased substantially to $55,934 in April 2026 and finally to $85,844, in May 2026.

8.      Significantly, as of May 2026, the Debtor failed to pay $85,844 in post-petition expenses and had on hand $33,086. Even if the Debtor were to collect, in full, its outstanding receivables, the Debtor would only have approximately $43,000 to pay more than $85,000 in expenses.

9.      The United States Trustee submits that the continual accrual of unpaid post-petition expenses, as shown in the most recently filed MORs, which amounts have

---

[2] For ease, the dollar amounts are rounded to the nearest dollar and are taken from page 2 of the respective MOR.

escalated[3], demonstrate that the Debtor is unable to pay its post-petition expenses on a going forward basis and is suffering continuing losses.  As such, the United States Trustee submits that it has satisfied the first prong of section 1112(b)(4)(A).

10.     With respect to the second prong of 1112(b)(4) (A), the United States Trustee submits that the Debtor's inability to remain current on its post-petition expenses based upon the case law cited in the Motion, demonstrates an absence of a reasonable likelihood of rehabilitation.  (See *In Re AdBrite*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) defining rehabilitation as to put back in good condition and reestablish a sound basis, and citing *In re Rundlett*, 136 B.R. at 380, "which implies establishing a cash flow from which current obligations can be met.").

11.     Finally, based upon the accrual of unpaid post-petition expenses, it does not appear that the Debtor will be able to satisfy the feasibility requirements of Bankruptcy Code section 1129(a)(11) and confirm a plan by the September 8, 2026, deadline previously set by the Court.[4]

## CONCLUSION

12.     The Debtor's MORs demonstrate a continual accrual of unpaid post-petition expenses, and a lack of cash flow sufficient to pay those post-petition expenses. Consequently, the Debtor is suffering substantial and continuing losses and a diminution of the estate. The Debtor's same inability to fund its current post-petition expenses, according to the case law cited in the Motion and this Supplemental Pleading, demonstrates an absence of a

---

[3] On March 4, 2026, in response to the UST's motion at para. 18-20, 50 Brompton Owners Corp., by its counsel, asserted that the Debtor's MORs failed to properly list the Debtor's unpaid expenses [ECF Docket No. 37]
[4] On May 15, 2026 the Court entered an order requiring the Debtor to confirm a plan of reorganization no later than September 8, 2026 [ECF Docket No. 58].

reasonable likelihood of rehabilitation.  Since both prongs of section 1112(b)(4)(A) are satisfied, the United States Trustee requests that the Motion be granted.

WHEREFORE, it is respectfully requested that the Motion be granted in its entirety and that the Court entered such other and further relief as may be just and proper.

DATED:  Central Islip, New York                    WILLIAM K. HARRINGTON
            July 15, 2026                           UNITED STATES TRUSTEE REGION 2
                                       Alfonse M. D'Amato U.S. Courthouse
                                       560 Federal Plaza
                                       Central Islip, New York  11722
                                       Telephone 631  715 7800

                                  By:    *s/s Christine H. Black*
                                            Christine H. Black
                                            Assistant United States Trustee

UNITED STATES BANKRUPTCY COURT        **Hearing Date and Time:**
EASTERN DISTRICT OF NEW YORK        **July 29, 2026 at 10 a.m.**
------------------------------------------------------------x
In re

                                               Chapter 11

**METERED APPLIANCES INC.**,

                                               Case No. 25-73481-jpm

                        Debtor.
------------------------------------------------------------x

## CERTIFICATE OF SERVICE

       I, Joann C. Lomangino, am employed by the Office of the United States Trustee for the Eastern District of New York, and hereby certify that on July 15, 2026  I served a true copy of the United States Trustee's Supplemental Pleading In Support Of The Motion Under Bankruptcy Code Section 1112(B) Seeking Entry Of An Order Dismissing The Within Chapter 11 Case, Or In The Alternative Converting The Case To One Under Chapter 7 Of The Bankruptcy Code, to be  served by regular first class mail to the persons and entities whose names and addresses appear on the annexed service list.

Dated:   Central Islip, New York                  ***/s/ Joann Lomangino***
         July 15, 2026                          Joann Lomangino

**Service List**

Charles Wertman
Law Offices of Charles Wertman P.C.
100 Merrick Road
Suite 304W
Rockville Centre, NY 11570

Salvatore LaMonica, Esq.
LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue
Suite 201
Wantagh, NY 11793

Seth Choset
Schneider Buchel LLP
60 Crossways Park Dr. West
Ste 340
Woodbury, NY 11797