# EXHIBIT "D"

## PROPOSED SALE ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re:                                                    Chapter 11
                                                          Subchapter V
    METERED APPLIANCES INC.,                       Case No. 25-73481 (JPM)

    Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER (I) AUTHORIZING THE SALE OF CERTAIN LAUNDRY ROOM ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS, (II) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN BUILDING AGREEMENTS AND FIXING CURE AMOUNTS, (III) AUTHORIZING THE REJECTION OF CERTAIN OTHER BUILDING AGREEMENTS, (IV) WAIVING THE STAYS IMPOSED BY BANKRUPTCY RULES 6004(h) AND 6006(d), AND (V) GRANTING RELATED RELIEF**

Upon the motion (the **"Motion"**) of Metered Appliances Inc., the debtor and debtor in possession herein (the **"Debtor"**), for entry of an order authorizing the sale of certain laundry room assets to CPIL LLC (the **"Purchaser"**), authorizing the assumption and assignment of certain building agreements and fixing the cure amounts payable in connection therewith, authorizing the rejection of certain other building agreements, and granting related relief; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this being a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and a hearing having been held on _____, 2026 (the **"Sale Hearing"**); and upon the record of the Sale Hearing and all proceedings had herein; and after due deliberation and sufficient cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

1.      Notice of the Motion was adequate and sufficient under the circumstances, was given in accordance with Bankruptcy Rules 2002(a)(2), 6004(a), and 6006, and constituted good and sufficient notice to all parties in interest. No other or further notice is required.

1

2.      A reasonable opportunity to object or to be heard with respect to the Motion and the relief granted herein has been afforded to all parties in interest.

3.      The Debtor has articulated good and sufficient business justification for the sale of the Acquired Assets and for the assumption and assignment and rejection of the building agreements as set forth in the Motion. The relief granted herein is a sound exercise of the Debtor's business judgment and is in the best interests of the Debtor, its estate, and its creditors.

4.      The consideration to be paid by the Purchaser under the Purchase Agreements constitutes reasonably equivalent value and fair consideration for the Acquired Assets.

5.      The Purchase Agreements were negotiated at arm's length and in good faith. The Purchaser is not an insider or affiliate of the Debtor within the meaning of section 101(31) of the Bankruptcy Code, and there has been no collusion or fraud in connection with the sale. The Purchaser is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code and is entitled to the protections afforded thereby.

6.      The Debtor may sell the Acquired Assets free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code because one or more of the conditions set forth in section 363(f)(1) through (5) has been satisfied as to each such lien, claim, encumbrance, and interest. All such liens, claims, encumbrances, and interests shall attach to the proceeds of the sale with the same validity, extent, and priority as they had against the Acquired Assets immediately prior to the sale.

7.      The Debtor has cured, or has provided adequate assurance that it will promptly cure, all defaults under the Assumed Contracts, and the Purchaser has provided adequate assurance of future performance under the Assumed Contracts, in satisfaction of sections 365(b)(1) and 365(f)(2) of the Bankruptcy Code.

8.      The rejection of the building agreements at 301 East 79th Street and at 750/730 West Broadway reflects a sound exercise of the Debtor's business judgment.

**NOW, THEREFORE, IT IS HEREBY:**

9.      ORDERED, that the Motion is granted to the extent set forth herein; and it is further

10.     ORDERED, that any objection to the Motion that has not been withdrawn, waived, or settled is overruled on the merits; and it is further

11.     ORDERED, that the Debtor is authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to sell the Acquired Assets to the Purchaser on the terms set forth in the Purchase Agreements, and to execute, deliver, and perform the Purchase Agreements and all documents contemplated thereby; and it is further

12.     ORDERED, that the sale of the Acquired Assets is free and clear of all liens, claims, encumbrances, and interests pursuant to section 363(f) of the Bankruptcy Code, with all such liens, claims, encumbrances, and interests attaching to the proceeds of the sale with the same validity, extent, and priority as they had against the Acquired Assets immediately prior to the sale, and this Order does not determine the validity, priority, extent, or amount of any such lien, claim, encumbrance, or interest, all of which are preserved; and it is further

13.     ORDERED, that the Purchaser is a good faith purchaser entitled to the protections of section 363(m) of the Bankruptcy Code; and it is further

14.     ORDERED, that the Debtor is authorized, pursuant to sections 365(a) and 365(f) of the Bankruptcy Code, to assume and assign to the Purchaser the building agreements identified as Assumed Contracts on **Schedule 1** hereto, effective as of the Closing; and it is further

15.     ORDERED, that the cure amounts required under section 365(b)(1) of the Bankruptcy Code with respect to the Assumed Contracts are fixed in the amounts set forth on **Schedule 1** hereto, shall be paid by the Debtor at or promptly following

3

the Closing, and, upon payment, shall be in full and final satisfaction of all defaults and of all cure obligations under the Assumed Contracts arising on or before the Closing; and it is further

16. ORDERED, that each counterparty to an Assumed Contract that did not file and serve a timely objection to the cure amount proposed for its agreement or to the assumption and assignment of that agreement is deemed to have consented to that cure amount and to the assumption and assignment of that agreement to the Purchaser, and is forever barred from asserting against the Debtor, the estate, or the Purchaser any default or cure obligation arising on or before the Closing other than as set forth on **Schedule 1**; and it is further

17. ORDERED, that the Debtor is authorized, pursuant to section 365(a) of the Bankruptcy Code, to reject the building agreements at 301 East 79th Street, New York, New York and at 750/730 West Broadway, Long Beach, New York, effective as of the Closing; and it is further

18. ORDERED, that nothing in this Order or in either Purchase Agreement conveys to the Purchaser any interest in real property, any right to occupy any premises, or any right arising under a building agreement rejected pursuant to this Order. The owner of each building at which a building agreement is rejected pursuant to this Order retains all rights it may have under applicable non-bankruptcy law with respect to the presence of equipment on its premises, and the Purchaser takes the equipment at those locations subject to those rights. If the Purchaser and the owner of such a building do not reach agreement permitting the equipment to remain in place, the Purchaser shall remove the equipment at its sole cost and expense within thirty days of written demand, and neither the Debtor nor the estate shall bear any cost of such removal; and it is further

19. ORDERED, that the Purchaser shall indemnify, defend, and hold harmless the Debtor and its estate from and against any claim, cost, or liability asserted by the

owner of a building at which a building agreement is rejected pursuant to this Order and arising from the presence of equipment at that location on or after the Closing, including any claim for use and occupancy, storage, or removal, and any such claim shall be satisfied by the Purchaser and shall not be an administrative expense of the estate; and it is further

20.     ORDERED, that any claim arising from the rejection of a building agreement pursuant to this Order shall be filed within thirty days after the Closing, and shall be treated as a general unsecured claim in the Debtor's chapter 11 case; and it is further

21.     ORDERED, that the stays imposed by Bankruptcy Rules 6004(h) and 6006(d) are waived, and this Order shall be effective and enforceable immediately upon entry; and it is further

22.     ORDERED, that the Debtor is authorized to take all actions and to execute all documents reasonably necessary to implement the relief granted herein without further order of this Court; and it is further

23.     ORDERED, that this Court retains jurisdiction to interpret, implement, and enforce the terms and provisions of this Order and of the Purchase Agreements, and to adjudicate any dispute arising therefrom.