Return Date: August 12, 2026
Time: 10:00 a.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re: Chapter 11

Metered Appliances Inc., Case No. 1-25-73481-ast

Debtor.
-----------------------------------------------------------X

Supplemental Response of 50 Brompton Owners, Inc. to the "Application of the United States Trustee for the Eastern District of New York Seeking Entry of an Order under 11 U.S.C. §1112(b) Converting this Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code, or in the alternative, Dismissing this Case, and Such Other and Further Relief as May be Deemed Just and Proper"

TO: HONORABLE JOHN P. MASTANDO, III
UNITED STATES BANKRUPTCY JUDGE

50 Brompton Owners, Inc. ("50 Brompton"), by and through its counsel, Schneider Buchel LLP, hereby submits this Supplemental Response to the "Application of the United States Trustee for the Eastern District of New York seeking entry of an order under 11 U.S.C. §1112(b) converting this Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or in the alternative, dismissing this case, and such other and further relief as may be deemed just and proper" ("UST Conversion/Dismissal Motion") as follows:

1. 50 Brompton is the fee owner of the several buildings known as 35, 50 and 75 Knightsbridge Road, Great Neck, New York 11021 (the "Premises"). 50 Brompton is managed by its volunteer members of its Board with the assistance of a property management firm. Debtor operates four (4) laundry rooms from the Premises.

2. On March 4, 2026, 50 Brompton submitted a response to the UST Conversion/Dismissal Motion ("50 Brompton Response"). At this juncture, and even though Debtor has provided more information than it had done so prior to the filing of the UST Conversion/Dismissal Motion, 50 Brompton stands by its 50 Brompton Response.

3. While 50 Brompton remains willing to work with Debtor, and has had some initial discussions with Debtor, at this point, nothing has changed since 50 Brompton filed the 50 Brompton Response.

4. Of particular concern is, Debtor's position that it is operating with a positive cash flow as noted in its opposition to the UST Conversion/Dismissal Motion. (ECF Doc. No. 75, ¶ 17.)

5. Although Debtor's financials are difficult to reconcile, Debtor is not current with its obligations to 50 Brompton on a post-petition basis. Thus, while Debtor asserts that it is operating with a positive cash flow, it is not paying all of its obligations, at least to 50 Brompton. As such, if Debtor has failed to remit payment in full to other buildings, Debtor's contention that it is operating with a positive cash flow may not be accurate.

6. Since 50 Brompton lacks knowledge regarding Debtor's payments to other buildings impacted by Debtor's bankruptcy case, including whether such other buildings have been paid in full, 50 Brompton cannot accept Debtor's contention that it is operating at a positive cash flow. Cash in the bank does not necessarily translate to a positive cash flow. Perhaps Debtor can provide such information via a chart of money charges and payments to each building?

7. Nevertheless, if the cash flow is not positive, Debtor's ability to confirm a plan would be significantly strained, if possible, at all.

Dated: Woodbury, New York
August 7, 2026

Schneider Buchel LLP
*Attorneys for 50 Brompton Owners Corp.*

By: Seth M. Choset

Mitchell J. Flachner
Seth M. Choset
60 Crossways Park Drive West, Suite 340
Woodbury, New York 11797
Telephone No.: (516) 393-5555
Email: Mflachner@schneiderbuchel.com
Schoset@schneiderbuchel.com