UNITED STATES BANKRUPTCY COURT     Hearing date: August 12, 2026 at 10:00am
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
In re:                                        Chapter 11

       METERED APPLIANCES INC.,           Case No. 25-73481-jpm

               Debtor.
--------------------------------------------------------x

**REPLY IN SUPPORT OF A MOTION SEEKING ENTRY OF AN ORDER
DISMISSING THIS CASE, OR IN THE ALTERNATIVE, CONVERTING THIS
CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OF THE BANKRUPTCY CODE**

**TO:    THE HONORABLE JOHN P. MASTANDO III:
        UNITED STATES BANKRUPTCY JUDGE:**

         William K. Harrington, the United States Trustee for Region 2 ("United States

Trustee") in furtherance of his duties and responsibilities set forth in 28 U.S.C. §586(a)(3) and

(5) in further support of his application seeking entry of an order under 11 U.S.C. §1112(b)

dismissing this case, or in the alternative, converting this chapter 11 case to one under chapter 7

of the Bankruptcy Code, represents and alleges as follows:

<strong><u>PRELIMINARY STATEMENT</u></strong>

         Metered Appliances Inc.'s ("Debtor") Response in Opposition to the United

States Trustee's Motion to Dismiss, or, alternatively, Convert this Case to One Under Chapter 7

("Debtor's Opposition") along with Debtor's Second Amended Subchapter V Plan of

Reorganization ("Second Amended Plan") fail to overcome that there is cause to dismiss or

convert as demonstrated by the United States Trustee.  The Debtor's Monthly Operating Reports

have been consistently filed untimely and, more importantly, the Debtor admits that they are

1

inaccurate.  The Second Amended Plan is statutorily deficient and legally unconfirmable.[1]

While the Debtor has filed a Motion to Sell Estate Property ("Sale Motion"), the Sale Motion has

not been noticed for a hearing, and an affidavit of service has not been filed.  With the first

anniversary of the commencement of this case approaching and the looming September 8, 2026

deadline imposed upon the Debtor to confirm a plan, the Debtor is, at best, months away from

confirmation.  Accordingly, cause has been further established to dismiss this case, or,

alternatively, convert this case to one under chapter 7.

## RELEVANT FACTUAL BACKGROUND

1.     The facts and allegations set forth in the United States Trustee's Motion to

Dismiss this Case, or, in the alternative, Motion to Convert this Case From One Under Chapter

11 to One Under Chapter 7 ("UST Motion") filed on January 2, 2026 are incorporated herein and

made a part hereof.  (ECF Docket No. 21).

2.     On July 15, 2026, the United States Trustee filed a Supplemental Affidavit

in Support of the UST Motion ("UST Motion Supplement") [ECF Docket No. 70].  The facts and

allegations set forth in the UST Motion Supplement are incorporated herein and made a part

hereof.

3.     On May 15, 2026, Hon. Alan S. Trust issued an Order pursuant to 11

U.S.C. §105(d)(2)(B) ("105 Order") that the "Debtor shall obtain confirmation of a plan of

reorganization by September 9, 2026."  [ECF Docket No. 58].  The 105 Order also stated that

"any unexcused failure to comply with the foregoing paragraph of the [105 Order] shall

constitute cause for immediate conversion of the case to Chapter 7 or dismissal pursuant to 11

---

[1] While the United States Trustee will address several objections to the Debtor's Second Amended Plan, the United States Trustee reserves all rights to file a formal objection once the Second Amended Plan has been formally noticed for a hearing on confirmation.

U.S.C. §1112 without a further hearing or notice."

4. On July 28, 2026, the Debtor filed Debtor's Opposition to the UST Motion. [ECF Docket No. 75)]. It should be noted that opposition to the UST Motion was due on February 18, 2026.

5. On July 28, 2026, the Debtor filed the Sale Motion. [ECF Docket No. 76]. It should be noticed that the Sale Motion has not been noticed for a hearing and an affidavit of service has not been filed.

6. On July 28, 2026, the Debtor filed the Second Amended Plan. [ECF Docket No. 77]. It should be noted that a hearing on confirmation has yet to be noticed.

## ARGUMENT

### I. THE DEBTOR'S MONTHLY OPERATING REPORTS REFLECT A CONTINUING LOSS AND CAUSE UNDER §1112(b)(4)(A)

7. As stated in both the UST Motion and the UST Motion Supplement, cause to dismiss or convert a chapter 11 is established when there is a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation" under Bankruptcy Code section 1112(b)(4)(A). The UST Motion Supplement indicates that the Debtor's post-petition payables reflected in the May 2026 monthly operating report are $85,844.00. (See UST Motion Supplement Para. 7); (See Line 24 May 2026 Monthly Operating Report ECF Docket No. 68). In Debtor's Opposition, the Debtor claims the United States Trustee is misreading that single line and argues that the amount is a cumulative total and not a total balance owed at the end of the reporting period. (See Debtor's Opposition Para. 20). While the Debtor is expressly admitting that its monthly operating reports are inaccurate, the Debtor has failed to file amended monthly operating reports to correct the record and provide creditors with an accurate account of the Debtor's finances. Moreover, thirteen days after the UST

3

Motion Supplement was filed, the Debtor filed the monthly operate report for June 2026, again, reflecting a dramatic increase of the post-petition payables to $113,428.36. [ECF Docket No. 74].  If the Debtor's monthly operating reports were in fact inaccurate, the Debtor, while on notice of the inaccuracy, continued to commit the same mistake while referencing the mistake in Debtor's Opposition.  Ultimately, the Debtor concedes that its monthly operating reports cannot be relied upon to determine the Debtor's financial viability.

8. Additionally, the Debtor's Opposition argues that the Debtor ceased monthly payments to Eastern Funding LLC in the amount of $27,584.34 ("Eastern Payment") which the Debtor identified as the source of the increasing post-petition payables.  (See Debtor's Opposition Paras. 20 and 21).  The Debtor does not indicate in which month the Debtor ceased these payments.  Nevertheless, it can be inferred, based on Debtor's Opposition, that it was April 2026 as that is when the Debtor's post-petition payables increased from $29,537.00 in March to $55,933.00 in April 2026.  Naturally, the Debtor's cessation of the Eastern Payment should translate into an increase of $27,584.34 in net cash flow.  However, a review of the Debtor's monthly operating reports for March 2026, April 2026, May 2026 and June 2026, indicate that a corresponding $27,584.34 increase is conspicuous absent.  The net cash flow for those reporting periods are respectively $-4,759.00, $18,075.00, $6,920.00 and $20,298.00.  As such, the Eastern Payment is clearly being spent elsewhere.

## II.     THE DEBTOR'S SECOND AMENDED PLAN IS UNCONFIRMABLE AS A MATTER OF LAW

9. The Second Amended Plan contemplates the sale of six (6) leases with the proceeds to fund the Second Amended Plan.  This sale would require the Debtor to assign the leases to the prospective buyer, which the Debtor is attempting to accomplish via its Sale Motion.  However, the issue facing the Debtor is that a lease for non-residential real property

must be assumed prior to assignment.  Under 11 U.S.C. §365(b)(1)(A), an assumption of the lease requires the Debtor to cure the default on the lease at the time of the assumption, prior to effectuating the assignment, something the Debtor does not propose to do.  Instead, the Debtor seeks cure by making an initial payment with monthly payments to commence over the next thirty-six (36) months.  While 11 U.S.C. §365(b)(1)(A) allows for adequate assurance in lieu of a cure, the Debtor makes no attempt to justify the adequacy of its proposal.  Consequently, the Second Amended Plan rests upon a violation of the Bankruptcy Code's provisions governing assumptions and assignments, demonstrating a lack of feasibility, rending the Second Amended Plan unconfirmable as a matter of law.

10.    Attached to the Second Amended Plan as Exhibit A is the Debtor's liquidation analysis. A liquidation should be presented in a tabular form so that creditors and the Court can determine whether the plan complies with 1129(a)(7), the best interests of creditors test.  In the instant case, the liquidation analysis fails to list any equipment the Debtor owns, the values of that equipment or its condition and the amounts likely to be received in a chapter 7 liquidation.  It is impossible for creditors to determine whether they would fare better in a chapter 7 liquidation as opposed to the confirmation of the Second Amended Plan.

11.    On Schedule H, the Debtor lists one hundred-seven (107) separate leases. The Second Amended Plan contemplates the sale of six (6) of these leases without any mention of the remaining one hundred-one (101) leases or their cure amounts.  Section 5.2 of the Second Amended Plan indicates that Exhibit C represents the leases to be assumed and the cure amounts to being the leases current.  Exhibit C is completely blank, leaving the Court, the creditors and, most importantly, the lessors completely in the dark regarding the Debtor's intentions toward these leases.

12. Ultimately, the liquidation analysis fails to provide adequate information to allow creditors to determine whether they fair better under the Second Amended Plan instead of chapter 7 liquidation. As such, the Second Amended Plan fails as a matter of law.

## III. THE DEBTOR'S INABILITY TO CONFIRM A PLAN WITHIN THE TIME FIXED BY ORDER OF THE COURT IS CAUSE UNDER BANKRUPTCY CODE §1112(b)(4)(J)

13. As stated, *infra*, the Debtor's Second Amended Plan is unconfirmable as a matter of law. The 105 Order was clear that the Debtor **shall** obtain confirmation of a plan of reorganization by September 9, 2026 and the unexcused failure to comply **shall** constitute cause for immediate conversion of the case to Chapter 7 or dismissal pursuant to 11 U.S.C. §1112. (*emphases added*). The time required to further amend the Second Amended Plan, combined with the time required to solicit votes and schedule a confirmation will take the case far past the September 9, 2026 date set by the 105 Order. Even further delay will be realized should the confirmation be contested and non-consensual. The Debtor has failed to identify a single reasonable excuse as to why, after nearly a year, the Debtor cannot confirm a plan. Simply put, the Debtor does not have enough time to comply with the 105 Order. Consequently, cause has been demonstrated that the Debtor's bankruptcy must be dismissed, or, alternatively, converted to one under chapter 7.

## CONCLUSION

14. The Debtor's Opposition fails to refute that the United States Trustee has established cause under Bankruptcy Code section 1112(b). The Second Amended Plan is unconfirmable as a matter of law. The 105 Order unequivocally states that the Debtor's unexcused failure to confirm a plan by September 9, 2026 shall result in the dismissal or conversion of the Debtor's case. Upon the establishment of cause under 11 U.S.C. §1112(b), the

Debtor's chapter 11 case should either be converted to a case under chapter 7 of the Bankruptcy

Code or dismissal of the Debtor's case, whichever is in the best interest of creditors.

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order:

A.      Dismissing this case, or in the alternative, converting this case to one under chapter 7;

B.      Requiring the filing of all monthly operating reports through the date of entry of the order converting or dismissing the case; and

B.      Granting such other and further relief as may seem just and proper.

Dated:  Central Islip, New York          WILLIAM K. HARRINGTON
        August 6, 2026                    UNITED STATES TRUSTEE FOR
                                          REGION 2
                                          The Alfonse D'Amato Federal Courthouse
                                          560 Federal Plaza
                                          Central Islip, New York
                                          (631) 715-7789


                                          By: /s/ William J. Birmingham
                                                  William J. Birmingham
                                                  Trial Attorney
                                                  Office of the United States Trustee