The Kantrow Law Group, PLLC
*Proposed Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
Hailey L. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

METERED APPLIANCES INC.

Debtor.

Case No. 25-73481-las
Chapter 7
----------------------------------------------------------x

**APPLICATION FOR RETENTION OF**
**THE KANTROW LAW GROUP, PLLC**
**AS ATTORNEYS FOR CHAPTER 7 TRUSTEE**

TO: THE HON. LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the interim chapter 7 Trustee (the "Trustee") for the estate of Metered Appliances Inc., (the "Debtor"), respectfully submits this application seeking entry of an Order authorizing the Trustee's retention of The Kantrow Law Group, PLLC (the "Firm"), as attorneys for the Trustee under Sections 105 and 327 of Title 11, United States Code (the "Bankruptcy Code"); Rule 2014 of the Federal Rules of Bankruptcy Procedure; and the Local Rules for the United States Bankruptcy Court, Eastern District of New York, and respectfully states as follows:

1. On September 9, 2025, (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Subsequently, the case was converted to Chapter 7 on August 19, 2026, and Allan B. Mendelsohn was appointed interim Trustee.

2. The Trustee selected the Firm because the attorneys in the Firm are familiar with bankruptcy practice and are well qualified to act in the capacity as attorneys for the Trustee.

3. It is necessary for the Trustee to employ attorneys to render professional services, including, but not limited to the following:

a) Assist the Trustee in the investigation of the Debtor's estate, including but not limited to liquidation of assets for the benefit of the estate's creditors;

b) Advise the Trustee in connection with his statutory duties and prepare applications and motions as may be appropriate.

1. The Trustee will need counsel to assist him in recovering potential preference payments and alleged fraudulent conveyances. In addition, the Trustee believes that there are assets that must be reduced for cash for the benefit of the creditors of the estate.

2. To the best of the Trustee's knowledge, and based upon the Affidavit of Fred S. Kantrow, Esq., the attorneys in the Firm have no connection with the Debtor, or any other party in interest or their respective attorneys.

3. To the best of the Trustee's knowledge, the Firm represents no interest adverse to the Trustee or to the estate in the matter in which it is to be engaged herein, and the employment of the Firm would be in the best interests of the estate.

**WHEREFORE**, the Trustee respectfully requests for the entry of an Order, substantially in the form of the proposed Order annexed hereto, authorizing the retention of the Firm for the Trustee, for which no previous application has been made.

Dated: Smithtown, New York
August 26, 2026

Respectfully submitted,
S/Allan B. Mendelsohn
Allan B. Mendelsohn