UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

METERED APPLIANCES INC.

Debtor.

Case No. 25-73481-las
Chapter 7
----------------------------------------------------------x

**ORDER AUTHORIZING THE TRUSTEE TO RETAIN COUNSEL**

Upon the application of Allan B. Mendelsohn, Esq., the chapter 7 trustee (the "Trustee"); and upon the Affidavit of no adverse interest of Fred S. Kantrow in support of Trustee's application to retain The Kantrow Law Group, PLLC, sworn to on the 26th day of August 2026; and based upon representations made in the papers submitted in connection with the application that The Kantrow Law Group, PLLC represents no adverse interest to the Trustee, or the estate in the matters upon which they are to be engaged, that they are "disinterested persons" as that term is used in section 327 of title 11 of the United States Code (the "Bankruptcy Code"), as defined in section 101(14) of the Bankruptcy Code, that the employment of The Kantrow Law Group, PLLC by the Trustee will be in the best interests of the estate, and that the case is one justifying a general retainer; and no adverse interest being represented, it is

**ORDERED** that the Trustee is authorized to retain The Kantrow Law Group, PLLC as his attorneys in all matters requiring the services of an attorney at law herein under a general retainer; and it is further

**ORDERED** that ten business days prior to any increases in The Kantrow Law Group, PLLC rates for any individual employed by The Kantrow Law Group, PLLC and retained by the Trustee pursuant to Court Order, The Kantrow Law Group, PLLC shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to section 330(a)(3)(F) of the Bankruptcy Code. Parties in interest, including the United States Trustee,

retain all rights to any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under section 330 of the Bankruptcy Code. Supplemental affidavits are not required for rate increases effective on or after the Trustee submits the Trustee's Final Report to the United States Trustee; and it is further

**ORDERED** that all fees to said attorneys shall be subject to proper application, upon notice, and Order of the Court after notice and hearing as required under sections 330 and 331 of the Bankruptcy Code.

WITHOUT OBJECTION

/s/ William J. Birmingham
William Birmingham
Office of the United States Trustee
Central Islip, New York
August 31, 2026

**Dated: August 31, 2026**
**Central Islip, New York**

Louis A. Scarcella
United States Bankruptcy Judge