**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
In re: Case No. 25-73481 (las)
Chapter 7

**METERED APPLIANCES INC.,**
Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER TO SHOW CAUSE, ON THE MOTION OF THE DEBTOR AND OF LEONARD ORNER AND NORMAN ORNER, WHY AN ORDER SHOULD NOT BE ENTERED (I) ALTERING OR AMENDING THE ORDER CONVERTING THIS CHAPTER 11 CASE TO ONE UNDER CHAPTER 7, (II) IN THE ALTERNATIVE, GRANTING RELIEF FROM THAT ORDER, AND (III) IN THE FURTHER ALTERNATIVE, CONVERTING THIS CHAPTER 7 CASE TO A CASE UNDER CHAPTER 11, AND GRANTING INTERIM RELIEF PENDING DETERMINATION**

Upon the motion dated September ____, 2026 (the "Motion") of Metered Appliances Inc. (the "Debtor") and of Leonard Orner and Norman Orner, the Debtor's officers, directors and sole shareholders and the guarantors of its obligations to Eastern Funding LLC (together with the Debtor, the "Movants"), by their attorneys, Law Offices of Charles Wertman P.C., the Declaration of Charles Wertman, Esq. dated September ____, 2026, the Joint Declaration of Leonard Orner and Norman Orner dated September ____, 2026, and the Declaration of Michael P. Bronstein, C.P.A. dated September ____, 2026, and sufficient cause appearing therefor, it is hereby

ORDERED, that Allan B. Mendelsohn, Esq., the chapter 7 trustee (the "Trustee"), the Office of the United States Trustee, and all other parties in interest show cause before this Court at the United States Bankruptcy Court for the Eastern District of New York, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, Courtroom ____, on the ____ day of September, 2026, at ____ ____.m., or as soon thereafter as counsel may be heard, why an order should not be entered granting the relief requested in the Motion; and it is further

ORDERED, that pending the hearing on this Order to Show Cause and the further order of this Court, the Trustee shall not (a) sell, transfer, assign, convey, abandon or otherwise dispose of

any laundry equipment, washers, dryers, card or payment systems, change machines, vending equipment, route records, customer information, access codes or keys of the estate; (b) sell, assign, transfer, reject, terminate, surrender or abandon any laundry room agreement, license agreement, service agreement or other building agreement to which the Debtor is a party; (c) remove or permit the removal of any equipment from any location at which it is presently installed; or (d) discontinue or direct the discontinuance of collections at any location; and it is further

ORDERED, that nothing in this Order shall be construed to restrain or enjoin the Trustee from performing his duties under 11 U.S.C. § 704, from collecting and taking custody of the books, records and cash of the estate, from investigating the financial affairs of the Debtor, from conducting the meeting of creditors scheduled for September 23, 2026, or from taking any action reasonably necessary to preserve property of the estate, including the repair or servicing of equipment and the collection of receipts; and it is further

ORDERED, that any party seeking modification of the interim relief granted herein may do so on not less than two business days' notice to counsel for the Debtor, and that the Court shall hear any such request on an expedited basis; and it is further

ORDERED, that service of a copy of this Order to Show Cause, the Motion, the Wertman Declaration and the exhibits thereto, upon (a) the Trustee and his counsel, (b) the Office of the United States Trustee, (c) Salvatore LaMonica, Esq., (d) counsel for 50 Brompton Owners Inc., (e) counsel for Hercules Corp., (f) all parties who have filed notices of appearance in this case, and (g) all creditors and parties in interest appearing on the Debtor's matrix, by electronic mail and by first class mail or by the Court's CM/ECF system, on the date this Order is signed, shall be deemed good and sufficient service, and that any further or other notice is hereby dispensed with; and it is further

ORDERED, that any responsive papers shall be filed with the Court and served upon counsel for the Debtor so as to be received no later than _____________, 2026 at ____ ____.m.