# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -x

In the Matter of:
METERED APPLIANCES INC., Main Case No.
Debtor. 8-25-73481-jpm

- - - - - - - - - - - - - - - - - - - - -x

United States Bankruptcy Court
290 Federal Plaza
Central Islip, New York

August 12, 2026
10:31 AM

B E F O R E:
HON. JOHN P. MASTANDO, III
U.S. BANKRUPTCY JUDGE

ECRO: ELECTRONIC RECORDING

[15] Subchapter V Initial Status Conference

[21] Motion to Convert Case Chapter 11 to 7, or in the alternative Motion to Dismiss Case Filed by William J. Birmingham.

[40] Motion to Reject Lease or Executory Contract. Filed by Charles Wertman on behalf of Metered Appliances Inc.

Transcribed by: River Wolfe
eScribers, LLC
7227 North 16th Street, Suite #207
Phoenix, AZ 85020
(800) 257-0885
operations@escribers.net

A P P E A R A N C E S :

LAW OFFICES OF CHARLES WERTMAN P.C.
Attorneys for Debtors
100 Merrick Road
Suite 304W
Rockville Centre, NY 11570

BY: CHARLES WERTMAN, ESQ. (TELEPHONICALLY)

U.S. DEPARTMENT OF JUSTICE
Attorneys for Office of the U.S. Trustee
560 Federal Plaza
Central Islip, NY 11722

BY: WILLIAM J. BIRMINGHAM, ESQ.

WESTERMAN BALL EDERER MILLER ZUCKER & SHARFSTEIN, LLP
Attorneys for Interested Party
1201 RXR Plaza
Uniondale, NY 11556

BY: ALEXANDRA PONTRELLO, ESQ. (TELEPHONICALLY)

SCHNEIDER BUCHEL LLP
Attorneys for 50 Brompton Owners Inc.
60 Crossways Park Drive West
Suite 340
Woodbury, NY 11797

BY: SETH CHOSET, ESQ. (TELEPHONICALLY)

LAMONICA HERBST & MANISCALCO, LLP
Attorneys for Subchapter V Trustee
3305 Jerusalem Avenue
Suite 201
Wantagh, NY 11793

BY: SALVATORE LAMONICA, ESQ. (TELEPHONICALLY)

P R O C E E D I N G S

THE COURT: Okay. Next is case number 25-73481, Metered Appliances Inc. Can I have appearances for the record, please?

MR. BIRMINGHAM: Good morning again, Judge. William Birmingham, Office of United States Trustee.

THE COURT: Good morning.

MR. CHOSET: Seth Choset, Schneider Buchel, for 50 Brompton Owners Inc. Good morning, Your Honor.

THE COURT: Good morning.

Did anyone else wish to appear?

MR. CHOSET: Your Honor, this is Seth Choset, if I may be heard. There was letter submitted requesting an adjournment. I was not sure if the adjournment was granted, which is why I'm appearing today. I'm not sure if debtor's counsel believes it has been adjourned.

THE COURT: Okay. Well, I appreciate you appearing. It had not been granted.

Let me hear from the U.S. Trustee first, if there's no one else on.

MR. BIRMINGHAM: Yes, Judge. I received a phone call on Monday and with a request for an adjournment on this case. Debtor's counsel indicated that he could not be here as he was helping his daughter move. And he had requested an adjournment -- well, asked for my consent to request for an

adjournment. I granted the request, and I said, I consent. It wasn't until yesterday afternoon around, I think, 2:30, 3 o'clock that the request was filed.

So if Your Honor is interested in or would adjourn it, I have no objection to that. Otherwise, I believe this case should be dismissed or converted for all the reasons that I put forth in my motion and in my supplement. And I just would point out that debtor's counsel was directed by Your Honor to file a response to my reply by Monday, and no response was filed.

THE COURT: Right. There was no response filed.

MR. BIRMINGHAM: Yes.

THE COURT: And even if an adjournment were to be granted, where would that leave anything in the case in terms of the U.S. Trustee's motion and the September 8th confirmation date, et cetera?

MR. BIRMINGHAM: Well, Judge, as I pointed out in my reply, the debtor is at best months away from any kind of a confirmation. The plan is itself legally deficient and is legally unconfirmable. There's 107 locations that the debtor has, and the debtor is only discussing six of them. The other 101, I have no idea if the debtor is going to be assuming those leases. Rejecting those leases Abandoning the property. We just don't know. The debtor just --

And then there's five million dollars in claims. And

the debtor is -- the big deal that the debtor made is for 117,000 dollars, I believe, off the top of my head. That's to be paid out over three years.

That violates the black letter bankruptcy law. The debtor cannot -- the only way a debtor can assume and assign is the debtor must assume the lease to cure it, and then or to provide adequate protection. But three years of payments, I would submit, is not adequate protection to the landlord. So the debtor can't assign these leases because the debtor cannot assume them.

So really, Judge, where we're at is a plan that can go nowhere and a debtor that does everything in the eleventh hour. And this case -- and therefore, and then formally Chief Judge Trust did put an expiration date on this case and indicated that the debtor had to confirm a plan by September 8th, and any unexcused failure to do so would result in the dismissal or conversion of this case.

The debtor cannot -- the debtor's plan isn't even noticed for a confirmation hearing. The debtor's sale motion isn't noticed or served upon creditors. So really, Judge, we're going to get to September 8th, and we're going to be standing here and having the exact same conversation we've had previously.

THE COURT: Okay. Thank you, Counsel.

MR. BIRMINGHAM: Thank you, Judge.

THE COURT: Counsel, did you wish to be heard?

MR. CHOSET: Judge, I have nothing further to add. I just also wanted, for the record, Mr. Wertman did ask me for my consent for the adjournment, and I did consent to it.

THE COURT: Thank you. I appreciate that. Okay.

MR. LAMONICA: Your Honor, this is -- Your Honor. Your Honor, this is Salvatore LaMonica, the sub V trustee. I'm sorry. I tried to put my appearance in before, but for some reason, I was muted.

THE COURT: No worries. Good morning.

MR. LAMONICA: Your Honor, good morning. I have no problem with an adjournment, if that's how the Court wants to go. I'd just like to say that perhaps this case has been here long enough and has had the benefit of the automatic stay. There are a lot of assets in this case, from what I've been led to believe. I think the case should be converted, if that's how Your Honor plans on proceeding, rather than dismissing.

THE COURT: Okay. Thank you.

Well, Counsel, your position is dismissal, correct --

MR. BIRMINGHAM: Well --

THE COURT: -- as opposed to conversion?

MR. BIRMINGHAM: William Birmingham, Office of the United States Trustee. Judge, the more I got into the monthly operating reports and the fact that debtor's counsel has admitted that they are all completely inaccurate, in that that

the debtor was accumulating a substantial amount of post-petition payables but then said, that's not really what's going on. I'm very concerned about the case.

And then also, I did have a conversation with Mr. LaMonica, where we were discussing the creditor body, and it would probably be better for the -- more beneficial for the creditors to convert the case, as these leasing routes or these laundry routes are very valuable. I think the debtor's counsel completely ignores that in his response to my motion to dismiss. Whereas the Chapter 7 trustee won't necessarily have to tear out these machines and sell them, the Chapter 7 trustee can do the very same thing that the debtor is trying to do in terms of sell these routes and sell these leases.

So I think the creditors would fare far better in a conversion than a dismissal, Judge.

THE COURT: Okay. So your favorite conversion?

MR. BIRMINGHAM: Yes, Judge.

THE COURT: Okay. Counsel, did you wish to be heard on dismissal or conversion?

MR. CHOSET: Yes. Thank you. I actually supported dismissal over the conversion for the selfish reason that my client just wants to move forward with the eviction actions.

THE COURT: Okay. I appreciate that.

MR. CHOSET: Thank you.

THE COURT: Well, I appreciate that Counsel couldn't

be here today and requested the adjournment. I don't think he's prejudiced by us proceeding because well, a couple of reasons.

One is there was response filed to the supplements that were filed by the U.S. Trustee and 50 Brompton, and those were due on Monday. No extension was granted. The adjournment request for today had not been granted yet.

And given the issues identified by the U.S. Trustee on 50 Brompton, I think it's a close call, but I will grant conversion. I think, overall, conversion is better here. And the other reason, too, is the September 8th confirmation date that Judge Trust had ordered, which obviously is not going to happen at this point.

So I will grant the motion. Will convert the case. And Counsel, if you could please submit the order.

MR. BIRMINGHAM: Not a problem, Judge. Thank you.

THE COURT: Okay. Thank you.

Okay. Anything else for today? On that matter?

MR. LAMONICA: No, Your Honor. Thank you so much. I apologize for the technical difficulties.

THE COURT: No worries. Thank you for joining.

Okay. We're adjourned on that matter. Thank you, everyone. Have a great day.

IN UNISON: Thank you, Your Honor.

(Whereupon these proceedings were concluded at 10:41 AM)

I N D E X


| RULINGS: | PAGE | LINE |
|---|---|---|
| U.S. Trustee's motion to convert is granted, and case is converted to Chapter 7 | 10 | 8 |

# C E R T I F I C A T I O N

I, River Wolfe, certify that the foregoing transcript is a true and accurate record of the proceedings.

River Wolfe (CDLT-265)
TTA-Certified Digital Legal Transcriber

eScribers
7227 North 16th Street, Suite #207
Phoenix, AZ 85020

Date: August 19, 2026