# EXHIBIT D

LAW OFFICES OF
CHARLES WERTMAN P.C.

August 31, 2026

**VIA E-MAIL AND FIRST CLASS MAIL**
Fred S. Kantrow, Esq.
The Kantrow Law Group, PLLC
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787

**Re In re Metered Appliances Inc., Case No. 8-25-73481 (las)**

Dear Mr. Kantrow:

I write in response to your letter of August 28, 2026 demanding turnover of this firm's file for Metered Appliances Inc.

This firm will produce the file. I do not dispute that the Trustee, as successor to the management of a corporate debtor, controls the corporation's attorney-client privilege as to prepetition communications, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985), or that a corporate client is presumptively entitled to the contents of its file, *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30 (1997). Two limits apply, both of them narrow. I set them out below so that you can evaluate them now rather than encounter them for the first time on a privilege log.

Your letter demands "all internal communications within your firm between you and your associates and legal assistants." That is broader than the law permits, and I would rather state the exception at its true width than claim more than this firm is owed. New York withholds from a client's otherwise presumptive access only "firm documents intended for internal law office review and use," which the Court of Appeals described as "documents containing a firm attorney's general or other assessment of the client, or tentative preliminary impressions of the legal or factual issues presented in the representation, recorded primarily for the purpose of giving internal direction to facilitate performance of the legal services entailed in that representation." *Sage Realty*, 91 N.Y.2d at 37-38.

The closest case to this one shows how little that exception covers. In *In re Old BPSUSH Inc.*, 2019 Bankr. LEXIS 1867, 2019 WL 2563442 (Bankr. D. Del. June 20, 2019), a liquidation trustee moved under § 542 to compel a law firm to turn over its investigation file.

The court held that the trustee had stepped into the shoes of the firm's former client; that "the work product rule . . . may not be invoked by an attorney to withhold from a client or former client work-product created in representing that client"; and that the firm "must produce the entirety of the Investigation Records . . . except for those items that are firm documents intended for internal law office review and use." Applying *Sage Realty*, the court held that "[o]nly the documents characterized as counsel's mental impressions fall within that category," and that "draft factual memoranda and draft legal memoranda must be turned over as part of the entire file, even if those documents were circulated only within the firm."

That is the line this firm will apply, and it sits closer to your position than to a refusal. Internal drafts and internal correspondence relating to the representation will be produced. The only category this firm will withhold is the one the Court of Appeals described: counsel's assessment of the client and tentative preliminary impressions of the legal or factual issues, recorded to give internal direction. Anything withheld will appear on a log.

The file also contains communications with the Debtor's principals in their individual capacities, including as to their personal exposure on obligations of the Debtor. Those are not the corporation's privilege and the Trustee cannot waive them. *Weintraub* says so while construing the very provision your letter invokes: "consistent with the statute, an attorney could invoke the personal attorney-client privilege of an individual manager." 471 U.S. at 350. The Second Circuit draws the same line, holding that while privilege as to corporate matters belongs to the entity, an individual may establish a personal privilege the entity cannot waive. *United States v. Int'l Bhd. of Teamsters*, 119 F.3d 210 (2d Cir. 1997).

Whether particular communications satisfy that standard is a question for the Court, and I do not ask you to accept my characterization of them. I raise the category because this firm has its own obligation under Rule 1.6 of the New York Rules of Professional Conduct not to disclose confidences to a person not entitled to receive them, and a blanket production would put me in breach of it as to the individuals.

Section 542(e) provides that "[s]ubject to any applicable privilege, after notice and a hearing, *the court may order* an attorney . . . that holds recorded information . . . relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee." A Rule 2004 examination likewise issues only on motion and order. Fed. R. Bankr. P. 2004(a). Your letter treats a Rule 2004 order as the consequence of non-compliance. Respectfully, where an attorney identifies an applicable privilege it is the prescribed route, and as to the narrow categories above I would welcome it rather than resist it.

This firm is filing, by order to show cause and within the period prescribed by Fed. R. Bankr. P. 9023, a motion to alter or amend the order converting this case to chapter 7 and, in the alternative, to convert the case to chapter 11 under 11 U.S.C. § 706(b). If that motion is granted the Debtor will be restored to possession, and control of the corporation's privilege will return to it. That is a further reason to have the scope of production fixed by the Court rather than by correspondence.

Within ten business days this firm will produce the Debtor's file to the Trustee. Anything withheld will be identified on a log stating the category and the basis, so that if you disagree the dispute can be brought to Judge Scarcella on a single motion rather than serially.

This firm has taken steps to preserve all materials relating to the Debtor and will continue to do so pending resolution.

I am available to confer at your convenience.

Very truly yours,

Charles Wertman, Esq.