The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn, Trustee
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

In re:

METERED APPLIANCES INC.

Debtor.

Case No. 25-73481-las
Chapter 7

-----------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING A HEARING ON AN EXPEDITED BASIS**

TO: HON. LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the interim chapter 7 trustee (the "Trustee"), by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking entry of an Order scheduling a hearing on an expedited basis to consider the Trustee's application for the entry of an Order authorizing the Trustee to enter into a proposed management agreement (the "Management Agreement") and further authorizing the Trustee to operate the Debtor's business for a limited period pursuant to section 721 of the Bankruptcy Code; and states as follows:

1. The Trustee has filed an application seeking authorization to enter into a proposed Management Agreement with the Debtor's former principals to allow the Trustee to further seeking operating authority to preserve the value of the Debtor's assets for the creditors of the estate.

2. As more fully described in the accompanying application, the Debtor is currently non-operational because it is currently in chapter 7. The Trustee has reviewed the Debtor's petition and schedules as well as the Court's electronic docket to determine to what extent, if any, the Debtor took any steps to assume certain pre-petition executory contracts which form the basis of

the Debtor's operations. The Trustee concluded that all pre-petition executory contracts which were never disclosed in the Debtor's original petition and schedules, have been deemed rejected as a matter of law.

3. Thus, for all intents and purposes, the Trustee, lacking the ability to seek to assume and assign executory contracts, would have little or nothing to sell in this chapter 7 case resulting in a "no asset" chapter 7 case. However, as more fully set forth in the underlying application for relief, the Debtor's principals, by and through their own independent counsel, expressed interest in purchasing the estate's interest, whatever that may still be, in the Debtor's assets. The Trustee notes it is these individuals that have the "business relationships" with the parties and thus, the enterprise may have value to them.

4. Accordingly, the Trustee has negotiated a proposed Management Agreement and further seeks operating authority for a limited period of time. He seeks the relief on an expedited basis to preserve the value as best is possible under the circumstances.

WHEREFORE, the Trustee respectfully requests the entry of an Order scheduling a hearing on an expedited basis together with such other relief this Court deems just and proper.

Dated: Smithtown, New York
September 16, 2026

The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn

BY: S/Fred S. Kantrow
Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com