The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
Hailey L. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

RETURN DATE: **11/4/26**
TIME: **11:00 a.m.**

----------------------------------------------------------x
In re:

METERED APPLIANCES INC.

Case No. 25-73481-ajb
Chapter 7

Debtor.
----------------------------------------------------------x

**TRUSTEE'S APPLICATION SEEKING ENTRY OF AN ORDER COMPELLING DEBTOR'S COMPLIANCE WITH THIS COURT'S <u>PRIOR ORDER DATED AUGSUT 19, 2026</u>**

TO: HON. ALICE J. BYOWITZ
UNITED STATES BANKRUPTCY JUDGE

Allan B. Mendelsohn, the chapter 7 trustee herein (the "Trustee"), by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his application (the "Application") seeking the entry of an Order compelling Metered Appliances Inc., the debtor (the "Debtor") to comply with its obligations as set forth in this Court's prior Order dated August 19, 2026, pursuant to which this case was converted from one under chapter 11 of the Bankruptcy Code to one under chapter 7 and states as follows:

1. On August 19, 2026, the Hon. John P. Mastando III, entered an Order converting this case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 (the "Conversion Order"). The Conversion Order, among other things, provided "that the Debtor shall file with the Court the schedule of post-petition debts required by Federal Rule of Bankruptcy Procedure 1019(e) so as to be received no later than fifteen (15) days from the date hereto." The

Conversion Order also provided “that the Debtor shall preserve any and all books and records and make them available to the chapter 7 trustee forthwith.”

2. Allan B. Mendelsohn was appointed interim Trustee and thereafter duly qualified as the permanent and serving case Trustee.

3. Despite the clear and unequivocal language of the Court’s Conversion Order, to date, approximately fifty (50) days after the date of entry of the Order, the Debtor has still abjectly failed to comply with a simple obligation. The filing of the post-petition debts pursuant to Rule 1019(e) of the Bankruptcy Rules was due by *September 3, 2026*. There is no conceivable argument as to why the Debtor has simply ignored this obligation. This is particularly true given the fact that the Debtor was busy trying to set aside this Court’s Conversion Order in a desperate attempt to finds its way back into chapter 11 despite that while it was in chapter 11 for over a year – it accomplished exactly nothing. Unless of course we consider the Debtor’s fail to preserve assets of the estate to be an accomplishment.

4. The Trustee is bound by statute to administer the estate, quickly and efficiently. This obligation is set forth in section 704 of the Bankruptcy Code entitled “duties of trustee.” The statute presumes that the Debtor will meet its obligations in order for the Trustee to discharge his obligations. In addition, while the Conversion Order does not specifically set forth the Debtor’s obligation to comply with Rule 1019 generally, the Debtor was also obligated to file and transmit to the United States trustee a final report and account within thirty (30) days of conversion. The Debtor has failed to comply with this obligation as well.

5. Under the circumstances, the Trustee seeks the entry of an Order directing the Debtor’s compliance with its obligations under Rule 1019 and that it immediately cure the defects. Moreover, should the Debtor fail to cure by a date certain, the Court should impose a monetary

sanction against the Debtor's principals for their continued failure to comply. This money sanction will serve to provide an incentive to the principals to comply with simple obligations. The information in the conversion schedules is essential to the Trustee's administration of the estate and to his ability to discharge his fiduciary obligations.

**SANCTIONS**

6. This Court has the inherent authority to impose sanctions when warranted. "Even though bankruptcy courts were created by Congress under Article I of the Constitution (and are now "units" of federal district courts), rather than as part of the judiciary branch under Article III, most courts have determined that bankruptcy courts, like other federal courts, have inherent civil contempt power." *See In re Sanchez,* 941 F.3d 625, 627-28 (2d Cir. 2019) ("As our sister circuits have explained, inherent sanctioning powers are not contingent on Article III, but rather are, as their name suggests, inherent in the nature of federal courts as institutions charged with judicial functions. We therefore hold that bankruptcy courts, like Article III courts, possess inherent sanctioning powers."); *Alderwoods Grp., Inc. v. Garcia,* 682 F.3d 958, 966 n.18 (1t h Cir. 2012).

7. Many courts have reasoned that bankruptcy courts have civil contempt power flowing not only from "the inherent power of a court to enforce compliance with its lawful orders," but also from section 105(a) of the Bankruptcy Coe, which provides that, "[A bankruptcy] court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]… No provision of [the Bankruptcy Code] providing for the raising of an issue by a party in interest shall be construed to preclude the court from *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent any abuse of process. *11 U.S.C. §105(a)* (citations omitted); *accord in In re Roman Cath, Church of Archdiocese of New Orleans*, 2023 WL 4105655. *16

(E.D. La. June 21, 2023); *In re City of Detroit,* 653 B.R. 874, 892 (Bankr. E.D. Mich. 2023); *In re Kwok,* 653 B.R. 480, 489 (Bankr. D. Conn. 2023); *In re Brown,* 2023 WL 4496925, *4 (Bankr. N.D. Ga. July 12, 2023).

8. Under these facts and circumstances, the Trustee avers that sanctions are appropriate to ensure compliance with this Court's prior Conversion Order.

WHEREFORE, the Trustee respectfully requests that this Honorable Court enter an Order compelling the Debtor to comply with the Court's Order dated August 19, 2026, and in the event that the Debtor continues to remain obstinate, that this Court impose monetary sanctions to compel compliance, together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
October 8, 2026

The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn, Trustee

BY: S/Fred S. Kantrow
Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com