UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

METERED APPLIANCES INC.

Debtor.

Case No. 25-73481-ajb
Chapter 7
-----------------------------------------------------------x

**ORDER AUTHORIZING TRISTEE TO ISSUE SUBPOENAS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Allan B. Mendelsohn, the trustee, (the "Movant"), by and through his attorneys, The Kantrow Law Group, PLLC, filed an application, dated October 8, 2026 (the "Application"), for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Norman Orner and Lenny Orner (the "Discovery Parties") responsive to the requests set forth on the schedule titled "Documents" attached to the Application (the "Requests") and (ii) the oral examinations, under oath, of the Discovery Parties; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.) entered in accordance with 28 U.S.C. § 157(a); and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein; and no additional notice being required except as specified herein; now, therefore,

IT IS HEREBY ORDERED THAT:

1. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of the Discovery Parties.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests and attendance for the foregoing examination without prejudice to the right of the Discovery Parties to object in accordance with the applicable rules.

3. Unless otherwise agreed by the Movant and the Discovery Parties, or subsequently ordered by the Court, the Discovery Parties shall produce documents (including electronically stored information) in its possession, custody or control responsive to the Requests not later than twenty (20) days after the service of such subpoena. The Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787 to the attention of Fred S. Kantrow, Esq.

4. The Discovery Parties shall appear for the foregoing examination at the office of The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787 not later than thirty (30) days after the date of service of such subpoena, the Application, and a copy of this Order.

5. The production and examination required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Parties shall provide a proper privilege log to the Movant's counsel at the time of the document production hereunder.

6. The Discovery Parties shall, prior to conducting an electronic search utilizing search terms, meet and confer with the Movant's counsel to attempt to agree on appropriate search terms.

7. All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

8. This Order is without prejudice to the right of the Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Parties or any other person or entity.

9. The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.