The Kantrow Law Group, PLLC
*Attorneys for Allan B. Mendelsohn, Trustee*
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
Fred S. Kantrow, Esq.
516 703 3672

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
In re:

METERED APPLIANCES INC.

Case No. 25-73481-ajb
Chapter 7

Debtor.
----------------------------------------------------------------------x
ALLAN B. MENDELSOHN AS TRUSTEE
OF THE ESTATE OF METERED APPLIANCES, INC.,

Plaintiff,

-against-

Adv. Pro. No. 26-

NORMAN ORNER AND
LENNY ORNER,

Defendants.
----------------------------------------------------------------------x

# COMPLAINT

Allan B. Mendelsohn, the trustee and plaintiff herein (the "Trustee" and/or the "Plaintiff"), by and through his attorneys, The Kantrow Law Group, PLLC, respectfully submits this as and for his complaint (the "Complaint") against Norman Orner ("Norman") and Lenny Orner ("Lenny"), the defendants (collectively, the "Defendants") seeking to recover unauthorized post-petition transfers and conversion of assets of the bankruptcy estate and states as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. On September 9, 2025 (the "Petition Date"), Metered Appliances Inc. ("Metered Appliances" or the "Debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in this Court, commencing Case No. 25-73481.

2. By Order dated August 19, 2026, the Court converted the case from one under chapter 11of the Bankruptcy Code to one under chapter 7.

3. Allan B. Mendelsohn is the duly appointed and qualified Chapter 7 trustee of Beantown's bankruptcy estate. He brings this proceeding solely in that capacity and has capacity to sue as the estate's representative pursuant to 11 U.S.C. § 323.

3. Defendant Norman Orner is an individual whose address is listed in the Debtor's petition and schedules as 1017 Merrick Road, Baldwin, New York 11510. Upon information and belief, Norman also has a mailing address of 327 W. Olive Street, Long Beach, New York 11561. He signed the petition as Metered Appliances' secretary. Upon information and belief, he, along with the co-defendant, Lenny Orner, controlled Metered Appliances' financial affairs. Norman is sued for his conversion of an interest in the property of the estate *after* the bankruptcy case was converted to one under chapter 7.

4. Co-defendant Lenny Orner is an individual whose address is listed in the Debtor's petition and schedules as 1017 Merrick Road, Baldwin, New York 11510. Upon information and belief, Lenny also has a mailing address of 108 Concord Avenue, Unit 1405, Oceanside, New York 11572. He is scheduled as an equity holder in the Debtor according to the Debtor's petition and schedules. Upon information and belief, he, along with the co-defendant, Norman Order, controlled Metered Appliances' financial affairs. Lenny is sued for his conversion of an interest in the property of the estate *after* the bankruptcy case was converted to one under chapter 7.

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and the standing order of reference of the United States District Court for the Eastern District of New York.

6. This proceeding arises under title 11 and is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(H).

7. Pursuant to Fed. R. Bankr. P. 7008, the Trustee consents to entry of final orders and judgment by this Court.

8. Venue is proper pursuant to 28 U.S.C. § 1409(a) because Beantown's Chapter 7 case is pending in this District.

9. The statutory predicates for the relief sought here are section 542 and 549 of the Bankruptcy Code and common law conversion.

## FACTS

10. On September 9, 2025, the Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.

11. By Order dated August 19, 2026, the Court converted the instant case from one under chapter 11 of the Bankruptcy Code to one under chapter 7. Allan B. Mendelsohn was appointed the interim Trustee and thereafter duly qualified as the permanent case Trustee. He serves in that capacity. By operation of law, the bankruptcy estate was created pursuant to section 541 of the Bankruptcy Code.

12. After the Petition Date, without authorization, the Debtor continued to utilize the Debtor's pre-petition debtor in possession (the "DIP") account maintained at Chase Bank under account number ending in the last four digits 0511 (the "Pre-Petition Account"). Despite the fact that the Debtor, though the Defendants were advised to immediately close the account and transfer all funds to the Trustee, the Defendants continued the unauthorized use of the Pre-Petition Account without any authorization to do so.

13. Upon receipt of the bank statement for the Pre-Petition Account for the period of September 1-30, 2026, a copy of which is annexed hereto as Exhibit A, the Defendants converted the sum of $75,886.09 (the "Unauthorized Transfers"). The Defendants are liable to the bankruptcy estate for these Unauthorized Transfers.

14. Accordingly, the Trustee seeks recovery pursuant to this Complaint.

**AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 11 U.S.C. § 549**

15. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 as if each were more fully set forth herein.

16. After the case was converted to one under chapter 7 of the Bankruptcy Code, the Defendants, each of them, jointly and severally, engaged in unauthorized transfers of property of the estate in the amount of $75,886.09.

17. Pursuant to section 549 of the Bankruptcy Code the Trustee may avoid a transfer of property of the estate that occurs after the commencement of the case and that is authorized only under section 303(f) or 542(c) of this title or that is not authorized under this title or by the Court.

18. To the extent that the Defendants, each of them, jointly and severally, continued to use property of the estate said disbursements are unauthorized post-petition payments recoverable by the Trustee pursuant to section 549 of the Bankruptcy Code.

**AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 11 U.S.C. § 542**

19. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 18 as if each were more fully set forth herein.

20. Section 542 of the Bankruptcy Code provides in relevant part that any entity in possession, custody, or control, during the case, of property that the trustee may use, sell or lease

shall deliver to the trustee and account for such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

21. Here, the Defendants are in possession, custody and control of property of the estate. The property is not of inconsequential value. The Defendants, each of them, jointly and severally, are liable to the estate for the unauthorized post-petition payments in the amount of $75,886.09.

**AS AND FOR A THIRD CAUSE OF ACTION FOR CONVERSION**

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 as if each were more fully set forth herein.

23. The Defendants, each of them, jointly and severally, intentionally exercised dominion and control over property of the bankruptcy estate without permission of the Trustee. The Trustee is the only person with authority over property of the chapter 7 bankruptcy estate.

24. Immediately upon the entry of the Order converting the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code, the funds held in the Chase Pre-Petition Account became the exclusive property of the Trustee.

25. The Defendants, each of them, jointly and severally never had the right to possess the funds in the Chase Pre-Petition Account.

26. The Trustee is entitled to judgment against the Defendants, each of them, jointly and severally, for the sum of $75,886.09.

WHEREFORE, the Trustee seeks judgment against Norman Orner and Lenny Orner, jointly and severally in the amount of $75,886.09 pursuant to sections 549 and 542 of the Bankruptcy Code and for common law conversion of estate property together with such other and further relief this Court deems just and proper under the facts and circumstances herein.

Dated: Smithtown, New York
October 21, 2026

The Kantrow Law Group, PLLC
Attorneys for Allan B. Mendelsohn, Trustee

BY: S/Fred S. Kantrow
Fred S. Kantrow
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
516 703 3672
fkantrow@thekantrowlawgroup.com