BALISOK & KAUFMAN, PLLC
Attorneys for Norman Orner and Leonard Orner
251 Troy Avenue
Brooklyn, New York 11213
Joseph Y. Balisok, Esq.
(718) 928-9607

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| METERED APPLIANCES INC., | Case No. 8-25-73481-ajb |
| Debtor. | Hearing Date: November 4, 2026<br>Time: 11:00 a.m. |

**OBJECTION OF NORMAN ORNER AND LEONARD ("LENNY") ORNER TO THE TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE SERVICE OF SUBPOENAS, AND REQUEST THAT THE DOCUMENT REQUESTS BE MODIFIED**

TO: **THE HONORABLE ALICE J. BYOWITZ,**
**UNITED STATES BANKRUPTCY JUDGE:**

Norman Orner and Leonard ("Lenny") Orner (together, the "Orners" and, as they are defined in the Trustee's proposed order, the "Discovery Parties"), by their undersigned counsel, respectfully submit this objection (the "Objection") to the application, dated October 8, 2026 [ECF No. 125] (the "Application"), of Allan B. Mendelsohn, the chapter 7 trustee (the "Trustee") of the estate of Metered Appliances Inc. (the "Debtor"), for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the service of subpoenas upon the Orners directing their appearance for oral examination and the production of the documents listed on the schedule annexed to the Application [ECF No. 125-2] (the "Schedule," and each numbered item on it, a "Request"). In support of the Objection, the Orners respectfully state as follows:

**PRELIMINARY STATEMENT**

1. The Orners do not oppose the Trustee's request to examine them under Bankruptcy Rule 2004, and they do not oppose producing the Debtor's books and records that are in their possession. They recognize that the Trustee is entitled to investigate the Debtor's assets, its financial affairs and the administration of the estate, and they intend to cooperate with that investigation.

2. The Orners object only to the form and breadth of three of the eleven Requests, and to certain mechanics of the proposed production, so that the subpoenas the Trustee serves are tied to the investigation the Application actually describes. Request No. 1 seeks "any and all correspondence" with "any entity, person or party," without any limitation of time, subject or counterparty. Request No. 2 demands a "complete accounting" rather than the production of documents. Request No. 3 calls for every document provided to the Debtor's former bankruptcy counsel, which on its face includes privileged communications and attorney work product. The remaining eight Requests seek the Debtor's own records, and the Orners will produce what they have.

3. The Orners therefore ask that the Court grant the Application in modified form: enter the Court's standard Rule 2004 order substantially in the form the Trustee submitted [ECF No. 125-3], but with the Requests modified as set forth in Schedule A to the proposed order annexed hereto as Exhibit A (the "Modified Requests"), and with the additional provisions concerning timing, privilege, electronically stored information and confidentiality described below. Resolving the scope of the Requests now, before the subpoenas issue, will spare the parties and the Court a second round of objections, letter briefs and argument over the same questions.

**BACKGROUND**

4. The Debtor filed a voluntary chapter 11 petition on September 9, 2025 (the "Petition Date"). Application ¶ 1. By order dated August 19, 2026 (the "Conversion Date"), the case was converted to a case under chapter 7, and the Trustee was appointed. Id.

5. The Debtor installed and maintained washing machines and dryers at multi-unit residential buildings in New York City and on Long Island under leases or license agreements with the building owners. Application ¶ 2. According to the Trustee, there were more than 100 such agreements. Id. ¶ 3.

6. After conversion, the Trustee proposed a management agreement under which the Orners would operate the business while the Trustee pursued a sale of the estate's interest to them, an arrangement the Trustee describes as "appropriate under the facts and circumstances of this case." Application ¶ 4. The Court (Scarcella, J.) determined that it could not approve the arrangement, and the Trustee's effort to sell the estate's interest did not proceed. Id. ¶ 5.

7. The Trustee now states that he must determine what assets are available for creditors and whether any causes of action exist. Application ¶¶ 6–7. He identifies two specific concerns: that the Debtor's website and telephone number remained operative after the Conversion Date, and that, because the business collected cash at many locations, he cannot be certain whether estate assets have been used since conversion. Id. ¶ 6.

8. The Application annexes a Schedule of eleven Requests [ECF No. 125-2] and a proposed order in the form of this Court's standard Rule 2004 order [ECF No. 125-3] (the "Proposed Order"). Requests 6 through 11 seek documents from January 1, 2022, more than three and one-half years before the Petition Date, "continuing up to the current date." Request 1 contains no time limitation at all. The Proposed Order would require production within twenty days of

service and the Orners' appearance for examination within thirty days, and it provides that disputes concerning the subpoenas "may be raised only by letter brief." Proposed Order ¶¶ 3, 4, 7.

## THE GOVERNING STANDARDS

9. Rule 2004 is broad, and the Orners do not suggest otherwise. But as the Application's own quotation of the Rule makes clear, an examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate." Application ¶ 9 (quoting Fed. R. Bankr. P. 2004(b)). The authorities the Trustee cites describe the same boundaries. In *In re Bakalis*, 199 B.R. 443 (Bankr. E.D.N.Y. 1996), on which the Trustee relies (Application ¶ 10), this Court held that although the scope of a Rule 2004 examination is "unfettered and broad," such examinations "are not boundless": they "may not be used for the purposes of abuse or harassment," they "cannot stray into matters not relevant to the basic inquiry," and they "are subject to the doctrine of privileges, if applicable, including the attorney client privilege." *Id.* at 447–48. Applying those limits, the court denied the trustee's motion to compel where the trustee had not demonstrated the relevance of the material he sought. *Id.* at 450–51. This Court has since reaffirmed those limits, adding that "[t]he party seeking Rule 2004 discovery has the burden to show good cause for the examination it seeks." *In re Orion Healthcorp, Inc.*, 596 B.R. 228, 235 (Bankr. E.D.N.Y. 2019) (quoting *Bakalis*, 199 B.R. at 447–48, and *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, No. 09-11893-SMB, 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014)). *See also In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993) (cited at Application ¶ 10) (persons other than the debtor who are made subject to Rule 2004 "have a greater interest in protecting their privacy than a litigant") (quoting *In re Apex Oil Co.*, 101 B.R. 92, 102 (Bankr. E.D. Mo. 1989)); *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 28 (Bankr. N.D.N.Y. 1996) (cited at Application

¶ 10) (although Rule 2004 "is the basic discovery device used in bankruptcy cases," "its application is not without bounds").

10. The documents the Trustee seeks are to be obtained by subpoena. Bankruptcy Rule 2004(c), quoted at Application ¶ 9, provides that the production of documents "may be compelled as provided in Rule 9016," and the Proposed Order (¶ 2) invokes Bankruptcy Rule 9016, which makes Rule 45 of the Federal Rules of Civil Procedure applicable in bankruptcy cases. Rule 45(d)(1) requires the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," and Rule 45(d)(3)(A) directs the court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3)(A)(iii)–(iv). A subpoena, moreover, commands the production of documents "in that person's possession, custody, or control," Fed. R. Civ. P. 45(a)(1)(A)(iii); it does not require the recipient to create documents or to obtain them from others. In this District, Local Bankruptcy Rule 2004-1 further provides that Local Civil Rules 26.2 (assertion of privilege), 26.3 (uniform definitions in discovery requests) and 30.1 apply to requests for the production of documents under Bankruptcy Rule 2004. E.D.N.Y. LBR 2004-1.

11. Although Rule 2004, and not the CPLR, governs here, New York's appellate courts apply the same principles to analogous demands, and their decisions are instructive. A court may limit disclosure that "seeks irrelevant and/or confidential information, or is overly broad and burdensome." *Venables v. Rovegno*, 195 A.D.3d 876, 879 (2d Dep't 2021) (quoting *Arch Ins. Co. v. Delric Constr. Co.*, 174 A.D.3d 560, 561 (2d Dep't 2019)). Demands for "substantially all" of an individual's business financial records and for his records "with respect to all business dealings for a four-year period" have been condemned as "at best, a fishing expedition and, at worst, a

purposeful effort to burden and harass." *Bloom v. Mut. of Omaha Ins. Co.*, 161 A.D.2d 1047, 1048 (3d Dep't 1990). Demands for "all of [a party's] office records" over a four-year period are "overly broad, burdensome and not material and necessary," and "[s]uch unbridled fishing expeditions are not to be encouraged." *Slate v. State of New York*, 267 A.D.2d 839, 841 (3d Dep't 1999). And because "a party is not entitled to unlimited, uncontrolled, unfettered disclosure," courts confine subpoenas to the date range that corresponds to the matters actually under investigation. *Kopelevich & Feldsherova, P.C. v. Geller Law Group, P.C.*, 222 A.D.3d 956, 958 (2d Dep't 2023).

## OBJECTIONS TO THE REQUESTS

### A. Request No. 1 should be limited to communications with the owners and managers of the Debtor's locations.

12. Request No. 1 reads in full:

> "Copies of any and all correspondence directed at any entity, person or party, pursuant to which a request has been conveyed to provide services, similar to those services provided by the Debtor prior to the entry of the Order for Conversion of the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code. Correspondence is not limited to written but also applies to electronic communications including e-mails and text messages."

13. The Request has no time limit. It is not confined to the Debtor's locations or customers; it reaches correspondence with "any entity, person or party." And its operative phrase—correspondence "pursuant to which a request has been conveyed to provide services, similar to those services provided by the Debtor"—would sweep in communications having nothing to do with the estate, as well as communications with the Orners' own counsel and advisors. As written, the Request is not tied to any of the subjects identified in Rule 2004(b) or in the Application, and compliance would require the Orners to review years of personal e-mail and text messages. *Bakalis*, 199 B.R. at 448; Fed. R. Civ. P. 45(d)(1).

14. The legitimate object of the Request—whether, and with whom, the Orners have communicated about providing laundry services at the buildings the Debtor served—can be met by limiting it to communications, from the Petition Date through the date of service of the subpoena, between either of the Orners (or any entity owned or controlled by either of them) and any owner, manager or agent of a Debtor Location (as defined in Schedule A) concerning the provision of laundry equipment or services at that location by anyone other than the Debtor, or concerning the Debtor's lease or license agreement for that location. See Modified Request 1. That limitation tracks the Request's own terms, covers the entire chapter 11 case as well as the post-conversion period that concerns the Trustee, and excludes privileged communications, which will be logged.

### B. Request No. 2 should call for existing documents, not the preparation of an "accounting."

15. Request No. 2 reads in full:

> "A complete accounting of any and all funds collected from any laundry facility which existed prior to the entry of the Order for Conversion of the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code."

16. A subpoena duces tecum compels the production of documents in the recipient's "possession, custody, or control," Fed. R. Civ. P. 45(a)(1)(A)(iii); it does not require the recipient to prepare a "complete accounting" that does not exist. The Request also has no end date, and it is not limited to the Debtor's facilities: "any laundry facility which existed prior to" the Conversion Date is not a description of the Debtor's locations.

17. The Orners propose that the Request be modified to call for documents sufficient to show all funds collected by either of them, or by any entity owned or controlled by either of them, from laundry equipment at any Debtor Location from the Conversion Date through the date

of service of the subpoena, including, to the extent reflected in existing documents, the location, the date and amount of each collection, and the account into which the funds were deposited. See Modified Request 2. The Trustee may, of course, examine the Orners on this subject at their examinations.

**C. Request No. 3 should exclude privileged communications and be tied to the Debtor's property.**

18. Request No. 3 reads in full:

> "Any and all documents provided to Charles Wertman, Esq. regarding the Debtor and its business after the entry of the Order for Conversion of the case from one under chapter 11 of the Bankruptcy Code to one under chapter 7 of the Bankruptcy Code."

19. Charles Wertman, Esq. is the attorney who represented the Debtor in this case. Application ¶ 1. The Request is not limited to documents concerning the Debtor's property or to any subject identified in the Application; it calls for "any and all documents" concerning the Debtor "and its business," and on its face it reaches communications between counsel and client and material prepared in anticipation of litigation. Rule 2004 examinations "are subject to the doctrine of privileges, if applicable, including the attorney client privilege," *Bakalis*, 199 B.R. at 448, and a subpoena that "requires disclosure of privileged or other protected matter" must be quashed or modified. Fed. R. Civ. P. 45(d)(3)(A)(iii).

20. The Orners propose that the Request be limited to non-privileged documents provided to Mr. Wertman after the Conversion Date concerning the Debtor's property, including its equipment, funds, bank accounts, website, telephone number, and leases or license agreements. See Modified Request 3. Any document withheld on the basis of privilege will be identified on a privilege log that complies with Local Civil Rule 26.2, as the Proposed Order (¶ 5) and E.D.N.Y. LBR 2004-1 contemplate.

**D. Requests Nos. 4 through 11: the Orners will produce the Debtor's records in their possession.**

21. Requests 4 through 11 seek the Debtor's own records: invoices for the Debtor's website; bills for the Debtor's telephone number; the lease and rent payments for the Debtor's premises at 1017 Merrick Road, Baldwin, New York; checks issued by the Debtor to each of the Orners; and statements for the bank and credit-card accounts maintained in the Debtor's name. The Orners do not object to producing the responsive documents in their possession, custody or control for the full periods requested, and they will do so. Their objections to these Requests are limited to four points of clarification, each of which is reflected in the Modified Requests.

22. First, the Orners are being asked, as individuals, to produce the records of a corporation whose estate is now administered by the Trustee. Much of what is requested—particularly the Debtor's bank and credit-card statements and the images of negotiated checks—is in the hands of the Debtor's banks and card issuers and is available to the Trustee as the successor to the Debtor's accounts. The Orners should be required to produce what they have after a reasonable search; they should not be required to obtain records from third parties. Fed. R. Civ. P. 45(a)(1)(A)(iii).

23. Second, a document need be produced only once. Checks issued to the Orners (Requests 8 and 9) and rent checks (Request 7) will in most instances appear among the check images in the bank statements produced under Request 10. The Modified Requests provide that documents produced in response to one Request need not be produced again in response to another, and that documents already in the Trustee's possession need not be produced again if the Orners identify them with reasonable specificity.

24. Third, although Requests 10 and 11 are by their terms confined to accounts "maintained in the name of the Debtor," the Orners ask that the order make explicit that their

personal bank, credit-card and other financial records are outside the scope of the subpoenas. Nothing in the Application identifies a transaction involving estate property that would make the Orners' personal finances a proper subject of a document subpoena. *Cf. Bakalis*, 199 B.R. at 450 (relevance of the material sought must be demonstrated); *Ionosphere*, 156 B.R. at 432; *Bloom*, 161 A.D.2d at 1048; *Slate*, 267 A.D.2d at 841. If the Trustee identifies such a transaction through the production or the examinations, the proposed order preserves his right to seek further discovery by agreement or further application.

25. Fourth, Request 4 (website invoices) contains no time period at all, and Request 5 (telephone bills) runs from the Conversion Date. The Modified Requests supply a period for Request 4—the Petition Date through the date of service of the subpoena—and leave Request 5 as the Trustee drafted it. Requests 6 through 11 are likewise carried forward for the periods the Trustee requested, limited to documents in the Orners' possession, custody or control.

**E. The Proposed Order should be supplemented in four respects.**

26. *Timing.* The Proposed Order allows twenty days to produce eleven categories of documents spanning nearly five years, and requires the Orners' examinations within thirty days of service, whether or not the production is complete. The Orners ask for thirty days to produce, and that their examinations be scheduled on agreed dates not earlier than fourteen days after their production is complete and not later than forty-five days after service, so that the Trustee examines them with the documents in hand. They further ask that each examination be limited to one day of not more than seven hours of testimony absent agreement or further order. The Orners have no objection to appearing at the Smithtown office of the Trustee's counsel as proposed.

27. *Privilege.* The Orners accept paragraph 5 of the Proposed Order and ask only that the privilege log be governed by Local Civil Rule 26.2, as E.D.N.Y. LBR 2004-1 provides.

28. *Electronically stored information.* Paragraph 6 of the Proposed Order directs the parties to meet and confer on search terms before any electronic search. The Orners ask that the conference also address custodians, data sources, date ranges and the form of production, and that, absent agreement or further order, they not be required to forensically image personal devices, restore deleted data, or search backup media or other sources that are not reasonably accessible. Fed. R. Civ. P. 45(d)(1).

29. *Confidentiality.* The communications called for by Modified Request 1 and the collection information called for by Modified Request 2 concern the Orners' relationships with the owners and managers of the buildings the Debtor served. Those are commercially sensitive. Should the Trustee market the estate's interest to other parties, disclosure of the Orners' communications with building owners to a competing operator would cause competitive harm without advancing the administration of the estate. The Orners ask that documents produced in response to Modified Requests 1 and 2 be used solely in connection with the administration of this case, including any claim or proceeding the Trustee may bring, and not be disclosed to prospective purchasers of the estate's assets or other laundry operators absent consent or further order, with no restriction on disclosure to the Court, the United States Trustee or the Trustee's professionals. *See Venables*, 195 A.D.3d at 879 (confidential information); *Ionosphere*, 156 B.R. at 432. They also ask that they be permitted to redact their own Social Security numbers and personal account numbers (but not the account numbers of the Debtor's accounts) from the documents they produce.

30. The Orners accept the letter-brief procedure in paragraph 7 of the Proposed Order for any dispute that may arise after the subpoenas are served, and the remaining provisions of the Proposed Order, each of which is carried forward in the order annexed as Exhibit A.

## RESERVATION OF RIGHTS

31. Nothing in this Objection is an admission of any allegation or characterization in the Application, all of which the Orners reserve the right to address at the appropriate time and in the appropriate forum. Nothing herein waives any privilege, objection or right of the Orners under Rule 45 of the Federal Rules of Civil Procedure or otherwise with respect to any subpoena that is actually served, and the Orners reserve the right to supplement this Objection at or before the hearing.

## CONCLUSION

**WHEREFORE**, the Orners respectfully request that the Court (i) sustain the Objection to the extent set forth herein; (ii) grant the Application as modified, by entering an order substantially in the form annexed hereto as Exhibit A authorizing the Trustee to examine the Orners under Bankruptcy Rule 2004 and to serve subpoenas for the production of the documents described in the Modified Requests; and (iii) grant such other and further relief as the Court deems just and proper.

Dated: Brooklyn, New York
October 21, 2026

BALISOK & KAUFMAN, PLLC
*Attorneys for Norman Orner and Leonard Orner*

By: /s/ Joseph Y. Balisok
Joseph Y. Balisok, Esq.
251 Troy Avenue
Brooklyn, New York 11213
(718) 928-9607
joseph@lawbalisok.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

METERED APPLIANCES INC.,

Debtor.

Chapter 7

Case No. 8-25-73481-ajb
-----------------------------------------------------------x

**CERTIFICATE OF SERVICE**

I, Joseph Y. Balisok, an attorney duly admitted to practice before this Court, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that on October 21, 2026, I caused a true and correct copy of the foregoing Objection, together with the proposed order annexed thereto as Exhibit A, to be filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all parties who have appeared in this case and are registered to receive electronic notice, and to be served by electronic mail and by first-class mail, postage prepaid, deposited in an official depository of the United States Postal Service within the State of New York, upon the following:

The Kantrow Law Group, PLLC
Attn: Fred S. Kantrow, Esq.
Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
fkantrow@thekantrowlawgroup.com

Office of the United States Trustee
Eastern District of New York (Central Islip)
Attn: William Birmingham, Esq.
Alfonse M. D'Amato Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722

Dated: Brooklyn, New York
October 21, 2026

/s/ Joseph Y. Balisok
Joseph Y. Balisok, Esq.

**EXHIBIT A**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
In re:

METERED APPLIANCES INC.,

Debtor.

Chapter 7

Case No. 8-25-73481-ajb
----------------------------------------------------------x

**ORDER AUTHORIZING TRUSTEE TO ISSUE SUBPOENAS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AS MODIFIED**

Allan B. Mendelsohn, the trustee (the "Movant"), by and through his attorneys, The Kantrow Law Group, PLLC, having filed an application, dated October 8, 2026 [ECF No. 125] (the "Application"), for an order pursuant to Fed. R. Bankr. P. 2004 seeking authorization to issue subpoenas directing (i) the production of documents by Norman Orner and Leonard ("Lenny") Orner (the "Discovery Parties") responsive to the requests set forth on the schedule attached to the Application (the "Requests") and (ii) the oral examinations, under oath, of the Discovery Parties; and the Discovery Parties having filed an objection to the Application, dated October ___, 2026 [ECF No. ___] (the "Objection"); and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334(b) and the Standing Order of Reference of the United States District Court for the Eastern District of New York, dated August 28, 1986 (Weinstein, C.J.), as amended by Order dated December 5, 2012 (Amon, C.J.), entered in accordance with 28 U.S.C. § 157(a); and a hearing on the Application and the Objection having been held before the Court on November 4, 2026; and, after due deliberation, the Court having concluded that the Movant has established sufficient cause for the relief granted herein, as modified; and no additional notice being required except as specified herein; now, therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Application is granted as modified herein, and the Objection is sustained to the extent set forth herein.

2. The Movant is authorized, pursuant to Fed. R. Bankr. P. 2004, to conduct an oral examination, under oath, of each of the Discovery Parties concerning the matters described in Fed. R. Bankr. P. 2004(b). Unless otherwise agreed by the Movant and the Discovery Parties or ordered by the Court, the examination of each Discovery Party shall be completed in one day of not more than seven hours of testimony.

3. The Movant is authorized, pursuant to Fed. R. Bankr. P. 9016, to issue subpoenas for the production of documents responsive to the Requests as modified in Schedule A annexed hereto (the "Modified Requests") and for attendance at the foregoing examinations, without prejudice to the right of the Discovery Parties to object in accordance with the applicable rules. Each subpoena for the production of documents shall annex Schedule A to this Order in place of the schedule attached to the Application.

4. Unless otherwise agreed by the Movant and the Discovery Parties, or subsequently ordered by the Court, the Discovery Parties shall produce documents (including electronically stored information) in their possession, custody or control responsive to the Modified Requests not later than thirty (30) days after the service of such subpoena, the Application, and a copy of this Order. Responsive documents shall be delivered to Movant's counsel, The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787, to the attention of Fred S. Kantrow, Esq. The Discovery Parties shall not be required to obtain documents from third parties, to create documents that do not already exist, or to produce any document more than once; documents already in the possession of the Movant need not be produced again if the Discovery Parties identify them with reasonable specificity.

5. The Discovery Parties shall appear for the foregoing examinations at the office of The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787, on dates to be agreed by the Movant and the Discovery Parties, not earlier than fourteen (14) days after the completion of the Discovery Parties' document production and not later than forty-five (45) days after the date of service of such subpoena, the Application, and a copy of this Order.

6. The production and examinations required hereby are subject to any applicable privilege; provided, that if production of a document required to be produced hereby is withheld based on an asserted privilege, the Discovery Parties shall provide a privilege log that complies with Local Civil Rule 26.2 of the United States District Court for the Eastern District of New York, as made applicable by E.D.N.Y. LBR 2004-1, to the Movant's counsel at the time of the document production hereunder.

7. Prior to conducting an electronic search for responsive documents, the Discovery Parties shall meet and confer with the Movant's counsel to attempt to agree on appropriate custodians, data sources, date ranges, search terms and the form of production. Unless the Movant and the Discovery Parties agree or the Court orders otherwise, the Discovery Parties shall not be required to forensically image any device, to restore deleted data, or to search backup media or other sources that are not reasonably accessible because of undue burden or cost.

8. The subpoenas shall not require the production of the personal bank, credit-card, brokerage or other financial records of the Discovery Parties, or of any communication or document not within the Modified Requests. The Discovery Parties may redact their own Social Security numbers, personal account numbers and similar personal identifiers from documents produced, but shall not redact the account numbers of any account maintained in the name of the

Debtor. This paragraph is without prejudice to the right of the Movant to seek such records by agreement of the Discovery Parties or by further application to the Court.

9. Documents produced in response to Modified Requests 1 and 2 shall be used by the Movant solely in connection with the administration of this case, including any investigation, claim or proceeding brought by the Movant on behalf of the estate, and shall not be disclosed to any prospective purchaser of the estate's assets or any other person engaged in the business of providing laundry equipment or services, except with the written consent of the Discovery Parties or further order of the Court. Nothing in this paragraph restricts disclosure to the Court, the Office of the United States Trustee or the Movant's professionals, or the use of such documents in any proceeding before the Court, subject to any application to file them under seal.

10. All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the parties of the argument date.

11. This Order is without prejudice to the right of the Movant to seek further discovery pursuant to Fed. R. Bankr. P. 2004 or otherwise of the Discovery Parties or any other person or entity.

12. The terms and conditions of this Order shall be effective immediately and enforceable upon entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# SCHEDULE A

## MODIFIED REQUESTS FOR THE PRODUCTION OF DOCUMENTS

### Definitions

**"Debtor"** means Metered Appliances Inc.

**"Petition Date"** means September 9, 2025.

**"Conversion Date"** means August 19, 2026.

**"Service Date"** means the date on which the subpoena is served on the Discovery Party to whom it is directed.

**"Discovery Parties"** means Norman Orner and Leonard ("Lenny") Orner, and "Discovery Party" means either of them.

**"Affiliated Entity"** means any corporation, limited liability company or other entity that is owned or controlled, in whole or in part, by either Discovery Party.

**"Debtor Location"** means any building or other premises at which the Debtor provided laundry equipment or laundry services at any time during the period from the Petition Date through the Conversion Date.

**"Documents"** and **"communications"** have the meanings set forth in Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York, and include e-mails and text messages.

Each Modified Request calls only for documents in the possession, custody or control of the Discovery Party to whom the subpoena is directed. Documents withheld on the basis of privilege shall be identified on a privilege log as provided in the Order. A document produced in response to one Modified Request need not be produced again in response to another.

### Modified Requests

1. All communications from the Petition Date through the Service Date between either Discovery Party or any Affiliated Entity, on the one hand, and any owner, manager or agent of a Debtor Location, on the other hand, concerning (a) the provision of laundry equipment or laundry services at that Debtor Location by any person other than the Debtor, or (b) the lease, license or other agreement under which the Debtor provided laundry equipment or laundry services at that Debtor Location.

2. Documents sufficient to show all funds collected by either Discovery Party or any Affiliated Entity from laundry equipment at any Debtor Location from the Conversion Date through the Service Date, including, to the extent reflected in existing documents, the location, the date and amount of each collection, and the account into which the funds were deposited.

3. Non-privileged documents provided by either Discovery Party to Charles Wertman, Esq. after the Conversion Date concerning the Debtor's property, including its equipment, funds, bank accounts, website, telephone number, and leases or license agreements.

4. Invoices, statements and payment records for the hosting, domain registration and maintenance of the Debtor's website, meteredappliances.com, from the Petition Date through the Service Date.

5. Bills and payment records for the telephone service provided in connection with telephone number (718) 426-6717 from the Conversion Date through the Service Date.

6. Any lease agreement, including any amendment, extension or assignment thereof, between the Debtor and the landlord of the premises occupied by the Debtor at 1017 Merrick Road, Baldwin, New York, in effect at any time from January 1, 2022 through the Service Date.

7. Copies of rent checks issued by the Debtor to the landlord of the premises occupied by the Debtor at 1017 Merrick Road, Baldwin, New York, from January 1, 2022 through the Service Date, to the extent not included in the statements produced in response to Modified Request 10.

8. Copies of checks issued by the Debtor to Norman Orner from January 1, 2022 through the Service Date, to the extent not included in the statements produced in response to Modified Request 10.

9. Copies of checks issued by the Debtor to Leonard ("Lenny") Orner from January 1, 2022 through the Service Date, to the extent not included in the statements produced in response to Modified Request 10.

10. Statements for each bank account maintained in the name of the Debtor from January 1, 2022 through the Service Date, including images of negotiated checks to the extent included in the statements or otherwise in the possession, custody or control of the Discovery Parties.

11. Statements for each credit-card account maintained in the name of the Debtor from January 1, 2022 through the Service Date.