UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

Chapter 7

METERED APPLIANCES INC.,

Case No. 8-25-73481-ajb

Debtor.
-----------------------------------------------------------x

**STIPULATION AND ORDER RESOLVING TRUSTEE'S APPLICATION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING THE SERVICE OF SUBPOENAS UPON NORMAN ORNER AND LENNY ORNER, AND THE OBJECTION THERETO**

This stipulation and order (the "Stipulation and Order") is entered into by and between Allan B. Mendelsohn, the chapter 7 trustee (the "Trustee") of the estate of Metered Appliances Inc. (the "Debtor"), and Norman Orner and Leonard ("Lenny") Orner (together, the "Discovery Parties" and, with the Trustee, the "Parties"), through their undersigned counsel.

WHEREAS, on September 9, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, by order dated August 19, 2026 (the "Conversion Date"), the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code, and Allan B. Mendelsohn was appointed interim trustee and thereafter qualified as the permanent trustee of the Debtor's estate; and

WHEREAS, on October 8, 2026, the Trustee filed an application [ECF No. 125] (the "Application") for an order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the issuance of subpoenas directing the Discovery Parties to produce the documents described on the schedule annexed to the Application [ECF No. 125-2]

(the "Original Requests") and to appear for oral examination, which Application is scheduled to be heard on November 4, 2026 at 11:00 a.m.; and

WHEREAS, on October 21, 2026, the Discovery Parties filed an objection to the Application [ECF No. 130] (the "Objection"); and

WHEREAS, the Discovery Parties do not oppose being examined pursuant to Bankruptcy Rule 2004 or producing the Debtor's books and records in their possession, custody or control, and the Parties have conferred and agreed to resolve the Application and the Objection on the terms set forth below, without the need for a hearing;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the Parties, through their undersigned counsel, and upon the Court's approval of this Stipulation and Order, **IT IS ORDERED** that:

1. Resolution. The Application is granted to the extent set forth herein. Upon entry of this Stipulation and Order, the Objection shall be deemed resolved, and the hearing on the Application scheduled for November 4, 2026 at 11:00 a.m. shall be marked off the Court's calendar.

2. Examinations. The Trustee is authorized, pursuant to Bankruptcy Rule 2004, to conduct an oral examination, under oath, of each of the Discovery Parties concerning the matters described in Bankruptcy Rule 2004(b). Unless otherwise agreed by the Parties or ordered by the Court, the examination of each Discovery Party shall be limited to one day of not more than seven (7) hours of testimony.

3. Subpoenas. The Trustee is authorized, pursuant to Bankruptcy Rule 9016, to issue subpoenas to the Discovery Parties for the production of documents responsive to the Original Requests, as modified in Schedule A annexed hereto (the "Modified Requests"), and for attendance

at the examinations, without prejudice to the right of the Discovery Parties to object in accordance with the applicable rules to the extent not resolved herein. Each subpoena shall annex Schedule A in place of the schedule annexed to the Application. Counsel for the Discovery Parties is authorized to accept, and shall accept, service of the subpoenas, the Application and this Stipulation and Order on behalf of the Discovery Parties by electronic mail to joseph@lawbalisok.com.

4. Production. Unless otherwise agreed by the Parties or ordered by the Court, the Discovery Parties shall produce documents (including electronically stored information) in their possession, custody or control responsive to the Modified Requests not later than thirty (30) days after service of the subpoena, the Application and a copy of this Stipulation and Order. Responsive documents shall be delivered to the Trustee's counsel, The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787, to the attention of Fred S. Kantrow, Esq., or by such electronic means as the Trustee's counsel may accept. The Discovery Parties shall conduct a reasonable search for responsive documents, but shall not be required to create documents that do not exist or to obtain documents from third parties. A document produced in response to one Modified Request need not be produced again in response to another, and documents already in the possession of the Trustee need not be produced again if the Discovery Parties identify them with reasonable specificity.

5. Examination Dates. The Discovery Parties shall appear for the examinations at the office of The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787, on dates agreed by the Parties, which, unless otherwise agreed by the Parties or ordered by the Court, shall be not earlier than fourteen (14) days after the Discovery Parties complete their production and not later than forty-five (45) days after service of the subpoena, the Application and a copy of this Stipulation and Order.

6. Privilege. The Discovery Parties acknowledge that the attorney-client privilege of the Debtor is controlled by the Trustee. No document provided by either Discovery Party to Charles Wertman, Esq., and no testimony concerning communications between either Discovery Party and Mr. Wertman, shall be withheld on the basis of any privilege, and no privilege log shall be required with respect to any such document. Communications between the Discovery Parties and their undersigned counsel, Balisok & Kaufman, PLLC, that were not provided to Mr. Wertman or to any other third party are not called for by the Modified Requests. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the production of any document pursuant to this Stipulation and Order shall not constitute a waiver of any privilege or protection in any other federal or state proceeding.

7. Electronically Stored Information. Prior to conducting an electronic search for responsive documents, the Discovery Parties shall meet and confer with the Trustee's counsel to attempt to agree on appropriate custodians, data sources, date ranges and search terms. Unless otherwise agreed by the Parties or ordered by the Court, the Discovery Parties shall not be required to forensically image any device, to restore deleted data, or to search backup media or other sources that are not reasonably accessible because of undue burden or cost.

8. Redactions. The Discovery Parties may redact their Social Security numbers and dates of birth, and all but the last four digits of the account numbers of their personal financial accounts, from documents produced, but shall not redact the account number of any account maintained in the name of the Debtor.

9. Reservation of Rights. Nothing in this Stipulation and Order shall constitute or be deemed (a) an admission by either Discovery Party of any allegation or characterization contained in the Application or in any adversary proceeding or contested matter commenced by the Trustee;

(b) a waiver of any right or privilege of either Discovery Party under the Fifth Amendment to the United States Constitution, all of which are expressly reserved; or (c) a waiver of any right, claim, defense or objection of either Discovery Party in any such adversary proceeding or contested matter, including with respect to the scope and manner of discovery therein. The Trustee reserves all rights, claims and remedies against the Discovery Parties and any other person or entity, including the right to seek relief from the Court with respect to any assertion of privilege.

10. Disputes. All disputes concerning the subpoenas, including objections thereto, that are not resolved by agreement of the Parties may be raised only by letter brief to the Court not exceeding five pages, single spaced. The other party shall file a responsive letter brief within three business days, which shall not exceed five pages, single spaced. Copies of such letter briefs shall also be emailed to the Court's chambers. After reviewing the letter briefs, the Court will determine whether argument will be heard and, if so, advise the Parties of the argument date.

11. Further Discovery. This Stipulation and Order is without prejudice to the right of the Trustee to seek further discovery pursuant to Bankruptcy Rule 2004 or otherwise of the Discovery Parties or any other person or entity, and to the right of the Discovery Parties to oppose any such request.

12. Execution. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one instrument, and signatures transmitted by electronic mail in portable document format (PDF) shall be deemed original signatures. Each of the undersigned counsel represents that he is authorized to execute this Stipulation and Order on behalf of his respective clients.

13. Effectiveness and Jurisdiction. This Stipulation and Order shall become effective and enforceable upon its entry by the Court. The Court retains jurisdiction with respect to all

matters arising from or related to the implementation, interpretation and enforcement of this Stipulation and Order.

Dated: Smithtown, New York
October 28, 2026

THE KANTROW LAW GROUP, PLLC
*Attorneys for Allan B. Mendelsohn, Chapter 7 Trustee*

By: /s/ Fred S. Kantrow
Fred S. Kantrow, Esq.
732 Smithtown Bypass, Suite 101
Smithtown, New York 11787
(516) 703-3672
fkantrow@thekantrowlawgroup.com

Dated: Brooklyn, New York
October 28, 2026

BALISOK & KAUFMAN, PLLC
*Attorneys for Norman Orner and Leonard ("Lenny") Orner*

By: /s/ Joseph Y. Balisok
Joseph Y. Balisok, Esq.
251 Troy Avenue
Brooklyn, New York 11213
(718) 928-9607
joseph@lawbalisok.com

**SO ORDERED:**

Dated: Central Islip, New York
____________, 2026

___________________________________
HON. ALICE J. BYOWITZ
UNITED STATES BANKRUPTCY JUDGE

## SCHEDULE A

## MODIFIED REQUESTS FOR THE PRODUCTION OF DOCUMENTS

### Definitions and Instructions

**"Debtor"** means Metered Appliances Inc.

**"Petition Date"** means September 9, 2025.

**"Conversion Date"** means August 19, 2026.

**"Service Date"** means the date on which the subpoena is served on the Discovery Party to whom it is directed.

**"Discovery Parties"** means Norman Orner and Leonard ("Lenny") Orner, and "Discovery Party" means either of them.

**"Affiliated Entity"** means any corporation, limited liability company or other entity owned or controlled, in whole or in part, by either Discovery Party.

**"Debtor Location"** means any building or premises at which the Debtor provided laundry equipment or laundry services at any time from the Petition Date through the Conversion Date.

**"Document"** and **"communication"** have the meanings set forth in Local Civil Rule 26.3 of the United States District Court for the Eastern District of New York, and "correspondence" includes e-mails and text messages.

Each Modified Request calls for documents in the possession, custody or control of the Discovery Party to whom the subpoena is directed. Privilege and redaction are governed by paragraphs 6 and 8 of the Stipulation and Order. A document produced in response to one Modified Request need not be produced again in response to another.

### Modified Requests

1. All correspondence sent or received by either Discovery Party or any Affiliated Entity from the Petition Date through the Service Date pursuant to which a request or offer has been conveyed to any entity, person or party to provide services similar to those provided by the Debtor prior to the Conversion Date, including laundry equipment or laundry services, together with any responses thereto.

2. Documents sufficient to show all funds collected by either Discovery Party or any Affiliated Entity from laundry equipment at any Debtor Location from the Conversion Date through the Service Date, including, to the extent reflected in existing documents, the location, the date and amount of each collection, and the disposition of the funds, including the account into which they were deposited.

3. All documents provided by either Discovery Party to Charles Wertman, Esq. regarding the Debtor and its business after the Conversion Date.

4. Invoices for website services for the website maintained by the Debtor (meteredappliances.com) from the Petition Date through the Service Date.

5. Telephone bills for the telephone service provided in connection with telephone number (718) 426-6717 from the Conversion Date through the Service Date.

6. Any lease agreement, including any amendment, extension or assignment thereof, between the Debtor and the landlord for the space occupied by the Debtor at 1017 Merrick Road, Baldwin, New York, in effect at any time from January 1, 2022 through the Service Date.

7. Rent checks issued by the Debtor to the landlord for the space occupied by the Debtor at 1017 Merrick Road, Baldwin, New York, from January 1, 2022 through the Service Date, to the extent not included with the statements produced in response to Modified Request 10.

8. All checks issued by the Debtor to Norman Orner, for any purpose, from January 1, 2022 through the Service Date, to the extent not included with the statements produced in response to Modified Request 10.

9. All checks issued by the Debtor to Leonard ("Lenny") Orner, for any purpose, from January 1, 2022 through the Service Date, to the extent not included with the statements produced in response to Modified Request 10.

10. Statements for each bank account maintained in the name of the Debtor from January 1, 2022 through the Service Date, including legible copies of all negotiated checks to the extent in the possession, custody or control of the Discovery Parties.

11. Statements for each credit-card account maintained in the name of the Debtor from January 1, 2022 through the Service Date.