**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re: Case No. 25-73481 (ajb)
Chapter 7

**METERED APPLIANCES INC.,**
Debtor.
---------------------------------------------------------x

**RESPONSE OF CHARLES WERTMAN AND THE LAW OFFICES OF CHARLES WERTMAN P.C. TO THE CHAPTER 7 TRUSTEE'S MOTION TO COMPEL AND FOR SANCTIONS [ECF NO. 124], AND STATEMENT OF POSITION ON PRODUCTION UNDER RULE 2004 [ECF NO. 123]**

TO THE HONORABLE ALICE J. BYOWITZ,
UNITED STATES BANKRUPTCY JUDGE:

Charles Wertman and the Law Offices of Charles Wertman P.C. (together, "Former Counsel"), chapter 11 counsel to Metered Appliances Inc. (the "Debtor") prior to conversion, respectfully submit this response to the motion of Allan B. Mendelsohn, the chapter 7 trustee (the "Trustee"), to compel the Debtor's compliance with the Court's order of August 19, 2026 and for sanctions [ECF No. 124] (the "Compel Motion"), and state their position on production under the Rule 2004 relief granted on the Trustee's motion [ECF No. 123] (the "2004 Motion"), as follows:

## PRELIMINARY STATEMENT

1. The Compel Motion is directed to the Debtor. By its terms it seeks to compel the Debtor's compliance with the order converting this case [ECF No. 88] (the "Conversion Order"), and sanctions for the Debtor's continued non-compliance. Former Counsel does not read it to seek relief against Former Counsel, and submits this response only so that the record is clear on that point and so that no relief is entered against Former Counsel without notice and an opportunity to be heard.

2. Former Counsel did not object to the 2004 Motion and does not assert the Debtor's attorney-client privilege against the Trustee. On conversion to chapter 7, control of the Debtor's privilege passed to the Trustee, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 358 (1985), and Former Counsel will produce its file concerning its representation of the Debtor. Former Counsel objects only to the limited categories identified below, none of which rests on the Debtor's privilege, and asks that the order on the 2004 Motion reflect those limits.

**BACKGROUND**

3. This case was converted from chapter 11 to chapter 7 by the Conversion Order dated August 19, 2026. The Trustee was appointed thereafter.

4. By letter dated September 28, 2026, the Trustee's counsel made several demands. Those directed to Former Counsel concerned turnover of Former Counsel's file and information about Former Counsel's professional liability coverage, which are the subject of the 2004 Motion. The demand concerning the schedule of unpaid post-petition debts under Fed. R. Bankr. P. 1019(5) was expressly directed to the Debtor, and the letter demanded that the Debtor cure that deficiency.

5. The Trustee filed the Compel Motion on October 8, 2026. The docket describes it as a motion to compel the Debtor's compliance with the Conversion Order and for sanctions for continued non-compliance with that order. At the hearing on November 4, 2026 the Compel Motion was adjourned to November 23, 2026 at 10:30 a.m.

6. Since the adjournment, counsel for the Debtor's principals, Norman Orner and Leonard Orner, asked the Trustee for an itemized list of what he requires. On November 9, 2026 the Trustee identified his immediate needs as the keys, passcodes, card readers and access

information for each equipment location, itemized by location, and the keys, registrations and certificates of title for the Debtor's vehicles. The principals delivered materials to the Trustee's counsel, and on November 16, 2026 the Trustee's counsel advised that the delivery was a good starting point, while reserving the right to request more. Each of those items is an asset or record of the Debtor in the possession of the Debtor and its principals. None of them is, or ever was, in Former Counsel's possession.

**RESPONSE TO THE COMPEL MOTION**

7. The obligations the Trustee seeks to enforce belong to the Debtor. Rule 1019(5) places the duty to file the schedule of unpaid post-petition debts on the debtor in possession, and the turnover and cooperation duties under 11 U.S.C. § 521(a)(3) and (4) run to the debtor. The Conversion Order likewise directs the Debtor. Former Counsel is not the Debtor, is not the custodian of the Debtor's books, records or property, and has never controlled the Debtor's operations.

8. No sanction may be imposed on Former Counsel on this motion. A motion for contempt is a contested matter governed by Fed. R. Bankr. P. 9014, see Fed. R. Bankr. P. 9020, and relief against a person requires that the person be named and given notice of the relief sought against it. A party may be held in civil contempt only where the order is clear and unambiguous, the proof of non-compliance is clear and convincing, and the party has not diligently attempted to comply. *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). The Compel Motion is directed to the Debtor and does not identify any provision of the Conversion Order that Former Counsel was directed to perform. To the extent the Compel Motion, or any reply, could be read to seek sanctions against Former Counsel, Former Counsel opposes that relief and reserves the right to be heard on it on proper notice.

9. Former Counsel has cooperated with the Trustee and will continue to do so. On August 31, 2026, Former Counsel forwarded the Debtor's building agreements to the Trustee and his counsel by email. The Debtor's schedule of unpaid post-petition debts under Rule 1019(e) will be filed on or before November 23, 2026, from information supplied by the Debtor's principals.

**POSITION ON PRODUCTION UNDER THE 2004 MOTION**

10. Because the Debtor's privilege now belongs to the Trustee, Former Counsel will produce its file concerning its representation of the Debtor, including its communications with the Debtor, without asserting the Debtor's privilege. Former Counsel will withhold only the categories identified below, which rest on interests that are not the Debtor's: Former Counsel's own internal law office documents, and communications with the Debtor's principals in their individual capacities. Every document withheld on either ground will be identified on a privilege log. Former Counsel also objects to the scope of the insurance request, and to requests for documents it does not possess or that are already available to the Trustee, as set out below, and asks that the order on the 2004 Motion so provide.

11. Internal law office documents. A former client's presumptive right of access to its attorney's file does not extend to firm documents intended for internal law office review and use, such as an attorney's assessment of the client, or tentative impressions of the legal or factual issues recorded to give internal direction in the representation. *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30, 37 (1997). Former Counsel will withhold only documents within that exception and will identify each of them on a privilege log.

12. Communications with the principals in their individual capacities. The Trustee does not control any privilege belonging to Norman Orner or Leonard Orner individually. The

principals are separately represented and have resolved the Trustee's 2004 motion directed to them by stipulation [ECF Nos. 132, 133]. Former Counsel will log any communication withheld on this basis so that the principals' counsel may assert or waive the privilege and, if necessary, the Court may decide it.

13. Insurance. Former Counsel will provide the declarations page of its professional liability policy, which identifies the insurer, the policy period and the limits, designated confidential and for use only in this case. That answers the only question relevant to the administration of the estate, which is whether coverage exists and in what amount. The full policy, the application and Former Counsel's communications with its carrier and broker go beyond that question, and the latter were prepared in anticipation of litigation. Should the Trustee commence an adversary proceeding against Former Counsel, the policy will be disclosed as Fed. R. Civ. P. 26(a)(1)(A)(iv) requires.

14. Documents Former Counsel does not have. Many of the Trustee's requests are for the Debtor's business records, bank records, keys, access information, titles and similar materials. Those are held by the Debtor and its principals, not by its attorney, and Former Counsel cannot produce what it does not possess. Former Counsel will state in writing, as to each such category, that it has no responsive documents beyond those in its file.

15. Documents already available to the Trustee. Documents filed on the docket in this case, and documents Former Counsel or the principals have already delivered to the Trustee, need not be produced again.

16. Former Counsel proposes rolling production of the file within 21 days after entry of the order on the 2004 Motion, with the privilege log served at the same time.

## RESERVATION OF RIGHTS

17. Former Counsel reserves all rights, claims and defenses, including with respect to any claim the Trustee may assert against Former Counsel. Nothing in this response is a waiver of any privilege or protection.

WHEREFORE, Former Counsel respectfully requests that the Court (a) deny the Compel Motion to the extent it seeks any relief against Former Counsel; (b) provide in the order on the 2004 Motion for the limits on production set forth above; and (c) grant such other and further relief as is just.

Dated: Rockville Centre, New York
November 16, 2026

LAW OFFICES OF CHARLES WERTMAN P.C.

By: /s/ Charles Wertman
Charles Wertman, Esq.
100 Merrick Road, Suite 304W
Rockville Centre, New York 11570
Tel. (516) 284-0900
charles@cwertmanlaw.com
Pro se and as attorneys for the Law Offices of Charles Wertman P.C.

**CERTIFICATE OF SERVICE**

I, Charles Wertman, certify that on November 16, 2026, I caused the foregoing Response of Charles Wertman and the Law Offices of Charles Wertman P.C. to the Chapter 7 Trustee's Motion to Compel and for Sanctions [ECF No. 124], and Statement of Position on Production under Rule 2004 [ECF No. 123], to be filed electronically through the Court's CM/ECF system, which sent notice of the filing to all parties registered to receive electronic notice in this case, and to be served by email on the following:

Fred S. Kantrow, Esq., The Kantrow Law Group, PLLC, 732 Smithtown Bypass, Suite 101, Smithtown, New York 11787 (fkantrow@thekantrowlawgroup.com), counsel to the Chapter 7 Trustee;

Allan B. Mendelsohn, Esq., Chapter 7 Trustee (amendelsohn@amendelsohnlaw.com);

Joseph Y. Balisok, Esq., Balisok & Kaufman, PLLC, 251 Troy Avenue, Brooklyn, New York 11213 (joseph@lawbalisok.com), counsel to Norman Orner and Leonard Orner; and

Office of the United States Trustee, Attn: William J. Birmingham, Esq. (william.birmingham@usdoj.gov).

Dated: Rockville Centre, New York
November 16, 2026

/s/ Charles Wertman
Charles Wertman